ADR E-FILING 

1  Bingham McCutchen LLP
   GREGORY LIPPETZ (SBN 154228)
2  Three Embarcadero Center
   San Francisco, CA 94111-4067
3  Telephone: (415) 393-2000
   Facsimile: (415) 393-2286
4  gregory.lippetz@bingham.com

5  Bingham McCutchen LLP
   RICHARD S. TAFFET
6  (NY SBN 1721182, *pro hac* application pending)
   399 Park Avenue
7  New York, NY 10022-4689
   Telephone: (212) 705-7000
8  Facsimile: (212) 752-5378
   richard.taffet@bingham.com
9
   Attorneys for Plaintiff
10 SANDISK CORPORATION

ORIGINAL FILED

JUL 1 3 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SANDISK CORPORATION,

    Plaintiff,

v.

LUCENT TECHNOLOGIES INC. and
ALCATEL-LUCENT, S.A.,

    Defendants.

No.

**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY**

C07 03618 BZ

    Plaintiff SanDisk Corporation ("SanDisk"), by its undersigned attorneys, alleges upon personal knowledge as to itself and otherwise upon information and belief, as follows:

    1.    SanDisk is in the business of designing, manufacturing and marketing data storage products using high density flash memory and controller technology. SanDisk manufactures, markets and sells digital music players as part of its ongoing business.

    2.    SanDisk's digital music players are compatible with various file formats, including compressed music file formats commonly referred to as "MP3" and "WMA."

A/72073109.1

3. Lucent Technologies Inc. and Alcatel-Lucent, S.A. (collectively, "Lucent") have asserted two patents against SanDisk's digital music players, U.S. Patent No. 5,341,457 ("the '457 patent") and U.S. Patent No. RE39,080 ("the '080 patent") (collectively, the "patents-in-suit").

4. SanDisk asserts that it has the right to manufacture and sell its digital music players without a license from Lucent for either the '457 or '080 patents, and that Lucent's assertion of the patents with regard to SanDisk's digital music players is without basis.

## NATURE OF THE ACTION

5. SanDisk seeks a declaratory judgment of patent non-infringement and invalidity in connection with the '457 and '080 patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. SanDisk seeks such declarations because an actual case and controversy exists regarding whether SanDisk's digital music players infringe the patents requiring SanDisk to obtain a license from Lucent for the practice of the inventions claimed by the patents-in-suit. Notwithstanding SanDisk's denial of infringement, and the consequent absence of any need to obtain a license from Lucent, and the invalidity of the patents-in-suit, Lucent has not withdrawn its assertion of the patents against SanDisk's digital music players.

6. SanDisk further seeks injunctive and such other relief as the Court deems warranted to address the improper assertion of the patents-in-suit against SanDisk, its affiliates or its customers.

## THE PARTIES

7. Plaintiff SanDisk is a Delaware corporation with its principal place of business in Milpitas, California.

8. Defendant Lucent Technologies Inc. is a Delaware corporation, with its principal place of business in Murray Hill, New Jersey and offices throughout the United States, including California.

9. Defendant Alcatel-Lucent, S.A. is a corporation organized under the laws of the Republic of France, with executive offices in Paris, France, and a North American regional

A/72073109.1            2

1  executive office in Murray Hill, New Jersey. As of November 30, 2006, Lucent Technologies
2  Inc. is a wholly owned subsidiary of Alcatel-Lucent, S.A. Lucent does substantial business in,
3  and has general and systematic contacts with this judicial district.

## JURISDICTION

5  10.  The claims alleged below are brought under the patent laws of the United
6  States, 35 U.S.C. §§ 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and
7  2202. This Court has subject matter jurisdiction over the patent law claims under 28 U.S.C. §§
8  1331, 1338(a), and 2201(a).

## INTRADISTRICT ASSIGNMENT

10  11.  Venue is proper in this division, pursuant to 28 U.S.C. §§ 1391(b) and (c),
11  and 1400(b) and Local Rule 3-2(c), because a substantial part of the actions, statements, and
12  threats giving rise to the claims took place in Santa Clara County.

## GENERAL ALLEGATIONS

14  12.  The '457 patent is entitled "Perceptual Coding of Audio Signals," and
15  issued on August 23, 1994. The inventors named on the '457 patent are Joseph L. Hall, II and
16  James D. Johnston.

17  13.  The '080 patent is entitled "Rate Loop Processor For Perceptual
18  Encoder/Decoder," and issued on April 25, 2006. The '080 patent issued from Reissue
19  Application No. 10/218232, which was based on United States Patent No. 5,627,938 ("the '938
20  patent"), which was granted on May 6, 1997. The inventor named on the '080 patent is James D.
21  Johnston.

22  14.  Lucent asserts ownership of the '457 and '080 patents.

23  15.  Lucent has engaged in and pursued litigation involving claims of patent
24  infringement by other parties in connection with the '457 and '080 patents. SanDisk is informed
25  and believes, and on that basis alleges, that Lucent asserted the '457 and '938 patents against
26  Dolby Laboratories Inc., Dolby Laboratories Licensing Corporation, and their customers. In
27  2001, Dolby Laboratories, Inc. and Dolby Laboratories Licensing Corporation commenced suit
28  against Lucent seeking declaratory judgments of non-infringement and invalidity of the '457 and

A/72073109.1                                   3

1  '938 patents (*Dolby Labs. v. Lucent Tech., Inc.*, Case No. 5:01-cv-20709 (N.D. Cal.)). Lucent
2  counterclaimed against the Dolby parties for infringement. On April 22, 2005, the United States
3  District Court for the Northern District of California (San Jose Division) granted summary
4  judgment of non-infringement with respect to both the '457 and '938 patents. On October 10,
5  2006, the Court of Appeals for the Federal Circuit affirmed the District Court's judgment. *Dolby*
6  *Labs. v. Lucent Tech., Inc.*, 202 Fed. Appx. 459, 2006 WL 3026384 (Fed. Cir. Oct. 10, 2006).

7  16.  In 2002 and 2003, Lucent commenced infringement actions against
8  various third parties, including Dell, Inc. and Gateway, Inc., in connection with certain patents,
9  including those directed to the encoding and decoding of audio and video data. In addition,
10 Microsoft Corporation sued Lucent for a declaration of non-infringement and invalidity in
11 connection with, *inter alia*, the '457 and '938 patents in the United States District Court for the
12 Southern District of California. Lucent counterclaimed in that suit, alleging infringement of the
13 '457 and '938 patents, among others. The *Gateway, Dell* and *Microsoft* cases were consolidated.
14 *Lucent Tech., Inc. v. Gateway, Inc.*, Case No. 3:02-cv-02060 (S.D. Cal.). A jury verdict in that
15 case issued on February 22, 2007, finding that Microsoft's Windows Media Player product
16 infringed certain claims of the '457 patent and the '080 patent (a reissue of the '938 patent).

17 17.  On May 11, 2007, Lucent asserted the '457 and '080 patents against
18 SanDisk. Specifically, Lucent identified twenty-four SanDisk digital music players that Lucent
19 alleged require a license to these patents. These twenty-four models comprise virtually all of the
20 digital music players offered for sale by SanDisk.

21 18.  By communication dated June 5, 2007, SanDisk asked Lucent if it was
22 asserting infringement of specific claims of the '457 and '080 patents, and, if so, to inform
23 SanDisk so that SanDisk could investigate the allegations.

24 19.  By response dated June 12, 2007, Lucent identified specific claims of the
25 '457 and '080 patents, and did so by referencing the Microsoft litigation in which the '457 and
26 '080 patents were asserted and held to be infringed. Further, Lucent sought a July 26, 2007
27 meeting for the parties to review license terms and conditions.

28

A/72073109.1                                      4

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY

1   20.   SanDisk has advised Lucent that its digital music players do not infringe
the '457 or '080 patents, and therefore there is no need for SanDisk to obtain a license from
Lucent in connection therewith.

21.   Lucent's assertion of its '457 and '080 patents against SanDisk's digital music players, specifically in the context of its litigation strategy and conduct related to such patents, has created a reasonable apprehension of an imminent suit against SanDisk, which significantly threatens SanDisk's ongoing business of marketing and selling digital music players.

22.   Under all of the circumstances described above, a controversy exists between SanDisk and Lucent such that the issuance of a declaratory judgment is warranted under 28 U.S.C. §§ 2201(a) and 2202 so that SanDisk may ascertain its legal rights regarding its digital music players.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Non-infringement of the '457 Patent)

23.   SanDisk repeats and realleges, as though fully set forth, the allegations contained in paragraphs 1 through 22 above.

24.   SanDisk markets and sells – and continues to market and sell – its digital music players accused by Lucent to infringe the '457 patent.

25.   Lucent has asserted that, because SanDisk's digital music players infringe the '457 patent, SanDisk should take a license to the '457 patent to continue to market and sell its digital music players.

26.   Neither SanDisk nor any SanDisk product infringes or has infringed any claim of the '457 patent. SanDisk is neither contributing to nor inducing the infringement of any claim of the '457 patent. SanDisk has never contributed to nor induced the infringement of any such claim.

27.   Under all relevant circumstances, there is a substantial controversy between SanDisk and Lucent in connection with SanDisk's alleged infringement of the '457 patent, and the parties have adverse legal interests in connection therewith.

A/72073109.1                                 5

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY

28. SanDisk therefore requests a declaration from the Court finding that it has not infringed and is not now infringing – either directly, indirectly, literally or under the doctrine of equivalents – the '457 patent.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity Re the '457 Patent)

29. SanDisk repeats and realleges, as though fully set forth, the allegations contained in paragraphs 1 through 28 above.

30. Certain, if not all, of the claims of the '457 patent are invalid for failure to satisfy the conditions and requirements for patentability under one or more of 35 U.S..C. §§ 101, 102, 103, 112, and 120, and SanDisk requests a declaration of the Court so finding.

31. The differences between the subject matter purportedly covered by the '457 patent and the prior art on encoding and decoding audio data and related technology are such that the subject matter of the '457 patent as a whole would have been obvious within the meaning of 35 U.S.C. § 103(a).

32. SanDisk therefore requests a declaration from the Court finding that the '457 patent is invalid.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment of Non-infringement of the '080 Patent)

33. SanDisk repeats and realleges, as though fully set forth, the allegations contained in paragraphs 1 through 32 above.

34. SanDisk markets and sells – and continues to market and sell – its digital music players accused by Lucent to infringe the '080 patent.

35. Lucent asserts that, because SanDisk's digital music players infringe the '080 patent, SanDisk should take a license to the '080 patent to permit SanDisk to continue to market and sell its digital music players.

36. Neither SanDisk nor any SanDisk product infringes or has infringed any claim of the '080 patent. SanDisk is neither contributing to nor inducing the infringement of any

1  claim of the '080 patent. SanDisk has never contributed to nor induced the infringement of any
2  such claim.

3           37.     Under all relevant circumstances, there is a substantial controversy
4  between SanDisk and Lucent in connection with SanDisk's alleged infringement of the '080
5  patent, and the parties have adverse legal interests in connection therewith.

6           38.     SanDisk therefore requests a declaration from the Court finding that it has
7  not infringed and is not now infringing – either directly, indirectly, literally or under the doctrine
8  of equivalents – the '080 patent.

9                            **FOURTH CLAIM FOR RELIEF**
10                    **(Declaratory Judgment of Invalidity Re the '080 Patent)**

11          39.     SanDisk repeats and realleges, as though fully set forth, the allegations
12 contained in paragraphs 1 through 38 above.

13          40.     Certain, if not all, of the claims of the '080 patent are invalid for failure to
14 satisfy the conditions and requirements for patentability under one or more of 35 U.S.C. §§ 101,
15 102, 103, 112, and 120, and SanDisk requests a declaration of the Court so finding.

16          41.     The differences between the subject matter purportedly covered by the
17 '080 patent and the prior art on encoding and decoding audio data and related technology are
18 such that the subject matter of the '080 patent as a whole would have been obvious within the
19 meaning of 35 U.S.C. § 103(a).

20          42.     SanDisk therefore requests a declaration from the Court finding that the
21 '080 patent is invalid.

22                            **FIFTH CLAIM FOR RELIEF**
23                            **(Declaratory Judgment of License)**

24          43.     SanDisk repeats and realleges, as though fully set forth, the allegations
25 contained in paragraphs 1 through 42 above.

26          44.     SanDisk and Thomson Licensing ("Thomson") are parties to a license
27 agreement with respect to certain MPEG Layer-3 audio coding technology. Upon information
28

1   and belief, Thomson acquired the right to sublicense certain patents and patent applications from
2   Fraunhofer Gesellschaft zur Förderung der Angewandten Forschung e.V. ("Fraunhofer").
3         45.   SanDisk's license agreement with Thomson includes the right to use the
4   '080 patent.
5         46.   SanDisk therefore requests that the Court declare that SanDisk and its
6   affiliates are licensed to practice the '080 patent through its license agreement with Thomson.

## PRAYER FOR RELIEF

WHEREFORE, SanDisk prays for judgment as follows:

1.  For a declaration that SanDisk has not infringed, induced others to infringe or contributed to infringement of any of the claims of United States Patent No. 5,341,457;

2.  For a judicial determination and declaration that United States Patent No. 5,341,457 is invalid, in whole or in part;

3.  For a declaration that SanDisk has not infringed, induced others to infringe or contributed to infringement of any of the claims of United States Patent No. RE39,080;

4.  For a judicial determination and declaration that United States Patent No. RE39,080 is invalid, in whole or in part;

5.  For a declaration that SanDisk is licensed to practice United States Patent No. RE39,080;

6.  For an injunction prohibiting defendants Lucent Technologies Inc. and Alcatel-Lucent, S.A., their officers, agents, servants, employees, and other representatives, and all persons in active concert or participation with any of them, from charging infringement of, or instituting any action for alleged infringement of United States Patent Nos. 5,341,457 or RE39,080 against SanDisk or its affiliates, officers, agents, servants, employees, representatives or customers, whether direct or indirect;

7. For reasonable attorneys' fees and costs of suit; and

8. For such other and further relief as the Court deems just and equitable.

DATED: July 13, 2007

BINGHAM MCCUTCHEN LLP

By: _____
Gregory Lippetz
Attorneys for Plaintiff
SANDISK CORPORATION