Jenny N. Lee (Bar No. 247684)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104-1501
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Attorney for Defendants*
*Lucent Technologies Inc.*
*and Alcatel-Lucent, S.A.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| SANDISK CORPORATION, | Case No. C 07-03618 JF |
| Plaintiff, | |
| vs. | **DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE OR STAY PENDING RESOLUTION OF APPEAL IN RELATED CASE** |
| LUCENT TECHNOLOGIES INC. and ALCATEL-LUCENT, S.A., | |
| Defendants. | Date: December 21, 2007<br>Time: 9:00 a.m.<br>Courtroom: Courtroom 3, 5th Floor<br>Judge: Hon. Jeremy Fogel |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

    PLEASE TAKE NOTICE THAT on December 21, 2007, at 9:00 a.m., or as soon thereafter as counsel may be heard by the Court, located at the United States Courthouse, Courtroom 3, 5th Floor, 280 South First Street, San Jose, CA 95113, before the Honorable Jeremy Fogel, Defendants Lucent Technologies Inc. and Alcatel-Lucent, S.A., (collectively, "Defendants"), will and hereby do move to dismiss without prejudice, or in the alternative stay, this action brought by Plaintiff SanDisk Corporation ("SanDisk").

    As set forth more fully in the accompanying memorandum of points and authorities, Defendants' motion should be granted because the outcome of an appeal currently pending before the United States Court of Appeals for the Federal Circuit in Case No. 2007-1456, involving the same patents identified in SanDisk's declaratory judgment complaint here, will significantly reduce — and perhaps eliminate entirely — the issues to be litigated in this Court.

    Defendants' motion is based on this notice of motion, the accompanying memorandum of points and authorities, the Declaration of Michael P. Stadnick (filed concurrently under separate cover), the Proposed Order (filed concurrently under separate cover), all matters of which the Court may take judicial notice, and all other matters that may be brought to the Court's attention at or before the hearing on Defendants' motion to dismiss or stay.

## INTRODUCTION

In seeking declaratory relief from this Court, SanDisk alleges that a cognizable controversy exists between SanDisk and the Defendants concerning the infringement and validity of two Lucent patents. Even assuming that SanDisk's allegations suffice to support subject matter jurisdiction, discretionary dismissal or stay of this litigation is warranted because any case or controversy between the parties will be substantially narrowed — and perhaps resolved entirely — by an appeal currently pending before the Federal Circuit involving the same patents and the same audio-compression technology. Indeed, the Federal Circuit will review a ruling that — if undisturbed — would deprive Lucent of prudential standing even to pursue a claim for infringement of one of the patents-in-suit before this Court. As such, either form of relief requested by the Defendants will eliminate a significant potential for wasted effort in litigating issues that will be decided or mooted by the Federal Circuit.

## FACTUAL BACKGROUND

The two patents that SanDisk challenges in its declaratory judgment complaint — U.S. Patent No. 5,341,457 ("the '457 patent") and U.S. Patent No. RE 39,080 ("the '080 patent") — claim fundamental inventions used in a number of modern commercial audio-compression technologies. The '457 and '080 patents have been the subject of litigation on at least two prior occasions. Years ago, Lucent litigated an infringement dispute against Dolby Laboratories in this Court concerning an unrelated audio-compression technology called AC-3.[1] More recently, Lucent litigated an infringement dispute against Microsoft Corporation in the United States District Court for the Southern District of California concerning MP3 audio-compression technology. In the *Microsoft* litigation, Lucent obtained a jury verdict against Microsoft in February 2007. (*See* Declaration of Michael P. Stadnick In Support Of Defendants' Motion To Dismiss Or Stay (hereinafter "Stadnick Decl."), Ex. A).

---

[1] The Dolby litigation involved the '457 patent and U.S. Patent No. 5,627,938, the patent that ultimately reissued as the '080 patent.

In its complaint, SanDisk asserts declaratory judgment jurisdiction based on three alleged communications between SanDisk and the Defendants. First, SanDisk alleges that on May 11, 2007, after the *Microsoft* verdict, Lucent asserted that twenty-four SanDisk digital music players require a license to the '457 and '080 patents. (Complaint ¶ 17.) Second, SanDisk alleges that on June 5, 2007, SanDisk asked Lucent to identify specific asserted claims of the '457 and '080 patents. (Complaint ¶ 18.) Third, SanDisk alleges that on June 12, 2007, Lucent responded to SanDisk's inquiry by referencing the claims litigated in the *Microsoft* action, and requesting a meeting to discuss license terms. (Complaint ¶ 18.) SanDisk filed its complaint in this action a month later, on July 13, 2007.[2]

After SanDisk filed its declaratory judgment complaint, the district court issued final judgment in the *Microsoft* action based on post-trial motion practice. (*See* Stadnick Decl. Exs. B, C, D.) The *Microsoft* court held the '457 patent valid and enforceable, consistent with the jury verdict, but entered judgment of noninfringement. (*See* Stadnick Decl. Exs. C, D.) As for the '080 patent, the *Microsoft* court held the patent valid, enforceable, and infringed, but entered judgment in favor of Microsoft on the grounds that a third party, Fraunhofer, co-owns the patent, depriving Lucent of standing and providing Microsoft a license under a pre-existing agreement with Fraunhofer. (*See* Stadnick Decl. Exs. C, D.)

Both parties to the *Microsoft* action subsequently filed notices of appeal. (*See* Stadnick Decl. Exs. E, F.) The issues that Lucent will appeal include the judgments of co-ownership, lack of standing, and license as to the '080 patent, and the judgment of noninfringement as to the '457 patent. (*See* Stadnick Decl. Ex. E.) In addition, Microsoft has indicated that the issues it will raise on appeal include the proper claim construction, validity, and enforceability of both the '457 patent and '080 patent. (*See* Stadnick Decl. Ex. F.)

Because the issues on appeal in the Microsoft litigation largely overlap with — and may be dispositive of — the issues raised by SanDisk's declaratory judgment complaint, Lucent contacted

---

[2] Defendants dispute SanDisk's characterization of these three communications, but this Court need not address that dispute in resolving this motion.

SanDisk to propose a voluntary dismissal of this action without prejudice pending resolution of the *Microsoft* appeal. Lucent additionally agreed not to bring suit against SanDisk or its customers on the '457 or '080 patent in the interim, and to afford SanDisk an opportunity — upon the Federal Circuit's decision — to file a new declaratory judgment action before Lucent brings any action for infringement on the '457 or '080 patent. SanDisk, however, rejected Lucent's proposal, and instead demanded that Lucent stipulate to entry of judgment in SanDisk's favor based upon the district court's judgment in the *Microsoft* litigation.

## ARGUMENT

### A. The Exercise Of This Court's Discretion To Decline Jurisdiction Over SanDisk's Declaratory Judgment Action Is Warranted To Avoid Piecemeal and Potentially Unnecessary Litigation.

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Accordingly, "district courts have broad discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Id*. at 282. As such, concerns for judicial efficiency can alone support dismissal of an otherwise jurisdictionally sound declaratory judgment claim. *See id*. at 288 ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.").

These tenets of declaratory judgment jurisprudence apply equally in patent cases. Thus, in a dispute involving patents, "as long as the district court acts in accordance with the purposes of the Declaratory Judgment Act and the principles of sound judicial administration, the court has broad discretion to refuse to entertain a declaratory judgment action." *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813-14 (Fed. Cir. 1996); *see also Serco Serv. Co. v. L.P. & Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) ("[E]ven if a case satisfies the actual controversy requirement, there is no absolute right to a declaratory judgment, for the statute specifically entrusts courts with discretion to hear declaratory suits or not depending on the circumstances."). In each case, "[t]he court must make a

reasoned judgment whether the investment of time and resources will be worthwhile." *Serco*, 51 F.3d at 1039.

Here, this Court should exercise its discretion to dismiss this action in order to avoid a foreseeable and potentially vast waste of judicial resources.[3]  The pending Federal Circuit appeal in the *Microsoft* action will resolve several issues central to SanDisk's declaratory judgment claims and potentially dispositive of this entire case.  For example, should the Federal Circuit decide in favor of Microsoft on its invalidity and/or unenforceability arguments concerning the '457 and '080 patents, no dispute between the parties will remain for adjudication here.  Furthermore, if the Federal Circuit upholds the district court's determination that Fraunhofer is a co-owner of the '080 patent, that determination will preclude Lucent from proceeding with an infringement claim regarding the '080 patent and would likely moot SanDisk's declaratory judgment claims.  Similarly, if the Federal Circuit upholds the district court's determination that Fraunhofer has the right to license the '080 patent, that determination will inform — if not resolve — SanDisk's license claim based on its own alleged agreement with Fraunhofer.  (*See* Complaint ¶¶ 43-46 ).  On the other hand, if this case proceeds in parallel to the *Microsoft* appeal, ***all*** of the resources that this Court and the parties commit to litigating any issues resolved by the Federal Circuit will be needlessly squandered.  *See L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527, 1530 (Fed. Cir. 1995) (affirming the district court's dismissal without prejudice in light of a pending appeal where the dismissal "preserved the resources of the court and parties by preventing further litigation on claims which might not survive [appeal]").

Moreover, even if the Federal Circuit fails to resolve entirely any claim or defense raised here, guidance provided by the appellate decision will nevertheless bind and inform this Court.  For

---

[3] Because this motion does not technically fall within one of the categories of motions that may be filed in lieu of a responsive pleading under Fed. R. Civ. P. 12, the Defendants have today served and filed a responsive pleading.  In that pleading, Lucent has asserted a compulsory counterclaim against Sandisk for patent infringement.  That counterclaim expressly recognizes, however, that Judge Brewster's rulings in the *Microsoft* case, unless overturned on appeal, may preclude Lucent from proceeding with its claim.  Accordingly, and notwithstanding their procedurally mandated responsive pleading, the Defendants maintain that this action — including Sandisk's declaratory judgment claims and Lucent's patent infringement counterclaim — should be dismissed for the reasons set forth herein.

example, resolution of the claim construction disputes presented by Microsoft on appeal — disputes that the Federal Circuit considers *de novo* — will yield claim interpretations that bind the parties in this action.  Any interim discovery, analyses, or rulings based on different claim interpretations (or premises otherwise vitiated by the Federal Circuit's decision) will need to be revisited.  In sum, the manifest danger of needless and/or duplicative litigation — particularly in the absence of any demonstrable prejudice to SanDisk[4] — warrants dismissal of SanDisk's declaratory judgment action without prejudice pending the Federal Circuit's resolution of the *Microsoft* appeal.

### B. In The Alternative, A Stay Of This Litigation Is Warranted Because Considerations of Judicial Economy Outweigh Any Possible Prejudice To SanDisk.

Alternatively, the benefits achieved by dismissal can largely be realized through a discretionary stay of these proceedings pending resolution of the *Microsoft* appeal.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Accordingly, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 2005).  "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id*. at 863-864.

Here, the same efficiencies that support dismissal of SanDisk's declaratory judgment claims support a stay of this action pending the outcome of the *Microsoft* appeal.  As with dismissal, a stay will prevent needless litigation of issues that will be conclusively determined (or mooted) by the

---

[4] Dismissal will inflict no prejudice on SanDisk, as the Defendants have agreed to refrain from actively asserting infringement of the '457 and '080 patents by SanDisk products while the *Microsoft* appeal is pending.  In addition, following the Federal Circuit's decision, the Defendants will afford SanDisk an opportunity to re-file its declaratory judgment action before initiating any litigation against SanDisk for infringement of those patents.

1  Federal Circuit's decision.  At the same time, a stay will inflict no prejudice on SanDisk, as the
2  Federal Circuit will likely issue its ruling within a year and the Defendants agreed to refrain from
3  actively asserting the '457 and '080 patents against SanDisk in the interim.  Accordingly, should this
4  court elect not to dismiss SanDisk's declaratory judgment claims outright, this action should
5  nevertheless be stayed while the *Microsoft* appeal is pending.  *See Wing Shing Prods. (BVI) Ltd. v.*
6  *Simatelex Manu. Co.*, Case No. Civ. 1044 (RJH) (HBP), 2005 WL 912184 (S.D.N.Y. Apr 19, 2005),
7  at *2-3 (staying patent declaratory judgment action pending resolution of Federal Circuit appeal
8  concerning enforceability and ownership of the patent-in-suit).

## **CONCLUSION**

For all of the foregoing reasons, the Defendants respectfully request an Order dismissing this action without prejudice or, in the alternative, staying this action pending resolution of the *Microsoft* appeal by the Federal Circuit.

DATED: October 12, 2007

By: _____/s/_____

Jenny N. Lee (Bar No. 247684)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104-1501
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Attorney for Defendants*
*Lucent Technologies Inc.*
*and Alcatel-Lucent, S.A.*