Jenny N. Lee (Bar No. 247684)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104-1501
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Attorney for Defendants*
*Lucent Technologies Inc.*
*and Alcatel-Lucent, S.A.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| SANDISK CORPORATION, | Case No. C 07-03618 JF |
| Plaintiff, | |
| vs. | Honorable Jeremy Fogel |
| LUCENT TECHNOLOGIES INC. AND ALCATEL-LUCENT, S.A., | **ANSWER AND COUNTERCLAIM OF LUCENT TECHNOLOGIES INC. AND ALCATEL-LUCENT, S.A.** |
| Defendants. | DEMAND FOR JURY TRIAL |

Defendants Lucent Technologies Inc. ("Lucent") and Alcatel-Lucent, S.A. ("Alcatel-Lucent") hereby demand a jury trial and answer the Complaint For Declaratory Judgment Of Patent Non-Infringement And Invalidity ("Complaint") of Plaintiff SanDisk Corporation ("SanDisk") as follows:

1.      Lucent and Alcatel-Lucent admit that SanDisk markets and sells digital music players and flash memory products.  Lucent and Alcatel-Lucent are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint, and therefore deny them.

2.      Lucent and Alcatel-Lucent admit that certain of SanDisk's digital music players are capable of playing music compressed in the MP3 and WMA formats.  Lucent and Alcatel-Lucent are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 2 of the Complaint, and therefore deny them.

3.      Lucent and Alcatel-Lucent admit that a representative of Alcatel-Lucent sent a letter to SanDisk on May 11, 2007 offering to begin discussions with SanDisk regarding potential licenses for U.S. Patent Nos. 5,341,457 ("the '457 patent") and RE39,080 ("the '080 patent") and refer SanDisk to that letter for its content.  Lucent and Alcatel-Lucent deny any remaining allegations in paragraph 3 of the Complaint.

4.      Lucent and Alcatel-Lucent admit that SanDisk's Complaint purports to seek a declaratory judgment of noninfringement and invalidity of the '457 and '080 patents.  Lucent and Alcatel-Lucent deny any remaining allegations in paragraph 4 of the Complaint.

**NATURE OF THE ACTION**

5.    Lucent and Alcatel-Lucent admit that SanDisk purports to seek a declaratory judgment of noninfringement and invalidity of the '457 and '080 patents pursuant to 28 U.S.C. §§ 2201(a) and 2202, but deny that there is a basis for any such declaration.

6.    Lucent and Alcatel-Lucent admit that SanDisk purports to seek "injunctive and such other relief as the Court deems warranted to address the improper assertion of the patents-in-suit against SanDisk, its affiliates or its customers," but deny that SanDisk is entitled to any relief from Lucent, Alcatel-Lucent, or this Court.

**THE PARTIES**

7.    Lucent and Alcatel-Lucent are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore deny them.

8.    Lucent admits that it is a corporation organized under the laws of the state of Delaware with its principal place of business in Murray Hill, New Jersey.  Lucent further admits that it maintains offices in California as well as other places in the United States. Lucent and Alcatel-Lucent deny any remaining allegations in paragraph 8 of the Complaint.

9.    Alcatel-Lucent admits that it is a corporation organized under the laws of the Republic of France, with offices in Paris, France and an office in Murray Hill, New Jersey. Lucent and Alcatel-Lucent further admit that since November 30, 2006, Lucent Technologies Inc. has been a wholly owned subsidiary of Alcatel-Lucent, S.A., directly or indirectly. Lucent and Alcatel-Lucent further admit that they conduct business in this judicial district. Lucent and Alcatel-Lucent deny any remaining allegations in paragraph 9 of the Complaint.

**JURISDICTION**

10.      Lucent and Alcatel-Lucent admit that the Complaint purports to allege claims arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.  Lucent and Alcatel-Lucent admit that by virtue of the Counterclaim in this Answer, the Court has subject matter jurisdiction regarding SanDisk's claims at least concerning the '080 patent, but deny that the Court should exercise its discretion to assert that jurisdiction.  Lucent and Alcatel-Lucent deny any remaining allegations in paragraph 10 of the Complaint.

**INTRADISTRICT ASSIGNMENT**

11.      Lucent and Alcatel-Lucent do not challenge that venue is proper in this division with respect to the claims alleged in the Complaint.  Lucent and Alcatel-Lucent deny any remaining allegations contained in paragraph 11 of the Complaint.

**GENERAL ALLEGATIONS**

12.      Admitted.

13.      Admitted.

14.      Lucent and Alcatel-Lucent admit that Lucent owns the '457 and '080 patents. Lucent and Alcatel-Lucent also admit that on August 6, 2007, the United States District Court for the Southern District of California (Brewster, J.) issued an Order finding that Fraunhofer Gesellschaft ("Fraunhofer") is a joint owner of the '080 patent.  Lucent respectfully disagrees with that Order and is currently appealing that Order to the United States Court of Appeals for the Federal Circuit.

15.      Lucent and Alcatel-Lucent admit that Lucent has been a party to patent infringement litigation regarding the '457 and '080 patents.  Lucent further admits that in

2001, Dolby Laboratories Inc. and Dolby Laboratories Licensing Corporation (collectively, "Dolby") filed suit in this district seeking a declaration that U.S. Patent Nos. 5,341,457 and 5,627,938 ("the '938 patent) were invalid and not infringed, and that Lucent asserted infringement counterclaims relating to Dolby's AC-3 products. Lucent further admits that on April 22, 2005, the United States District Court for the Northern District of California granted summary judgment of noninfringement in that same action with respect to Dolby's AC-3 products, and that the United States Court of Appeals for the Federal Circuit affirmed that judgment on October 10, 2006. Lucent and Alcatel-Lucent deny any remaining allegations in paragraph 15 of the Complaint.

16.    Lucent admits that on June 6, 2002, Lucent filed a complaint alleging, among other things, that Gateway, Inc. infringed certain patents relating to video-coding technology, but denies that it commenced an action against Gateway on the '080, '938, or '457 patents. Lucent further admits that on February 20, 2003, Lucent filed a complaint alleging, among other things, that Dell, Inc. infringed certain patents relating to video-coding technology, but denies that it commenced an action against Dell on the '080, '938, or '457 patents. Lucent further admits that on April 8, 2003, Microsoft Corporation filed a complaint in the United States District Court for the Southern District of California seeking a declaration that the '457 and '938 patents were invalid and not infringed by Microsoft. Lucent admits that it counterclaimed alleging that Microsoft infringed the '457 and '938 patents and later amended its counterclaim to allege that Microsoft infringed the '080 patent. Lucent further admits that the cases identified in this paragraph were consolidated "for all purposes leading through the pretrial conference." Lucent further admits that on February 22, 2007, a jury in the United States District Court for the Southern District of California returned a unanimous verdict finding, among other things, that Microsoft, through its Windows Media Player, infringed

claims 1, 5, and 10 of the '457 patent and claims 1, 3, and 4 of the '080 patent.  Lucent and

Alcatel-Lucent deny any remaining allegations in paragraph 16 of the Complaint.

17.    Lucent and Alcatel-Lucent admit that a representative of Alcatel-Lucent sent a

letter to SanDisk on May 11, 2007, offering to begin discussions with SanDisk regarding

potential licenses for U.S. Patent Nos. 5,341,457 ("the '457 patent") and RE39,080 ("the '080

patent") concerning MP3 technology.  Lucent and Alcatel-Lucent further admit that on June

12, 2007, in connection with its invitation to begin licensing discussions, a representative of

Alcatel-Lucent provided SanDisk with a list of SanDisk digital music players that were

purported to have MP3 capabilities, but deny that the list identified these players as

"requir[ing] a license to these patents."  Lucent and Alcatel-Lucent are without knowledge or

information sufficient to form a belief as to the truth of SanDisk's allegation that the digital

music players identified by Alcatel-Lucent "comprise virtually all of the digital music players

offered for sale by SanDisk," and therefore denies that allegation.  Lucent and Alcatel-Lucent

deny any remaining allegations in paragraph 17 of the Complaint.

18.    Lucent and Alcatel-Lucent admit that a representative of SanDisk wrote an e-

mail to a representative of Alcatel-Lucent dated June 5, 2007, stating in part "If you are

asserting infringement of specific claims of US Patent No. 5,341,457 and U.S. Reissue Patent

No. Re.39,080, please advise us of such claims and the particulars of the alleged

infringement, and we will examine your allegations carefully."  Lucent and Alcatel-Lucent

deny any remaining allegations in paragraph 18 of the Complaint.

19.    Lucent and Alcatel-Lucent admit that a representative of Alcatel-Lucent sent

an e-mail to SanDisk on June 12, 2007 informing SanDisk of the claims that a jury found to

be valid and infringed by Microsoft, but deny that the e-mail accused SanDisk of infringing

any claim of the '457 or '080 patents.  Lucent and Alcatel-Lucent further admit that a

representative of Alcatel-Lucent proposed a business meeting for July 26, 2007 to discuss potential licensing.  Lucent and Alcatel-Lucent deny any remaining allegations in paragraph 19 of the Complaint.

20.    Lucent and Alcatel-Lucent admit that SanDisk's Complaint alleges that its digital music players do not infringe the '457 or '080 patents and that SanDisk alleges that it does not need to obtain a license from Lucent.  Lucent and Alcatel-Lucent deny any remaining allegations in paragraph 20 of the Complaint.

21.    Lucent and Alcatel-Lucent deny the allegations in paragraph 21 of the Complaint.

22.    Lucent and Alcatel-Lucent admit that by virtue of the Counterclaim in this Answer, the Court has subject matter jurisdiction regarding SanDisk's claims at least concerning the '080 patent, but deny that the Court should exercise its discretion to assert that jurisdiction.  Lucent and Alcatel-Lucent deny that an actual and justiciable controversy exists between Lucent and/or Alcatel-Lucent and SanDisk regarding the '457 patent.  Lucent and Alcatel-Lucent deny any remaining allegations in paragraph 22 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement of the '457 Patent)

23.    Lucent and Alcatel-Lucent incorporate their responses to paragraphs 1-22, as if fully set forth here.

24.    Lucent and Alcatel-Lucent admit that SanDisk markets and sells MP3 digital music players.  Lucent and Alcatel-Lucent deny any remaining allegations in paragraph 24 of the Complaint.

25.    Lucent and Alcatel-Lucent admit that a representative of Alcatel-Lucent stated that "[w]e believe that SanDisk should consider acquiring a license for its digital multimedia players with MP3 capabilities" to Lucent's MP3 patents. Lucent and Alcatel-Lucent deny any remaining allegations in paragraph 25 of the Complaint.

26.    Lucent and Alcatel-Lucent are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and therefore deny them.

27.    Lucent and Alcatel-Lucent deny that an actual and justiciable controversy exists between Lucent and/or Alcatel-Lucent and SanDisk regarding the '457 patent. Lucent and Alcatel-Lucent deny any remaining allegations in paragraph 27 of the Complaint.

28.    Lucent and Alcatel-Lucent admit that SanDisk purports to request "a declaration from the Court finding that it has not infringed and is not now infringing — either directly, indirectly, literally or under the doctrine of equivalents — the '457 patent," but deny that SanDisk is entitled to any such declaration.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity Re the '457 Patent)

29.    Lucent and Alcatel-Lucent incorporate their responses to paragraphs 1-28, as if fully set forth here.

30.    Denied.

31.    Denied.

32.    Lucent and Alcatel-Lucent admit that SanDisk purports to request "a declaration from the Court finding that the '457 patent is invalid," but deny that SanDisk is entitled to any such declaration.

Answer and Counterclaim                    8                    Case No. C 07-03618 JF

### THIRD CLAIM FOR RELIEF
**(Declaratory Judgment of Noninfringement of the '080 Patent)**

33.    Lucent and Alcatel-Lucent incorporate their responses to paragraphs 1-32, as if fully set forth here.

34.    Lucent and Alcatel-Lucent admit that SanDisk markets and sells MP3 music players that by virtue of the Counterclaim in this Answer Lucent alleges infringe the '080 patent.  Lucent and Alcatel-Lucent deny any remaining allegations in paragraph 34 of the Complaint.

35.    Lucent and Alcatel-Lucent admit that SanDisk markets and sells MP3 digital music players that by virtue of the Counterclaim in this Answer Lucent alleges infringe the '080 patent, and for which infringement, Lucent requests all appropriate relief.  Lucent and Alcatel-Lucent deny any remaining allegations in paragraph 35 of the Complaint.

36.    Denied.

37.    Lucent and Alcatel-Lucent admit that by virtue of the Counterclaim in this Answer, the Court has subject matter jurisdiction regarding SanDisk's claims concerning the '080 patent, but deny that the Court should exercise its discretion to assert that jurisdiction. Lucent and Alcatel-Lucent deny any remaining allegations of paragraph 37 of the Complaint.

38.    Lucent and Alcatel-Lucent admit that SanDisk purports to request "a declaration from the Court finding that it has not infringed and is not now infringing — either directly, indirectly, literally or under the doctrine of equivalents — the '080 patent," but deny that SanDisk is entitled to any such declaration.

**FOURTH CLAIM FOR RELIEF**
**(Declaratory Judgment of Invalidity Re the '080 Patent)**

39.    Lucent and Alcatel-Lucent incorporate their responses to paragraphs 1-38, as if fully set forth here.

40.    Denied.

41.    Denied.

42.    Lucent and Alcatel-Lucent admit that SanDisk purports to request "a declaration from the Court finding that the '080 patent is invalid," but deny that SanDisk is entitled to any such declaration.

**FIFTH CLAIM FOR RELIEF**
**(Declaratory Judgment of License)**

43.    Lucent and Alcatel-Lucent incorporate their responses to paragraphs 1-42, as if fully set forth here.

44.    Lucent and Alcatel-Lucent are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and therefore deny them.

45.    Lucent and Alcatel-Lucent deny that Fraunhofer is a joint owner with the right to license the '080 patent to Thomson, and therefore deny that SanDisk's alleged license with Thomson includes the right to use the '080 patent.  Lucent and Alcatel-Lucent admit that on August 6, 2007, the United States District Court for the Southern District of California (Brewster, J.) issued an Order finding that Fraunhofer Gesellschaft ("Fraunhofer") is a joint owner of the '080 patent, with the ability to license the '080 patent.  Lucent respectfully disagrees with that Order and is currently appealing that Order to the United States Court of Appeals for the Federal Circuit.  Lucent and Alcatel-Lucent are without knowledge or

information sufficient to form a belief as to the truth of any remaining allegations in paragraph 45 of the Complaint, and therefore deny them.

46.    Lucent and Alcatel-Lucent admit that SanDisk purports to request "that the Court declare that SanDisk and its affiliates are licensed to practice the '080 patent through its license agreement with Thomson," but deny that SanDisk is entitled to any such declaration.  Lucent and Alcatel-Lucent also admit that on August 6, 2007, the United States District Court for the Southern District of California (Brewster, J.) issued an Order finding that Fraunhofer Gesellschaft ("Fraunhofer") is a joint owner of the '080 patent, with the ability to license the '080 patent.  Lucent respectfully disagrees with that Order and is currently appealing that Order to the United States Court of Appeals for the Federal Circuit. Lucent and Alcatel-Lucent are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 46 of the Complaint, and therefore deny them.

## PRAYER FOR RELIEF ON SANDISK'S CLAIMS

As set forth above, Lucent denies that SanDisk is entitled to any of the relief prayed for in Paragraphs 1 through 8 of its prayer for relief.

## COUNTERCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Lucent Technologies Inc. ("Lucent") hereby asserts the following counterclaim against SanDisk Corporation (hereinafter, "SanDisk"):

### Parties

1.    Lucent Technologies Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 600 Mountain Avenue, Murray Hill, NJ 07974.

2.      SanDisk Corporation states that it is a Delaware corporation with its principal place of business in Milpitas, California.

3.      SanDisk makes, uses, sells, and/or offers for sale in the United States, and/or imports into the United States, MP3 audio products.

## Nature of the Action

4.      This is a compulsory counterclaim under Fed. R. Civ. P. 13 for infringement of a United States Patent.  This action is based upon the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

## Jurisdiction and Venue

5.      This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338(a) and 1367.

6.      Venue is proper in this district because this claim is being brought as a compulsory counterclaim pursuant to Fed. R. Civ. P. 13(a) and under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because SanDisk has committed acts of infringement in this district and because SanDisk is subject to personal jurisdiction in this district.

## The Patent

7.      United States Patent No. Re. 39,080 ("the '080 patent"), entitled "Rate Loop Processor For Perceptual Encoder/Decoder," was duly and legally issued on April 25, 2006, to James D. Johnston.  A copy of the '080 patent is attached hereto as Exhibit A.

8.      Lucent owns the '080 patent with the right to sue for past infringement.  On August 6, 2007, the United States District Court for the Southern District of California (Brewster, J.) issued an Order finding that Fraunhofer Gesellschaft ("Fraunhofer") is a joint

owner of the '080 patent. Lucent respectfully disagrees with that Order and is currently

appealing that Order to the United States Court of Appeals for the Federal Circuit.

## Count I
### (Infringement of the '080 Patent)

9.      Paragraphs 1 through 8 are incorporated by reference as if stated fully herein.

10.     The '080 patent is valid and enforceable.

11.     SanDisk makes, uses, sells, and/or offers to sell products that infringe at least

one claim of the '080 patent.

12.     SanDisk also contributes to and/or induces the infringement of at least one

claim of the '080 patent.

13.     Lucent has been damaged by SanDisk's infringement of the '080 patent and

will suffer irreparable injury unless the infringement is enjoined by this Court.

## PRAYER FOR RELIEF ON
## LUCENT'S COUNTERCLAIM

WHEREFORE, Lucent prays for judgment as follows:

(i)      That SanDisk has infringed the '080 patent;

(ii)     That SanDisk, its officers, agents, servants and employees, and those

persons in active concert or participation with any of them, and their

successors and assigns be permanently enjoined from infringement,

inducement of infringement, and contributory infringement of the '080

patent, including but not limited to making, importing, using, offering

for sale, or selling any devices or systems that infringe, or using

processes that infringe, the '080 patent;

(iii)    That Lucent be awarded all damages adequate to compensate it for SanDisk's infringement of the '080 patent, such damages to be determined by a jury and, if necessary to adequately compensate Lucent for the infringement, an accounting, and that such damages be trebled and awarded to Lucent with prejudgment interest;

(iv)    That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Lucent be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

(v)    That Lucent be awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Lucent and Alcatel-Lucent hereby demand a trial by jury.

DATED:  October 12, 2007                          KIRKLAND & ELLIS

By: _____/s/_____

Jenny N. Lee (Bar No. 247684)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104-1501
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Attorney for Defendants*
*Lucent Technologies Inc.*
*and Alcatel-Lucent, S.A.*