# EXHIBIT G

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC.,<br><br>    Plaintiff and Counterclaim-defendant,<br>v.<br>GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,<br><br>    Defendants and Counter-claimants,<br>and<br>MICROSOFT CORPORATION,<br><br>    Intervenor and Counter-claimant, | Civil No: 02CV2060-B(CAB)<br>consolidated with<br>Civil No: 03CV0699-B (CAB) and<br>Civil No: 03CV1108-B (CAB)<br><br>**AMENDED AND SUPERCEDING PARTIAL JUDGMENT REGARDING U.S. PATENT NOS. 5,341,457 AND RE 39,080 ONLY FOLLOWING SUMMARY JUDGMENT, JURY TRIAL AND POST-TRIAL MOTIONS.**<br><br>**THIS PARTIAL JUDGMENT IS CERTIFIED FOR IMMEDIATE APPEAL UNDER FRCP 54(b) REGARDING U.S. PATENT NOS. 5,341,457 AND RE 39,080 ONLY.**<br><br>**THESE CONSOLIDATED CASES ARE NOT TERMINATED BY THIS PARTIAL JUDGMENT.** |
| MICROSOFT CORPORATION,<br><br>    Plaintiff and Counterclaim-defendant,<br>v.<br>LUCENT TECHNOLOGIES INC.,<br><br>    Defendant and Counter-claimant | |
| LUCENT TECHNOLOGIES INC.,<br><br>    Plaintiff,<br>v.<br>DELL, INC.,<br><br>    Defendant. | |

The instant judgment **AMENDS** and **SUPERCEDES** the Court's partial judgment of April 30, 2007.

The instant matter concerns two patents, U.S. Patent No. 5,341,457 ("the '457 patent") and U.S. Patent No. RE 39,080 ("the '080 patent"). This matter came before the Court on January 4, 2007, for summary judgment. The Court granted Lucent's motion for summary adjudication of no invalidity for indefiniteness of the '457 and the '080 patents and no broadening reissue as to the '080 patent. The Court also granted summary adjudication on Lucent's motion pertaining to Microsoft's affirmative defenses on both patents as follows: no patent exhaustion and implied license arising therefrom, no equitable estoppel/waiver and implied license arising therefrom, no patent misuse and no laches.

Thereafter, on January 29, 2007, the matter came on for jury trial and was submitted to the jury on February 15, 2007. On February 22, 2007, the jury returned a verdict of infringement in favor of Lucent, finding that Microsoft's Windows Media Player 10 and Windows Media Player with Cyberlink plug-in infringed claims 1, 5, and 10 of the '457 patent by inducing infringement and contributory infringement both within and outside the United States. The jury also found that Microsoft's Windows Media Player 6.1 through 9, 10, and 11 and Windows Media Player with Cyberlink plug-in infringed claims 1, 3, and 4 of the '080 patent by inducing infringement and contributory infringement both within and outside the United States. The jury further found that the '080 patent was not invalid on the grounds of anticipation, obviousness, no error warranting reissue and inventorship. On the issue of damages, the jury awarded Plaintiff Lucent the amount of $769,028,351.00 for infringement of the '457 patent and $769,028,351.00 for infringement of the '080 patent. The jury did not reach a verdict on willful infringement. On February 22, 2007, the Court granted Microsoft's motion for judgment as a matter of law of no willful infringement.

Several additional issues came before the Court to determine as non-jury issues: ownership, license, recapture, intervening rights, inequitable conduct, and standing. As set forth in the Court's Order of March 19, 2007, the Court found the following: Lucent is the

sole owner of the '080 patent and has standing to bring the instant suit; the defense of license for the '080 patent is not available to Microsoft; the '080 patent is not invalid for recapture; and Microsoft is not entitled to any intervening rights. In its Order of March 27, 2007, the Court ruled that there was no inequitable conduct regarding the '080 patent. In its Order of April 27, 2007, the Court found that Lucent had standing to sue for infringement of the '457 patent.

Following the jury verdict and the Court's ruling on the non-jury issues, the Court issued a partial judgment under Fed. R. Civ. P. 54(b) on April 30, 2007. Microsoft then brought two post-trial motions, a motion for judgment as a matter of law and a motion for new trial. The Court issued an order on these motions on August 6, 2007. The Court granted judgment as a matter of law of no infringement of the '457 patent. The Court ruled that as to the '080 patent, as a matter of law, Lucent was not the sole owner of the patent. Therefore, Lucent lacked standing to sue on this patent. Additionally, because Fraunhofer is a co-owner of the '080 patent, and Microsoft has a license to the '080 patent from Fraunhofer, the defense of license for the '080 patent also is available to Microsoft. Therefore, Microsoft is not liable for any infringement on the '080 patent. The Court also ruled in the alternative, as a matter of law that Microsoft is not liable for inducing infringement of the '080 patent. Also, in the alternative, the Court granted judgment as a matter of law that the jury's verdict on damages for any infringement of the '457 and '080 patents was not supported by sufficient evidence and thereby vacated the jury's damage award.

In keeping with this recent order, the Court now **AMENDS AND SUPERCEDES** its prior judgment and enters judgment herein as follows:

    1.    Lucent lacks standing to bring suit on the '080 patent against Microsoft.

    2.    The defense of license for the '080 patent is available to Microsoft and it is not liable for any infringement of the '080 patent. Therefore, as a matter of law, Microsoft's Windows Media Player 6.1 through 9, 10, and 11 and

3

Windows Media Player with the Cyberlink plug-in encoder do not infringe claims 1, 3, and 4 of the '080 patent by inducing infringement and contributory infringement either within or outside the United States;

3. The '080 patent is not invalid on the asserted grounds of anticipation, inventorship, obviousness, indefiniteness, broadening reissue, no error warranting reissue and recapture;

4. Microsoft is not entitled to any intervening rights;

5. There was no inequitable conduct with respect to the '080 patent;

6. Lucent has standing with regards to the '457 patent;

7. As a matter of law, Lucent failed to prove any direct infringement of claims 1, 5, and 10 of the '457 patent by Microsoft's Windows Media Player 10 and Windows Media Player with the Cyberlink plug-in encoder, therefore Microsoft is not liable for inducing infringement and contributory infringement either within or outside the United States with respect to the '457 patent;

8. The '457 patent is not invalid on the asserted grounds of indefiniteness;

9. Microsoft did not willfully infringe the '457 or '080 patents;

10. The following defenses are not available to Microsoft: patent exhaustion and implied license arising therefrom; equitable estoppel/waiver and implied license arising therefrom; patent misuse; and laches.

11. Because Microsoft has no liability for infringement of either the '457 or the '080 patent, Lucent is not entitled to damages from Microsoft. Therefore, the jury's award of damages as set forth in this Court's prior judgment in the amount of $769,028,351.00 for infringement of the '457 patent and $769,028,351.00 for infringement of the '080 patent is **VACATED**;

//
//
//
//

4

1 | The Court finds that there is no just reason for delay and upon an express direction for the entry of judgment, the Court therefore enters final judgment on these patents under Fed. R. Civ. P. 54(b). Now, therefore, it is hereby **ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of Microsoft and against Lucent. Lucent shall bear the costs of suit. This judgment terminates the action as it pertains to U.S. Patent Nos. 5,341,457 and RE 39,080; it shall not terminate the action as to any other patents in this consolidated case.

DATED: August 6, 2007

*/s/ Rudi M. Brewster*
Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. Cathy Ann Bencivengo
    United States Magistrate Judge

    All Counsel of Record