Bingham McCutchen LLP
GREGORY LIPPETZ (SBN 154228)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  (415) 393-2000
Facsimile:  (415) 393-2286
gregory.lippetz@bingham.com

Bingham McCutchen LLP
RICHARD S. TAFFET *Pro Hac Vice*
(NY SBN 1721182)
399 Park Avenue
New York, NY  10022-4689
Telephone:  (212) 705-7000
Facsimile:  (212) 752-5378
richard.taffet@bingham.com

Bingham McCutchen LLP
ROBERT C. BERTIN *Pro Hac Vice*
(VA Bar No. 42,478)
2020 K Street, NW
Washington, DC 20006
Telephone: (202) 427-4126
Facsimile (202) 373-6413
r.bertin@bingham.com

Attorneys for Plaintiff/Counterdefendant
SANDISK CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDISK CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>LUCENT TECHNOLOGIES INC. and ALCATEL-LUCENT, S.A.,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No.:  C 07 03618 JF<br><br>PLAINTIFF/COUNTERDEFENDANT SANDISK CORPORATION'S MOTION TO DISMISS DEFENDANT LUCENT TECHNOLOGIES INC.'S COUNTERCLAIM<br><br>Date:      November 30, 2007<br>Time:     9:00 a.m.<br>Location: Courtroom 3 |

A/72265334.6

C 07 03618 JF

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT on November 30, 2007, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the United States District Court for the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose California, plaintiff/counterdefendant SanDisk Corporation ("SanDisk") will and hereby does move this Court for an order dismissing with prejudice the Counterclaim of Lucent Technologies Inc. ("Lucent") against SanDisk. This Motion is made pursuant to F.R.Civ.P. 12(b)(6) and F.R.Civ.P. 56 to the extent the Court considers matters outside the pleadings, on the ground that Lucent cannot state a claim for relief because SanDisk does not infringe the patent asserted in the Counterclaim. This Motion is also made pursuant to F.R.Civ.P. 12(b)(1) on the ground that the Court lacks subject matter jurisdiction over Lucent's Counterclaim because Lucent lacks standing, and thus has no legally protected interest in the claim.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, SanDisk's Motion for Summary Judgment, filed October 26, 2007, and supporting documents thereto, the pleadings, facts judicially noticed, files, and records in this action, and on all such other evidence and argument as may be presented by the plaintiff at the hearing on this Motion.

**STATEMENT OF ISSUES TO BE DECIDED**

SanDisk requests that the Court decide the following issues:

1. For the reasons set forth in SanDisk's Motion for Summary Judgment, should Lucent's counterclaim be dismissed for failure to state a claim for infringement of U.S. Patent No. RE39,080 ("the '080 patent") against SanDisk?

2. Does the Court lack subject matter jurisdiction over Lucent's claim because Lucent lacks standing, and thus has no legally protected interest in its claim for infringement of the '080 patent?

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Lucent has filed a counterclaim against SanDisk for infringement of U.S. Patent No. RE39,080 ("the '080 patent"). Lucent's Counterclaim should be dismissed with prejudice for two independent reasons. First, as set forth more fully in SanDisk's Motion for Summary Judgment ("MSJ"), filed concurrently with this Motion, SanDisk cannot, as a matter of law, be liable for direct or indirect infringement of the '080 patent. Lucent cannot present any set of facts that would demonstrate SanDisk's liability for infringement, thus its claim lacks merit and should be dismissed. In the interest of efficiency, SanDisk files this Motion to enable the Court to address both SanDisk's claims and Lucent's corollary counterclaim at the same time.

Second, this Court lacks subject matter jurisdiction over Lucent's claim because Lucent lacks standing, and thus has no legally protected interest in its claim for infringement. As discussed in detail in SanDisk's Motion for Summary Judgment, the court in *Lucent Technologies, Inc. v. Gateway, Inc.*, Case No. 3:02-cv-02060 (RWB) (the "*Microsoft* case") has issued a final judgment that Lucent is only one of two co-owners of the '080 patent. A co-owner of a patent has no legally protected interest in a claim for infringement where it does not join the other co-owner as a plaintiff. As a consequence, the court in the *Microsoft* case held "Lucent lacks standing to sue . . . for infringement on this patent. The Court therefore dismisses under Fed. R. Civ. P. 12(b)(1)." *Lucent Techs. v. Gateway Cos., Inc. et al.*, No. 02 CV 2060-B, 2007 U.S. Dist. LEXIS 57135 (S.D. Cal. Aug. 6, 2007). Because Lucent had a full and fair opportunity to litigate its right to sue on the '080 patent in the *Microsoft* case, Lucent is collaterally estopped from relitigating the issue in this case, and is therefore barred from bringing its claim against SanDisk. Also, because no amendment of Lucent's pleading will cure these defects, SanDisk respectfully requests that Lucent's counterclaim be dismissed with prejudice.

## II. FACTUAL BACKGROUND

The factual background of the parties, the patent and the procedural history are set forth in detail in SanDisk's Motion for Summary Judgment. MSJ at Section V. To avoid

1  repetition, SanDisk refers the Court to and incorporates those facts by reference as if fully set
2  forth herein.

### A. Procedural History of this Motion

4  On October 12, 2007, Alcatel-Lucent and Lucent answered SanDisk's Complaint
5  seeking declaratory judgments. Lucent also asserted a counterclaim against SanDisk alleging
6  infringement of the '080 patent. Lucent admits, however, that there is a final judgment - *i.e.,* the
7  judgment in the *Microsoft* case - establishing that Lucent is only a joint owner of the '080 patent
8  and holding that Lucent lacks standing to assert claims of infringement under the '080 patent.
9  Counterclaim at ¶ 8. Lucent nonetheless states that it "respectfully disagrees" with the judgment,
10 and asserts a claim for infringement of the '080 patent against SanDisk. *Id*.

11 Also on October 12, 2007, both defendants filed a motion to dismiss SanDisk's
12 Complaint. Defendants' Motion to Dismiss Without Prejudice or Alternatively Stay Pending
13 Resolution of Appeal in Related Case ("Defendants' Motion to Dismiss"). In Defendants'
14 Motion to Dismiss, the defendants argue that, because they have appealed the *Microsoft*
15 judgment, and because there is a possibility that some or all of the holdings in that judgment
16 could be reversed or modified, SanDisk's case should be dismissed or stayed until their appeal is
17 resolved. *See generally* Defendants' Motion to Dismiss. Because, as discussed below, the final
18 judgment in the *Microsoft* case is fully enforceable against Lucent now, there are no legal bases
19 to delay this case. As a result, SanDisk will be opposing Defendants' Motion to Dismiss and/or
20 Stay, and the Counterclaim should be dismissed as a matter of law.

### B. SanDisk's Summary Judgment Motion

22 Contemporaneous with this Motion, SanDisk is filing a motion for summary
23 judgment of non-infringement. As to the '080 patent, SanDisk's Motion for Summary Judgment
24 asks the Court to declare, as a matter of law, that: 1) SanDisk is not liable for direct infringement
25 of the patent because SanDisk's accused products do not encode music, as is required by all of
26 the claims of the patent (MSJ at Sections VI(C)(1-2)), 2) SanDisk is not liable for direct
27 infringement of the patent because SanDisk is licensed by Fraunhofer to practice the patent (MSJ
28 at Section VI(C)(3)), 3) SanDisk is not liable for indirect infringement because Lucent cannot

1  prove direct infringement by consumers of SanDisk's products (MSJ at Section VI(D)(1)), 4)
2  SanDisk is not liable for contributory infringement because SanDisk's accused products are
3  staple articles of commerce with substantial non-infringing uses (MSJ at Section VI(D)(2)), and
4  5) SanDisk is not liable for inducing infringement because SanDisk does not encourage
5  customers to use its products in any manner that would infringe the patent (MSJ at Section
6  VI(D)(3)).

## III.    ARGUMENT

F.R.Civ.P. 12(b)(6) requires that a claim be dismissed if it appears beyond doubt that the plaintiff (here Counterclaimant Lucent) can prove no facts in support of its claim which would entitle it to relief. *See NOW, Inc. v. Schiedler*, 510 U.S. 249, 256 (1994). Where, as in this case, on a 12(b)(6) motion "to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Crater Corp. v. Lucent Techs.*, 255 F.3d, 1361, 1366 (Fed. Cir. 2001) (internal citations omitted). Summary judgment then "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* Here, the facts and law that support SanDisk's Motion for Summary Judgment likewise require dismissal of Lucent's Counterclaim with prejudice.

### A.    Lucent Cannot State A Claim Against SanDisk For Infringement Of The '080 Patent

#### 1.    SanDisk's Players Do Not Directly Infringe Because They Do Not Encode, As Is Required By The Patent

As more fully set forth in SanDisk's Motion for Summary Judgment, Lucent cannot state a claim against SanDisk for direct infringement of the '080 patent because SanDisk's players do not perform a required element of the claims of the patent. MSJ at Section VI(C)(2). Specifically, every claim of the '080 patent requires that the accused device encode music files. MSJ at Sections V(B) and VI(C)(1). However, none of SanDisk's media players encode music files. MSJ at Sections V(C) and VI(C)(2). Therefore, SanDisk cannot be liable to Lucent for

direct infringement of the '080 patent. *Id.* Nor can Lucent cure its pleadings in these circumstances, thus requiring dismissal of the Counterclaim with prejudice. *See Albrecht v. Lund,* 845 F.2d 193, 195–196 (9th Cir. 1988) (leave to amend properly denied where facts were not in dispute and could not support claim under the law).

### 2. SanDisk Is Not Liable For Indirect Infringement

Lucent likewise cannot, as a matter of law, make a showing that SanDisk has indirectly infringed the '080 patent. First, Lucent cannot prove the requisite direct infringement that is necessary to support a claim of contributory or induced infringement. *See* MSJ at Section V(F)(1), Second, even assuming, *arguendo*, that Lucent could prove the existence of acts of direct infringement, SanDisk is not liable for contributory infringement because its media players are staple articles of commerce with substantial noninfringing uses. *See* MSJ at Section VI(D)(2). Third, as a matter of law SanDisk has not induced infringement of the '080 patent because it does not encourage its customers to encode music in violation of the patent, and therefore is not liable for inducing infringement. *See* MSJ at Section VI(D)(3).

### 3. SanDisk Is Licensed To The Patent

Lucent cannot establish infringement by SanDisk of the '080 patent, either directly or indirectly, because SanDisk has a broad license to practice the patent from its co-owner. *See* MSJ at Section VI(C)(3). Because the evidentiary basis for SanDisk's claim of license to the '080 patent (SanDisk's license agreement relating to the Fraunhofer MP3 patents) is subject to judicial notice, the Court can find that SanDisk is licensed pursuant to Rule 12(b)(6) without resort to Rule 56. *See* SanDisk's Request for Judicial Notice, filed herewith.

For these reasons, Lucent's Counterclaim should be dismissed as a matter of law.

### B. The Court Lacks Subject Matter Jurisdiction Over Lucent's Claim Because Lucent Has No Legally Protected Interest In The Claim

For a court to have subject matter jurisdiction over a claim sufficient to withstand a motion under F.R.Civ.P. 12(b)(1), the plaintiff (here Counterclaimant Lucent) must have suffered an injury in fact -- *i.e.,* an invasion of a legally protected interest which is concrete and actual or imminent. *Lujan v. Defenders of Wildlife, et al.*, 504 U.S. 555, 560-61 (1992). Where

1  a plaintiff lacks Article III standing, a federal court lacks subject matter jurisdiction over the suit,
2  and therefore the case should be dismissed under Rule 12(b)(1). *The Cetacean Community v.*
3  *Bush*, 386 F.3d 1169, 1174 (9th Cir. 2002).  Standing to sue is a threshold jurisdictional
4  requirement in every federal action.  *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975
5  (Fed. Cir. 2005).

6        In the context of patent infringement claims, a co-owner of a patent has no legally
7  protected interest, hence no standing, to bring a claim for patent infringement where they fail to
8  join their co-owners as plaintiffs in bringing a patent infringement case.  *See Ethicon v. United*
9  *States Surgical Dorp.*, 135 F.3d 1456, 1467 (Fed. Cir. 1998) ("An action for infringement must
10 join as plaintiffs all co-owners.").  Where a co-owner is not joined as a plaintiff in a patent
11 infringement case, the court should dismiss the case for lack of standing pursuant to F.R.Civ.P.
12 12(b)(1).  *Lucent Techs. v. Gateway Cos., Inc. et al.*, No. 02 CV 2060-B, 2007 U.S. Dist. LEXIS
13 57135 (S.D. Cal. Aug. 6, 2007) ("Lucent lacks standing to sue Microsoft for infringement on this
14 patent.  The Court therefore dismisses under Fed. R. Civ. P. 12(b)(1)."); *see also Ethicon*, 135
15 F.3d at 1468 ("Ethicon's complaint lacks the participation of a co-owner of the patent.
16 Accordingly, this court must order dismissal of this suit.").

17        As shown in SanDisk's Motion for Summary Judgment, Lucent lacks a protected
18 interest in the '080 patent because it is merely a co-owner of the patent.  MSJ at Section V(C)(3).
19 Here, Lucent asserts its Counterclaim against SanDisk on its own, without joining its judicially-
20 determined co-owner as a co-plaintiff, yet it lacks standing to do so. Accordingly, this Court
21 lacks subject matter jurisdiction to consider the Counterclaim and should dismiss it under
22 F.R.Civ.P. 12(b)(1).

23        Indeed, Lucent concedes that, under the *Microsoft* decision, it is only one of two
24 co-owners of the patent.  Defendant's Motion to Dismiss at 3:13-15 ("As for the '080 patent, the
25 *Microsoft* court . . . entered judgment in favor of Microsoft on the grounds that a third party,
26 Fraunhofer, co-owns the patent."); Defendants' Answer and Counterclaim ¶ 8 ("[o]n August 6,
27 2007, the United States District Court for the Southern District of California (Brewster, J.) issued
28 an Order finding that Fraunhofer Gesellschaft ("Fraunhofer") is a joint owner of the '080

PLAINTIFF/COUNTERDEFENDANT SANDISK CORPORATION'S MOTION TO DISMISS DEFENDANT
LUCENT TECHNOLOGIES INC.'S COUNTERCLAIM

1  patent."). Thus, there can be no dispute that there exists a final judgment establishing Lucent is
2  merely a co-owner of the '080 patent.
3        It is equally established that Lucent is bound by the *Microsoft* court's findings,
4  and is collaterally estopped from relitigating the issue of its ownership of the '080 patent in this
5  action. A party that has fully litigated an issue is precluded from relitigating the same issue in a
6  later proceeding. *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1379 (Fed.
7  Cir. 1999); *Shaw v. Kahn et al.*, 56 F.3d 1128, 1131 (9th Cir. 1995) (collateral estoppel "prevents
8  relitigation of issues actually litigated and necessarily decided, after a full and fair opportunity
9  for litigation, in a prior proceeding"). Nor does Lucent's pending appeal of the *Microsoft*
10 judgment have any effect on the binding nature of the *Microsoft* judgment for purposes of this
11 case. "[I]n the federal courts, the general rule has long been recognized that, while appeal with
12 proper supersedeas stays execution of the judgment, it does not - until and unless reversed -
13 detract from its decisiveness and finality." *Huron Holding Corp. v. Lincoln Mine Operating Co.*,
14 312 U.S. 183, 189 (1941); *see also Pharmacia*, 170 F.3d at 1381 ("The law is well settled that
15 the pendency of an appeal has no effect on the finality or binding effect of a trial court's
16 holding."). The fact that Lucent "disagrees with [the *Microsoft* judgment] and is currently
17 appealing that Order," (Defendants' Answer and Counterclaim ¶ 8), is of no moment.
18       In sum, since Lucent is not the sole owner of the '080 patent, Lucent lacks
19 standing to assert its Counterclaim, and this Court lacks subject matter jurisdiction, under
20 F.R.Civ.P. 12(b)(1), to consider the Counterclaim.
21
22
23
24
25
26
27
28

## IV. CONCLUSION

For the foregoing reasons SanDisk respectfully requests that the Court dismiss Lucent's Counterclaim with prejudice.

DATED: October 26, 2007

                Bingham McCutchen LLP

By:    /s/ Gregory L. Lippetz
       Gregory L. Lippetz
Attorneys for Plaintiff/Counterdefendant
SANDISK CORPORATION