1  Jenny N. Lee (Bar No. 247684)
   KIRKLAND & ELLIS LLP
2  555 California Street
   San Francisco, California 94104-1501
3  Telephone: (415) 439-1400
   Facsimile: (415) 439-1500
4
5  *Attorney for Defendants*
   *Lucent Technologies Inc.*
6  *and Alcatel-Lucent, S.A.*

7
                  **UNITED STATES DISTRICT COURT**
8                 **NORTHERN DISTRICT OF CALIFORNIA**
                         **SAN JOSE DIVISION**
9

10 | SANDISK CORPORATION,                 | ) Case No. C 07-03618 JF
11 |                                      | )
   |           Plaintiff,                 | )
12 |                                      | ) **DEFENDANTS' OPPOSITION TO**
   |      vs.                             | ) **SANDISK'S MOTION TO DISMISS**
13 |                                      | ) **LUCENT'S COUNTERCLAIM**
   | LUCENT TECHNOLOGIES INC. and         | )
14 | ALCATEL-LUCENT, S.A.,                | )
   |                                      | ) Date:       November 30, 2007
15 |           Defendants.                | ) Time:       9:00 a.m.
   |                                      | ) Courtroom:  Courtroom 3, 5th Floor
16 |                                      |   Judge:      Hon. Jeremy Fogel

Defendants' Opposition To SanDisk's Motion To                                    Case No. C 07-03618 JF
Dismiss Lucent's Counterclaim

**INTRODUCTION**

SanDisk seeks to have this Court dismiss with prejudice Lucent's counterclaim for infringement of U.S. Patent No. RE39,080 (the "080 patent) under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). As set forth more fully in Defendants Opposition to SanDisk's Motion For Summary Judgment, this Court should not dismiss Lucent's counterclaim under Rule 12(b)(1) for lack of standing because it is likely that such a dismissal will result in more rather than less litigation and because the outcome of a pending appeal will significantly clarify issues in this litigation. Rather, this Court should stay this litigation pending resolution of the appeal. Alternatively, if this Court finds that dismissal of Lucent's counterclaim is appropriate, it should also dismiss SanDisk's declaratory judgment claim for noninfringement and invalidity because Lucent's lack of standing vitiates any fear of a suit for infringement that SanDisk could have. This Court also should not dismiss Lucent's counterclaim under Rule 12(b)(6) because there is at least a genuine question of material fact as to whether SanDisk's MP3 players infringe the '080 patent.

**FACTUAL BACKGROUND**

The factual background to this litigation, the description of the inventions of the patents-in-suit, the procedural history of this litigation, and a description of the motion practice to date are presented in detail in Defendants' Opposition To SanDisk's Motion For Summary Judgment ("Defendants' Opposition"). Rather, they incorporated here by reference so as to avoid repetition.

**ARGUMENT**

Lucent's counterclaim should not be dismissed now because the outcome of a pending appeal will likely clarify issues presented in this litigation and prevent unnecessary litigation and examination of SanDisk's audio devices and their accompanying marketing materials demonstrate that there are genuine issues of material fact precluding summary judgment of noninfringement.

    **A.**    **This Case Does Not Warrant Application Of Collateral Estoppel But Should Instead Be Dismissed Or Stayed.**

SanDisk argues that Lucent's counterclaim should be dismissed because this Court lacks subject-matter jurisdiction. *See* Plaintiff/Counterdefendant SanDisk Corporation's Motion To Dismiss Defendant Lucent Technologies Inc.'s Counterclaim ("Motion to Dismiss") at 6. SanDisk

1   bases its license argument on the Amended Judgment in the *Microsoft* case, which held that the '080
2   patent was valid, enforceable, and infringed, but, nonetheless, entered judgment in favor of
3   Microsoft on the grounds that a third party, Fraunhofer, co-owns the patent, depriving Lucent of
4   standing and providing Microsoft a license under a pre-existing agreement with Fraunhofer. *Id*. at 7.
5   SanDisk argues that it is covered under a similar pre-existing agreement. *Id.* SanDisk additionally
6   asserts that *Microsoft* judgment acts to collaterally estop Lucent from disputing SanDisk's license
7   defense, and also deprives this Court of subject matter jurisdiction over Lucent's compulsory
8   counterclaim for infringement of the '080 patent. *Id.* at 8.

      As described in more detail in Defendants' Opposition, this Court is not required to accept, and should not accept, SanDisk's position. See Defendants' Opposition at 8-14. One of the purposes of collateral estoppel is promoting judicial economy. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). Here, accepting SanDisk's invitation has the potential to increase rather than decrease the demand for this Court's resources as the very issue on which SanDisk bases its request for collateral estoppel is being addressed in a currently pending appeal. If that appeal reverses the judgment of the *Microsoft* court, any judgment entered here on the basis of collateral estoppel will then need to be procedurally unwound. Moreover, dismissing claims related to the '080 patent does nothing to resolve issues related to the other patent-in-suit, a patent covering the same technology area. Because the Federal Circuit will likely resolve the issue of ownership of the '080 patent, it would be more prudent for this Court to wait until the appeal is decided because, in the event that Alcatel-Lucent prevails, this Court could resolve claims related to both patents efficiently at the same time. A stay will prevent needless litigation of issues that will be conclusively determined (or mooted) by the Federal Circuit's decision. At the same time, a stay will inflict no prejudice on SanDisk, as the Federal Circuit will likely issue its ruling within a year and the Defendants agreed to refrain from actively asserting the patents-in-suit against SanDisk in the interim.

      Moreover, SanDisk's assertion of collateral estoppel is offensive rather than defensive. *Parklane*, 439 U.S. at 329 (in offensive collateral estoppel, plaintiff seeks to prevent defendant from re-litigating issues upon which it has previously lost). In *Parklane*, the Supreme Court determined that "offensive use of collateral estoppel will likely increase rather than decrease the total amount of

litigation." *Id.* at 330.  The Supreme Court, therefore, held that when offensive collateral estoppel is asserted, district courts "have broad discretion to determine when it should be applied." *Id.* at 331.  Moreover, courts have inherent powers to control their dockets, and to stay litigation where necessary to prevent "duplicative litigation, inconsistent results, and waste of time and effort by itself, the litigants and counsel." *Stern v. U.S.*, 563 F. Supp. 484, 489 (D. Nev. 1983) (citations omitted).  And where, as here, an appeal could have a "profound effect" on the litigation, a stay, rather than application of collateral estoppel, is appropriate.  *Id.*, *see also Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1381 (Fed. Cir. 1999) (approving application of defensive collateral estoppel but not addressing the use of offensive collateral estoppel and recognizing that staying the application of collateral estoppel may be wiser in some cases).  This Court should, therefore, stay application of collateral estoppel against Lucent pending resolution of the appeal in the *Microsoft* litigation.

If, however, this Court decides that the application of collateral estoppel against Lucent is appropriate, it should also dismiss SanDisk's mirror-image '080 patent declaratory-judgment claims.  According to the Federal Circuit, "[a] useful question to ask in determining whether an actual controversy exists is what, if any, cause of action the declaratory judgment defendant may have against the declaratory judgment plaintiff." *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007).  Absent such an underlying claim, "'any adverse economic interest that the declaratory plaintiff may have against the declaratory defendant is not a legally cognizable interest sufficient to confer declaratory judgment jurisdiction.'" *Id.*  Put another way, if Lucent cannot proceed with an infringement claim absent joinder of a third-party, then SanDisk cannot proceed with a mirror-image declaratory-judgment claim absent joinder of that party.  Thus, this Court should treat both parties' claims regarding the '080 patent in the same manner.

### B. Summary Judgment Is Inappropriate Because There Are Genuine Issues Of Material Fact Regarding Infringement Of The '080 Patent.

Where on a Rule 12(b)(6) motion, matters outside the pleadings are put before the court, the motion shall be treated as a motion for summary judgment under Rule 56. *Crater Corp. v. Lucent Techs.,* 255 F.3d 1361, 1366 (Fed. Cir. 2001) (citations omitted).  Summary judgment is

inappropriate unless "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Caterpillar, Inc. v. Sturman Indus., Inc.*, 387 F.3d 1358, 1373 (Fed. Cir. 2004); *Continental Can Co. USA, Inc. v. Monsanto Co.*, 948 F.2d 1264, 1265 (Fed. Cir. 1991) (citations omitted). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* "Summary judgment is not appropriate if the non-moving party presents evidence from which a reasonable jury could resolve the material issue in his or her favor." *Online Policy Group v. Diebold, Inc.*, 337 F.Supp.2d 1195, 1199 (N.D. Cal. 2004).

Literal infringement requires that "the accused device contains every limitation in the asserted claims." *Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1211 (Fed. Cir. 1998). This determination is a fact issue and as a result, "a district court must approach a motion for summary judgment of … non-infringement with a care proportioned to the likelihood of its being inappropriate." *SRI Int'l. v. Matsushita Elec. Corp. of America*, 775 F.2d 1107, 1116 (Fed. Cir. 1985). Here, SanDisk's motion to dismiss must be denied if a reasonable jury could conclude that SanDisk's product meets each and every element of the asserted claims of the '080 patent.

### 1. SanDisk Is Not Entitled To Summary Judgment Of No Direct Infringement Of The '080 Patent.

SanDisk asserts that it is entitled to summary judgment of noninfringement of the '080 patent because every independent claim of the '080 patent allegedly requires encoding. *See* Motion to Dismiss at 5. According to SanDisk, Defendants cannot demonstrate that SanDisk's MP3 players perform all of the steps of any claim of the '080 patent because its MP3 players do not encode audio files. *Id.*

As explained more fully in Defendants' Opposition, the '080 patent is not limited to encoding claims. See Defendants' Opposition at 20-21. Claim 4 of the '080 patent claims a ***decoder*** that is capable of decoding signals that already have been encoded patented methods. *Id.* SanDisk does not dispute that its MP3 players decode and play MP3 files encoded using Windows Media Player 10 and 11. The *Microsoft* jury returned a verdict that the '080 patent was valid and infringed by Microsoft's MP3 audio-compression technology. *Id.* The district court in the *Microsoft* action subsequently issued an amended final judgment that held the '080 patent valid, enforceable, and

1    infringed, but entered judgment in favor of Microsoft on the grounds that a third party, Fraunhofer,

2    co-owns and licensed the patent. *Id.* at 21. Thus, the jury's conclusions and acceptance of expert

3    testimony regarding infringement provided at trial were not disturbed in the amended judgment.

4          At trial, Lucent's expert, Dr. Jayant, testified that Microsoft's Windows Media Player 10 and

5    11 infringed claim 1 of the '080 patent because those products practiced all of the steps of claim 1

6    when encoding MP3 files. *Id.* Dr. Jayant explained that his infringement analysis also applied to

7    claim 4 of the '080 patent because claim 4 is simply an apparatus for decoding frequency

8    coefficients that are generated by the encoder of claim 1. *Id.* Dr. Jayant also explained that the

9    claim 4 decoder can perform the decoding function using a digital signal processor ("DSP") or a

10   computer chip. *Id.* Thus, computer or DSP-based devices that can decode MP3 files encoded using

11   Windows Media Player 10 or 11 meet all of the elements of claim 4 of the '080 patent, and infringe

12   that claim. *Id.*

13         Dr Polish, an expert in computing devices, examined two different SanDisk MP3 players. *Id.*

14   He determined that the SanDisk MP3 players support a variety of audio file types, including MP3,

15   AAC, RAX, WMA, and secure WMA. *Id.* Dr. Polish also determined that the SanDisk players are

16   capable of decoding and playing MP3 files that were made using the same Windows Media Player

17   10 and 11 that both Dr. Jayant and a jury found perform the claimed method steps. *Id.* Because the

18   SanDisk MP3 players include either a digital signal processor ("DSP") with software or a computer

19   chip with decoding software to decode MP3 files, *Id.*, the tested SanDisk MP3 players include all of

20   the limitations of claim 4 of the '080 patent.

21         A reasonable jury could, therefore, find that SanDisk's MP3 players infringe at least claim 4

22   of the '080 patent. Accordingly, SanDisk's motion to dismiss must be denied. *Online Policy Group*,

23   337 F.Supp.2d at 1199.

Defendants' Opposition To SanDisk's Motion To    -5-    Case No. C 07-03618 JF
Dismiss Lucent's Counterclaim

### 2.     SanDisk Is Not Entitled To Summary Judgment Of No Indirect Infringement.

SanDisk alleges that it is not liable for indirect infringement, either contributory or by inducement, because (1) Defendants cannot prove that SanDisk's MP3 players directly infringe the '080 patent, (2) SanDisk's MP3 players are "staple articles of commerce with substantial noninfringing uses," and (3) Defendants cannot prove that SanDisk had knowledge of the '080 patent and an intent to cause infringement.  *See* Motion to Dismiss at 6.  SanDisk's assertions regarding direct infringement are incorrect as explained above.  SanDisk's assertion that its MP3 players are "staple articles of commerce with "substantial noninfringing uses" and its "lack of intent to infringe" argument are based on its erroneous interpretation of the scope of the *Microsoft* litigation.

For instance, SanDisk asserts that its MP3 players are not specially adapted to infringe and have substantial noninfringing uses because they decode and play music encoded using coders found not to infringe the patents-in-suit.  *Id*.  Similarly, SanDisk asserts that it cannot have the intent to infringe because it directs its customers to encoders found not to infringe the patents-in-suit.  *Id.*  Contrary to SanDisk's assertions, the *Microsoft* litigation addressed infringement of the patents-in-suit only by MP3 encoding in Windows Media Player.  *See* Defendants' Opposition at 23.  The *Microsoft* litigation did not address whether WMA, secure WMA, AAC, RAX, or any of the encoders supported by SanDisk's MP3 players infringe the patents-in-suit.  SanDisk's assertions are, therefore, without merit.

Moreover, SanDisk supports its claim of no indirect infringement through blanket assertions regarding the nature and function of its MP3 players, its knowledge of the patents-in-suit, and its intent to infringe.  Defendants are entitled to test SanDisk's blanket assertions regarding no indirect infringement.  Accordingly, this Court should deny SanDisk's motion, or at a minimum, order SanDisk to provide necessary and complete discovery and continue the briefing on SanDisk's motion until discovery is complete.

Defendants' Opposition To SanDisk's Motion To Dismiss Lucent's Counterclaim                -6-                                Case No. C 07-03618 JF

## CONCLUSION

For all of the foregoing reasons, the Defendants respectfully request that this Court deny SanDisk's motion to dismiss.

DATED: November 9, 2007

By: _____/s/_____

Jenny N. Lee (Bar No. 247684)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104-1501
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Attorney for Defendants*
*Lucent Technologies Inc.*
*and Alcatel-Lucent, S.A.*