# Exhibit F

1

2 **UNITED STATES DISTRICT COURT**

3 **SOUTHERN DISTRICT OF CALIFORNIA**

4

5 LUCENT TECHNOLOGIES INC.,

6       Plaintiff and Counterclaim-defendant,

7 v.

8 GATEWAY, INC. and GATEWAY COUNTRY STORES LLC, GATEWAY COMPANIES, INC., GATEWAY

9 MANUFACTURING LLC and COWABUNGA ENTERPRISES, INC.,

10       Defendants and Counter-claimants,

11 and

12 MICROSOFT CORPORATION,

13       Intervenor and Counter-claimant,

14 _____

15 MICROSOFT CORPORATION,

16       Plaintiff and Counterclaim-defendant,

17 v.

18 LUCENT TECHNOLOGIES INC.,

19       Defendant and Counter-claimant

20 _____

21 LUCENT TECHNOLOGIES INC.,

22       Plaintiff,

23 v.

24 DELL, INC.,

25       Defendant.

26 _____

27

28

**Civil No:** 02CV2060-B(CAB)
consolidated with
**Civil No:** 03CV0699-B (CAB) and
**Civil No:** 03CV1108-B (CAB)

**ORDER AND PARTIAL JUDGMENT UNDER FRCP 54(b) REGARDING U.S. PATENT NOS. 5,341,457 AND RE 39,080 ONLY FOLLOWING SUMMARY JUDGMENT AND JURY TRIAL.**

**THESE CONSOLIDATED CASES ARE NOT TERMINATED BY THIS PARTIAL JUDGMENT.**

Plaintiff Lucent Technologies, Inc. ("Lucent") was represented by counsel John M. Desmarais, Robert A. Appleby, Michael P. Stadnick, Paul A. Bondor, Edward Donovan, Elizabeth T. Bernard, and Alison P. Adema. Defendant Microsoft Corporation ("Microsoft") was represented by counsel John Gartman, Thomas M. Melsheimer, Alan D. Albright, Justin M. Barnes, John M. Bustamante, John E. Giust, Stephen P. McGrath, Renee Skinner, Justin M. Barnes, Thomas N. Millikan, Jaime K. Olin, Matthew Bernstein, Joseph P. Reid, and John M. Skenyon.[1]

The instant matter concerns two patents, U.S. Patent No. 5,341,457 ("the '457 patent") and U.S. Patent No. RE 39,080 ("the '080 patent). This matter came before the Court on January 4, 2007, for summary judgment. After a consideration of the parties' extensive briefing on the matter as well as a consideration of the parties' arguments presented at the oral hearing, the Court granted summary adjudication of no invalidity for indefiniteness of the '457 and the '080 patents and no broadening reissue as to the '080 patent. The Court also granted summary adjudication on Microsoft's affirmative defenses on both patents as follows: no patent exhaustion and implied license arising therefrom, no equitable estoppel/waiver and implied license arising therefrom, no patent misuse and no laches.

Thereafter, on January 29, 2007, the matter came on for jury trial and was submitted to the jury on February 15, 2007. On February 22, 2007, the jury returned a verdict of infringement in favor of Lucent, finding that Microsoft's Windows Media Player 10 and Windows Media Player with Cyberlink plug-in infringed claims 1, 5, and 10 of the '457 patent by inducing infringement and contributory infringement both within and outside the United States. The jury also found that Microsoft's Windows Media Player 6.1 through 9, 10, and 11 and Windows Media Player with Cyberlink plug-in infringed claims 1, 3, and 4 of the '080 patent by inducing infringement and contributory infringement both within and

---

[1] The Group 2 patents (U.S. Patent Nos. 5,341,457 and RE 39,080) were not asserted against the remaining Defendants Gateway et al. and Dell.

2

outside the United States. The jury further found that the '080 patent was not invalid on the grounds of anticipation, obviousness, no error warranting reissue and inventorship. On the issue of damages, the jury awarded Plaintiff Lucent in the amount of $769,028,351.00 for infringement of the '457 patent and $769,028,351.00 for infringement of the '080 patent. The jury did not reach a verdict on willful infringement. On February 22, 2007, the Court granted Microsoft's motion for judgment as a matter of law of no willful infringement.

Several additional issues came before the Court to determine as non-jury issues: ownership, license, recapture, intervening rights, inequitable conduct, and standing. As set forth in the Court's Order of March 19, 2007, the Court found the following: Lucent is the sole owner of the '080 patent and has standing to bring the instant suit; the defense of license for the '080 patent is not available to Microsoft; the '080 patent is not invalid for recapture; and Microsoft is not entitled to any intervening rights. In its Order of March 27, 2007, the Court ruled that there was no inequitable conduct regarding the '080 patent. In its Order of April 27, 2007, the Court found that Lucent had standing to sue for infringement of the '457 patent.

Now therefore, this Court enters judgement as follows:

1.  Microsoft's Windows Media Player 10 and Windows Media Player with Cyberlink plug-in infringe claims 1, 5, and 10 of the '457 patent by inducing infringement and contributory infringement both within and outside the United States;

2.  Microsoft's Windows Media Player 6.1 through 9, 10, and 11 and Windows Media Player with Cyberlink plug-in infringe claims 1, 3, and 4 of the '080 patent by inducing infringement and contributory infringement both within and outside the United States;

3.  The '080 patent is not invalid on the asserted grounds of anticipation, inventorship, obviousness, indefiniteness, broadening reissue, no error warranting reissue and recapture;

3

4. The '457 patent is not invalid on the asserted grounds of indefiniteness;

5. Lucent is entitled to damages from Microsoft in the amount of $769,028,351.00 for infringement of the '457 patent and $769,028,351.00 for infringement of the '080 patent;

6. Microsoft did not willfully infringe the '457 or '080 patents;

7. Lucent is the sole owner of the '080 patent and has standing to bring the instant suit;

8. The defense of license for the '080 patent is not available to Microsoft;

9. Microsoft is not entitled to any intervening rights;

10. Lucent has standing with regards to the '457 patent;

11. There was no inequitable conduct with respect to the '080 patent;

12. The following defenses are not available to Microsoft: patent exhaustion and implied license arising therefrom; equitable estoppel/waiver and implied license arising therefrom; patent misuse; and laches.

The Court finds that there is no just reason for delay and upon an express direction for the entry of judgment, the Court therefore enters final judgment on these patents under Fed. R. Civ. P. 54(b).   Now, therefore, it is hereby **ORDERED**, **ADJUDGED AND DECREED** that Lucent shall have judgment against Microsoft for infringement of the '457 patent in the amount of $769,028,351.00 plus costs of suit; it is also hereby **ORDERED**, **ADJUDGED AND DECREED** that Lucent shall have judgment against Microsoft for infringement of the '080 patent in the amount of $769,028,351.00 plus costs of suit.  This judgment shall not terminate the action as to any other patents in this consolidated case.

DATED: April 30, 2007

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc:  Hon. Cathy Ann Bencivengo
  United States Magistrate Judge

 All Counsel of Record