# Exhibit G

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Lucent Tech v. Gateway,

2007-1546

## DOCKETING STATEMENT

This Docketing Statement must be completed by all counsel and filed with the court within 14 days of the date of docketing. When the United States or its officer or agency is a party, this Docketing Statement must be completed by all counsel and filed with the court within 30 days of docketing.

**Name of party you represent**  Lucent Technologies Inc.

**Party is (select one)**
- ☑ Appellant/Petitioner
- ☐ Cross-Appellants
- ☐ Appellee/Respondent
- ☐ Intervenor

**Tribunal appealed from and case no.**  United States District Court for the Southern District of California; consolidated cases 02-CV-2060, 03-CV-0699, and 03-CV-1108.

**Date of judgments/orders**  August 6, 2007.          **Type of case**  Patent.

**Relief sought on appeal**  Reversal of judgment as a matter of law of noninfringement, co-ownership, lack of standing, and license; reversal of judgment as a matter of law that damages were not supported by sufficient evidence; reversal of alternative grant of new trial on these and other issues; reinstatement of jury verdict of infringement and damages; and remand for an accounting of additional damages and attorneys' fees for exceptional case.

**Relief awarded below (if damages specify)**  Following jury verdict of infringement, no invalidity, and damages, judgment as a matter of law of noninfringement, co-ownership, lack of standing, license, and damages not supported by the evidence.

**Briefly describe the judgments/orders appealed from**  On August 6, 2007 — following a jury verdict of infringement, no invalidity, and damages of $1.53 billion — the district court granted judgment as a matter of law of noninfringement of U.S. Patent No. 4,341,457 ("the '457 patent"), of co-ownership of U.S. Patent No. RE 39,080 ("the '080 patent"), of lack of standing to sue on the '080 patent, and of license to and noninfringement of the '080 patent; granted judgment as a matter of law that damages were not supported by the evidence; alternatively granted a new trial; and entered judgment under Fed. R. Civ. P. 54(b).

**Nature of judgment (select one)**
- ☐ Final judgment, 28 U.S.C. § 1295

☑ Rule 54(b)
❑ Interlocutory order (specify type)
❑ Other (explain - see Fed. Cir. R. 28(a)(5))

**Name and docket no. of any related cases pending before this court**  Lucent Tech v. Gateway, 2007-1334, -1336, -1337, -1376.

**Brief statement of the issues to be raised on appeal**  Whether the district court erred in granting judgment as a matter of law of noninfringement of the '457 patent; judgment as a matter of law of noninfringement, co-ownership, lack of standing, and license of the '080 patent; judgment as a matter of law that the damages awarded by the jury were not supported by the evidence; and a new trial.

**Have there been discussions with other parties relating to settlement of this case?**  Yes.

**If "yes," when were the last such discussions?**
  ❑  Before the case was filed below?
  ☑  During the pendency of the case below?
  ❑  Following the judgment/order appealed from?

**If "yes," were the settlement discussions mediated?**  The parties participated in at least one court ordered settlement conference during the proceedings below.

**If they were mediated, by whom?**  Magistrate Judge Bencivengo.

**Do you believe that this case may be amenable to mediation?**  No.

**If you answered no, explain why not**  While Lucent remains interested in alternative resolutions, Lucent does not believe that the issues in these appeals are amenable to separate resolution or that mediation would be fruitful in reaching a resolution of the parties' overall dispute.

**Provide any other information relevant to the inclusion of this case in the court's mediation program**  None.

2

I certify that I caused to be filed an original and one copy of this Docketing Statement with the Clerk of the U.S. Court of Appeals for the Federal Circuit and served a copy on counsel of record, this 24th day of September, 2007 by Federal Express.

<u>Robert A. Appleby</u>
**Name of counsel**

**Signature of Counsel**

| | |
|---|---|
| **Law firm** | Kirkland & Ellis LLP |
| **Address** | 153 East 53rd Street |
| **City, State and ZIP** | New York, New York 10022 |
| **Telephone** | (212) 446-4800 |
| **Fax #** | (212) 446-4900 |
| **E-mail address** | rappleby@kirkland.com |

3

# CERTIFICATE OF SERVICE

I hereby certify that, on September 25, 2007, I served a true and correct copy of the foregoing DOCKETING STATEMENT on the following by Federal Express, overnight delivery:

John E. Gartman
John W. Thornburgh
**FISH & RICHARDSON P.C.**
12390 El Camino Real
San Diego, CA 92130
Tel: 858-678-5070
Fax: 858-678-5099
gartman@fr.com
thornburgh@fr.com
Attorneys for *Microsoft Corporation*

John A. Dragseth
**FISH & RICHARDSON P.C.**
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN 55402
Tel: 612-335-5070
Fax: 612-288-9696
dragseth@fr.com
Attorneys for *Microsoft Corporation*

David J. Zubkoff
**SELTZER, CAPLAN, MCMAHON & VITEK**
750 "B" Street, Suite 2100
San Diego, CA 92101
Tel: 619-685-3003
Fax: 619-702-6827
zubkoff@scmv.com
Attorneys for *Gateway, Inc., et al.*

W. Bryan Farney
Jeffrey B. Plies
**DECHERT LLP**
300 West 6th Street, Suite 1850
Austin, TX 78701
Tel: 512-394-3000
Fax: 512-394-3001
bryan.farney@dechert.com
jeff.plies@dechert.com
Attorneys for *Gateway, Inc., et al.*

Joseph A. Micallef
Ali R. Sharifahmadian
**ARNOLD & PORTER LLP**
555 Twelfth Street, N.W.
Washington, DC 20004-1206
Tel: 202-942-6370
Fax: 202-942-5999
Ali.Sharifahmadian@aporter.com
Attorneys for *Dell Inc.*

Joel M. Freed
**McDERMOTT WILL & EMERY**
600 13th Street, N.W.
Washington, DC 20005-3096
Tel: 202-756-8000
Fax: 202-756-8087
jfreed@mwe.com
Attorneys for *Dell Inc.*

James S. Blackburn
**ARNOLD & PORTER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90017
Tel:    213-243-4000
Fax:    213-243-4199
James.Blackburn@aporter.com
Attorneys for *Dell Inc.*