Bingham McCutchen LLP
GREGORY LIPPETZ (SBN 154228)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
gregory.lippetz@bingham.com

Bingham McCutchen LLP
RICHARD S. TAFFET *Pro Hac Vice*
(NY SBN 1721182)
399 Park Avenue
New York, NY 10022-4689
Telephone: (212) 705-7000
Facsimile: (212) 752-5378
richard.taffet@bingham.com

Bingham McCutchen LLP
ROBERT C. BERTIN *Pro Hac Vice*
(VA Bar No. 42,478)
2020 K Street, NW
Washington, DC 20006
Telephone: (202) 427-4126
Facsimile (202) 373-6413
r.bertin@bingham.com

Attorneys for Plaintiff/Counter-Defendant
SANDISK CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDISK CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>LUCENT TECHNOLOGIES INC. and ALCATEL-LUCENT, S.A.,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIM | No. C 07-03618 JF<br><br>SANDISK'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>Date:    November 30, 2007<br>Time:    9:00 a.m.<br>Location: Courtroom 3 |

TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1
II. ARGUMENT ...................................................................................................................... 2
    A. This Court Has Subject Matter Jurisdiction Over SanDisk's Claims ................... 2
    B. SanDisk Is Entitled To Summary Judgment of Non-Infringement ...................... 3
        1. Lucent Does Not Create A Material Issue Of Fact That SanDisk's Players Directly Infringe ........................................................................ 4
        2. SanDisk's License Precludes A Claim Of Infringement Of The '080 Patent .................................................................................................. 6
        3. Lucent Has Not Raised Any Issues Of Material Fact Regarding Indirect Infringement ...................................................................................... 6
            a. SanDisk Cannot Contributorily Infringe Either Patent As A Matter Of Law ............................................................................. 7
            b. SanDisk Cannot Be Liable For Inducement ................................. 7
    C. Lucent Is Collaterally Estopped By The Microsoft Judgment ............................. 8
    D. Lucent's Rule 56(f) Request Should Be Denied ................................................... 9
III. CONCLUSION ................................................................................................................. 10

TABLE OF AUTHORITIES

Page

Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................................. 3, 6

*Benitec Austl., Ltd. v. Nucleonics, Inc.,* 495 F.3d 1340 (Fed. Cir. 2007)..................................... 3

*California v. Campbell*, 138 F.3d 772 (9th Cir. 1998)................................................................ 9

*Contemporary Mission, Inc. v. U.S. Postal Service,* 648 F.2d 97 (2d Cir. 1981) ......................... 4

*Data General Corp. v. Johnson*, 78 F.3d 1556 (Fed. Cir. 1996) .................................................. 5

*DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293 (Fed. Cir. 2006)............................................. 8

*Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263 (Fed. Cir. 2004)...................... 7

*Hall v. State of Hawaii*, 791 F.2d 759 (9th Cir. 1986) ................................................................ 9

*Hernandez v. Spacelabs Med., Inc.,* 343 F.3d 1107 (9th Cir. 2003)............................................ 3

*Lucent Technologies, Inc. v. Gateway, Inc.*, Case No. 3:02-cv-02060 (RWB) .................... passim

*Olympic Club v. Those Interested Underwriters at Lloyd's London*, 991 F.2d 497
    (9th Cir. 1993)................................................................................................................. 4, 8

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979)................................................................. 8

*Pharmacia v. Mylan Pharms., Inc.,* 170 F.3d 1373 (Fed. Cir. 1999) .......................................... 8

*Polysius Corp. v. Fuller Co.,* 709 F. Supp. 560 (E.D. Pa. 1989) ................................................. 7

*SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007)............................... 3

Rules

Fed. R. Civ. P. 11 ..................................................................................................................... 10

Fed. R. Civ. P. 56(e)................................................................................................................... 3

Fed. R. Civ. Proc. 56(f) ................................................................................................... 1, 6, 9, 10

## I. INTRODUCTION

Lucent's Opposition confirms that SanDisk's Motion for Summary Judgment (the "Motion") should be granted.

*First,* Lucent has not made, and cannot make, any showing that SanDisk's players encode. As SanDisk established in the Motion, this is required to establish infringement of each of the claims of the patents in suit. Moreover, as to the '080 patent, Lucent makes no argument to rebut SanDisk's showing that Lucent is judicially estopped from asserting that encoding is a claim limitation for each claim in that patent. As to the '457 patent, Lucent concedes that it lacks sufficient facts on which to even base a claim of infringement. Accordingly, SanDisk is entitled to summary judgment of non-infringement as to both patents.

*Second*, Lucent does not contest - nor can it - that SanDisk is licensed to practice the '080 patent. This, too, requires judgment in favor of SanDisk on its non-infringement and license claims in connection with the '080 patent.

*Third*, SanDisk's showing that its players are capable of numerous non-infringing uses, such as playing music files encoded in non-MP3 format, and playing music files encoded by software that does not infringe the patents, remains unrebutted. Lucent also points to no evidence - and it cannot - that SanDisk intended for its customers to practice any claim of the patents. As such, a declaration that SanDisk does not indirectly infringe is also appropriate.

*Fourth*, Lucent's inability to defeat summary judgment is confirmed by the total absence of any legally valid argument that the judgment in *Lucent Technologies, Inc. v. Gateway, Inc.*, Case No. 3:02-cv-02060 (RWB) (the "*Microsoft* case"), is not binding for purposes of this case, and that, consistent with that judgment, SanDisk's claims for declaratory relief must be granted.

Faced with this situation, Lucent instead largely argues that this matter should be stayed, purportedly for efficiency reasons, and that it should be permitted discovery, pursuant to Fed. R. Civ. P. 56(f), before SanDisk's Motion can be decided. Neither argument is meritorious. Lucent's arguments for a stay are insufficient to meet the burden required to avoid summary judgment. Likewise, its request for discovery falls short because it fails to identify with

SANDISK'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

1 specificity, as it is required to do, a single "essential" fact that Lucent hopes to obtain through
2 such discovery that would impact the determination of SanDisk's motion.  Indeed, no amount of
3 discovery by Lucent will enable SanDisk's players to encode music as required by the patents.
4       SanDisk incorporates by reference its Relief Sought, Statement of Issues to Be
5 Decided and Statement of Undisputed Facts sections from SanDisk's Motion for Summary
6 Judgment as if fully set forth here to avoid unnecessary repetition.

7 **II.   ARGUMENT**

8    **A.   This Court Has Subject Matter Jurisdiction Over SanDisk's Claims**
9

10       As a threshold matter, Lucent's argument that the Court lacks subject matter
11 jurisdiction is easily resolved.  First, Lucent has already agreed, in writing, not to challenge the
12 subject matter jurisdiction of this Court over these claims.  SanDisk filed its complaint in July
13 after Lucent asserted both patents against SanDisk, stating that essentially all of SanDisk's
14 digital music players required a license to the patents in suit.  Declaration of Gregory L. Lippetz
15 ("Lippetz Decl."), Ex. P.  To facilitate licensing discussions, the parties negotiated a mutual non-
16 disclosure agreement ("NDA").  Putting to rest any doubts as to the existence of subject matter
17 jurisdiction in this action, Lucent agreed in the NDA ". . . not to contest that, as claimed by
18 SanDisk in [this] Lawsuit, a dispute existed between the Parties sufficient to support an action
19 for declaratory judgment at the time SanDisk filed its complaint in the Lawsuit." Second
20 Declaration of Gregory L. Lippetz ("Second Lippetz Decl."), Ex. A at ¶ 14.  The NDA, including
21 the quoted language, has been executed by both parties, thus ending any dispute over the
22 existence of subject matter jurisdiction over SanDisk's declaratory judgment claims.
23       In addition to the NDA, Lucent's conduct fulfills the "all the circumstances" test
24 used to determine whether there is a substantial controversy between SanDisk and Lucent of
25 sufficient immediacy to warrant the issuance of a declaratory judgment.  As Lucent
26 acknowledges, "Article III jurisdiction may be met where the patentee takes a position that puts
27 the declaratory plaintiff in the position of either pursuing arguably illegal behavior or
28 abandoning that which he claims a right to do." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480

1  F.3d 1372, 1381 (Fed. Cir. 2007); Defendants' Opposition to SanDisk's Motion for Summary

2  Judgment ("Opp.") at 9.  Lucent took the position, in writing, that the entirety of SanDisk's

3  digital audio product line required a license to the patents.  Lippetz Decl. Ex. P.  SanDisk told

4  Lucent that it did not need a license.  Complaint, ¶ 20; Second Lippetz Decl., Ex. B.  Thus, at the

5  time SanDisk's complaint was filed, SanDisk was in the position of either selling arguably

6  infringing digital music players or abandoning its digital music player product line.

7          Lucent argues that post-filing events weaken the existence of a controversy

8  regarding the '080 patent, citing *Benitec Austl., Ltd. v. Nucleonics, Inc.,* 495 F.3d 1340, 1346

9  (Fed. Cir. 2007).  Opp. at 8, 11.  Lucent's reliance on *Benitec,* however, is misplaced.  Unlike

10 *Benitec*, where the parties both took the position that defendant's present activities were not

11 infringing in light of a subsequent Supreme Court decision, here, the controversy regarding

12 infringement remains, and has become stronger in the post filing period.  Since the Complaint

13 was filed, Lucent has counterclaimed for infringement of the '080 patent, thus further

14 establishing the existence of a controversy.  While Lucent has not filed a counterclaim of

15 infringement of the '457 patent, Lucent states that SanDisk's players infringe the '457 patent if

16 there exists associated encoding software that practices the patent.  Opp. at 22.  These facts

17 demonstrated, and continue to demonstrate, that under "all the circumstances," there exists a

18 substantial and immediate controversy.

19

20  **B.    SanDisk Is Entitled To Summary Judgment of Non-Infringement**

21         Lucent's Opposition fails to demonstrate the existence of any material fact in

22 dispute that would preclude summary judgment of non-infringement.  A nonmoving party may

23 not rely on the mere allegations or denials in its pleadings in order to preclude summary

24 judgment. Fed. R. Civ. P. 56(e).  Indeed, unsupported allegations or conjecture are insufficient

25 to raise a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

26 (1986); *see also Hernandez v. Spacelabs Med., Inc.,* 343 F.3d 1107, 1112 (9th Cir. 2003).

27 Furthermore, a plaintiff cannot defeat a motion for summary judgment by merely restating

28 conclusory allegations and amplifying them only with speculation about what discovery might

1  uncover.  *Contemporary Mission, Inc. v. U.S. Postal Service,* 648 F.2d 97, 107 (2d Cir. 1981);

2  *see also Olympic Club v. Those Interested Underwriters at Lloyd's London*, 991 F.2d 497, 503

3  (9th Cir. 1993) (a party's mere hope that further evidence may develop is an insufficient basis

4  upon which to justify denial of summary judgment).  Because Lucent fails to point to either an

5  existing material factual dispute, or to specific facts that are likely to be uncovered that would

6  create such an issue, summary judgment is appropriate.

7

        **1.**    **Lucent Does Not Create A Material Issue Of Fact That**

8                  **SanDisk's Players Directly Infringe**

9         Lucent does not contest SanDisk's showing that its players do not encode music.

10  Lucent concedes that, as SanDisk alleged, "SanDisk's MP3 players store and decode audio

11  files."  Opp. at 7.  Lucent's expert, Dr. Polish, also confirms that SanDisk's players do not

12  encode.  Dr. Polish states that, while SanDisk players can store and decode audio files, third-

13  party software, running on a computer, is used to encode music files.  Declaration of Dr.

14  Nathanial Polish ("Polish Decl.") at ¶¶ 15, 18-19.  Specifically, Dr. Polish loaded the Best Buy

15  Digital Music Store Media Player onto his computer and "used the Best Buy product to 'rip' or

16  encode music from an audio CD."  Polish Decl. ¶ 15.  In other words, Dr. Polish was required to

17  use another device -- a computer running encoding software -- and not a SanDisk player, to

18  encode.  Of course this was necessary, as SanDisk's players themselves cannot perform the

19  encoding step.  The fact that some SanDisk players may come pre-loaded with a few encoded

20  files does not change this fact.  The players remain incapable of encoding, as is required by every

21  claim of both patents-in-suit.

22         Lucent's argument that certain claims of the patents-in-suit do not require

23  encoding fails for a number of reasons, including the fact that Lucent's own description of the

24  invention is to the contrary.  For example, Lucent describes the patents as being directed to

25  "fundamental audio-compression inventions."  Opp. at 5.  Even as to the decoding and storing

26  claims (claim 4 of the '080 patent, and claim 10 of the '457 patent, respectively), Lucent states

27  that these claims are directed to aspects of a "compression system."  Opp. at 5-6.  But, only when

28  SanDisk's players are combined with a non-SanDisk device, such as a computer, could SanDisk

1  players even arguably be considered to be part of a "compression system." The players
2  themselves, standing alone, are incapable of encoding, or compressing, audio files.
3        Moreover, as SanDisk has shown, Lucent is judicially estopped from arguing that
4  claim 4 of the '080 patent does not include an encoding limitation, and in opposition, Lucent
5  presents no argument (much less evidence) to the contrary.  In the *Microsoft* case, Microsoft
6  argued that a particular published document anticipated claim 4 of the '080 patent.  In response,
7  Lucent and its expert, Dr. Jayant, argued that the reference did not include all of the elements of
8  claim 4 and, therefore, did not anticipate the patent.  Lippetz Decl. Ex. H at 21.  More
9  specifically, to avoid invalidating the patent, Lucent stated unequivocally that "[u]ndisputed
10 evidence establishes that claim 4 [of the '080 patent] incorporates each step of claim 1." *Id*.
11 Lucent's assertion formed the foundation for the *Microsoft* court to uphold the jury's finding of
12 validity of the patent.  Lippetz Decl. Ex. C at 25.  Having successfully proven that claim 4
13 "includes" each of the encoding steps of claim 1 of the '080 patent, Lucent is judicially estopped
14 from now arguing that claim 4 does not require encoding.  *See Data Gen. Corp. v. Johnson*, 78
15 F.3d 1556, 1565 (Fed. Cir. 1996).
16       The language in claim 10 of the '457 patent similarly demonstrates that the
17 accused device must encode.  Claim 10 describes "a" storage medium, and uses the terms
18 "grouping," "generating" and "quantizing" when discussing the creation of the audio signal.
19 Lippetz Decl. Ex. I at 16:35-57.  As discussed in SanDisk's Motion, these explicitly claimed
20 steps are critical to the encoding process.  Motion at 5.  Lucent does not allege, nor can it, that
21 SanDisk's players "group," "generate" or "quantize" any audio signal because, to do so,
22 SanDisk's players would have to include hardware or software to encode audio signals.  They do
23 not.
24       Lucent's supposed expert declarations do not compel a different conclusion, and
25 certainly do not establish that SanDisk's players include an encoding function.  Both of Lucent's
26 declarants describe encoding being performed by software running on a computer, an encoded
27 audio file being transferred onto the SanDisk player, and the storage or decoding of that file
28 being performed by a chip on the SanDisk player.  *See, e.g.,* Polish Decl., ¶ 15.  If anything, this

1  confirms that the SanDisk players, themselves, do not encode, as they must to be within the
2  claims of the patents-in-suit.
3  Because Lucent's patents require that the accused device encodes music, and it is
4  undisputed that SanDisk's players do not encode, SanDisk is entitled to summary judgment that
5  it does not directly infringe the patents.

### 2. SanDisk's License Precludes A Claim Of Infringement Of The '080 Patent

8  Lucent further does not contest the material facts that establish SanDisk's license
9  to the '080 patent. Lucent concedes that Fraunhofer has been found to be a co-owner of the '080
10 patent, with the right to license the patent. Opp. at 4. Lucent offers no rebuttal to SanDisk's
11 showing that SanDisk is licensed to the Fraunhofer MP3 patents, including the '080, through
12 Thomson. Motion at 7-8. Lucent does not even identify any need to discover any facts
13 regarding SanDisk's license in its request under Fed. R. Civ. P. 56(f). *See* Affidavit of William
14 C. Mercer in Support of Defendants' Motion for Discovery Under Fed. R. Civ. P. 56(f) ("Mercer
15 Decl. ISO Discovery") at ¶¶ 5-9.
16 Thus, SanDisk is entitled to summary judgment that (i) SanDisk is licensed to
17 practice the '080 patent, and (ii) SanDisk cannot be liable for infringement of the '080 patent.

### 3. Lucent Has Not Raised Any Issues Of Material Fact Regarding Indirect Infringement

20 As an initial matter, Lucent fails in its opposition to present any evidence that
21 would demonstrate the requisite direct infringement necessary to hold SanDisk liable for indirect
22 infringement. Motion at 19. Lucent does not contest that SanDisk cannot be liable for indirect
23 infringement when its players are used with non-infringing encoding software, such as WMP.
24 Lucent also fails to present any evidence of an MP3 encoder that infringes its patent. Instead, it
25 simply makes sweeping assertions regarding the infringing nature of MP3 encoders, which is
26 insufficient to defeat summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
27 248 (1986). In the instant circumstances, such assertions are particularly inadequate because it
28 has already been determined in the *Microsoft* case that the patents-in-suit are not essential to the

1   MP3 standard.  Motion at 22; Lippetz Decl., Ex. C at 32.

2       Reference in Dr. Polish's declaration to the Best Buy Digital Music Store Media
3   Player cannot cure this failing.  Significantly, Dr. Polish does not express any views regarding
4   whether or not the Best Buy software infringes either patent.  Thus, since Lucent has not
5   demonstrated an issue of material fact as to direct infringement by others, SanDisk cannot be
6   liable for indirect infringement.

7             **a.**      **SanDisk Cannot Contributorily Infringe Either Patent As A Matter Of Law**
8

9       Lucent's Opposition makes clear that SanDisk's players have substantial non-
10  infringing uses so as to relieve SanDisk of liability for contributory infringement.  Lucent
11  acknowledges that "SanDisk MP3 players support a variety of audio file encoding formats," such
12  as WMA, that do not implicate the patents.  Opp. at 7.  Thus, when SanDisk players are used to
13  decode and play music that was encoded in WMA format, they cannot be practicing either
14  patent.  Lucent also acknowledges that SanDisk players can play music encoded by a variety of
15  encoding software.  Opp. at 7, 21.  The *Microsoft* judgment establishes that at least one brand of
16  encoding software, WMP, does not infringe the '457 patent.  Lippetz Decl., Ex. G at 4.
17  Therefore, when SanDisk's players decode and play music that was encoded with software that
18  does not practice the patents, the patents can not be infringed.

19      The existence of these non-infringing uses of SanDisk's players is unrebutted, as
20  is the fact that these uses constitute substantial non-infringing use.  This precludes a finding that
21  SanDisk contributorily infringes.  *See Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d
22  1263, 1275 (Fed. Cir. 2004).  Similarly, SanDisk's players' ability to play non-infringing music
23  demonstrates that the players were not designed to infringe the patents, and, thus, are staple
24  articles of commerce.  *See Polysius Corp. v. Fuller Co.,* 709 F. Supp. 560, 576 (E.D. Pa. 1989).

25            **b.**      **SanDisk Cannot Be Liable For Inducement**
26      The *Microsoft* judgment confirms that the '457 patent is not infringed by WMP,
27  and that, for at least Microsoft and SanDisk, a license exists to practice the '080 patent.  Since
28  Lucent has failed to show an infringing use, it cannot, as a matter of law, demonstrate that

1  SanDisk intended for its customers to infringe either patent. Without intent to cause
2  infringement, SanDisk cannot be liable for inducing infringement as a matter of law. *See DSU*
3  *Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006). Lucent's sole argument to
4  the contrary is that it should be "entitled to test SanDisk's blanket assertions regarding no
5  indirect infringement." Opp. at 24. This, however, is insufficient to defeat summary judgment.
6  *See Olympic Club, supra*, at 503 (a party's mere hope that further evidence may develop is an
7  insufficient basis upon which to justify denial of summary judgment).

       C.    **Lucent Is Collaterally Estopped By The *Microsoft* Judgment**

9         Lucent also cannot avoid the holdings of the *Microsoft* Judgment, and its
10 arguments regarding issues of collateral estoppel are misplaced.
11        It is undisputed that the fundamental elements for application of collateral
12 estoppel exist in this case. Lucent was a party to a prior action, the *Microsoft* case, had a full
13 opportunity to litigate, and was the subject of a final judgment on the merits. *See Pharmacia v.*
14 *Mylan Pharms., Inc.,* 170 F.3d 1373, 1379 (Fed. Cir. 1999). Moreover, none of the recognized
15 grounds for disregarding the collateral estoppel effect of the *Microsoft* Judgment are present in
16 this case. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 332 (1979).[1] Specifically, applying
17 collateral estoppel will not "reward" SanDisk for not joining the *Microsoft* action. SanDisk
18 could not have joined the *Microsoft* action until Lucent asserted the patents against SanDisk in
19 May 2007, well after the jury trial had already occurred. Lucent also had great incentive to fully
20 and vigorously litigate the *Microsoft* case, having achieved a $1.5 billion jury verdict. Nor is
21 there any evidence that the *Microsoft* judgment is inconsistent with any prior decision. Finally,
22 there are no procedural opportunities available to Lucent in this action that were not available to
23 Lucent in the *Microsoft* case.

---

[1] The factors include whether (1) the application of offensive collateral estoppel would reward a plaintiff who could have joined in the previous action; (2) whether the party against whom estoppel is sought had the incentive to fully and vigorously litigate the prior case; (3) whether the prior judgment was inconsistent with any previous decision, and (4) the presence of any procedural opportunities available to the party against whom estoppel is sought in the subsequent litigation that were not available in the first action.

Lucent's attempt to recast the collateral estoppel issue into a determination on whether SanDisk's Motion should be stayed is equally misplaced. No legal grounds exist for such an approach, and Lucent offers none.

Lucent's arguments regarding judicial economy to support its stay request are contrary to the facts at hand. First, the fundamental facts on which SanDisk's motion is based will be unaffected by an appeal, thus there will be no judicial efficiency from allowing this case to proceed to expensive and time consuming discovery. These facts include: 1) SanDisk's players do not encode, 2) the patents-in-suit require encoding, 3) SanDisk's players are capable of playing music encoded in non-patented formats, such as WMA, 4) SanDisk's players are capable of playing music encoded by software that does not practice the patents-in-suit, and 5) SanDisk never encouraged any customer to infringe either of the patents-in-suit. Second, unless and until SanDisk is relieved of potential infringement liability, it will continue to suffer prejudice in the form of a cloud over its entire digital music player product line.

### D. Lucent's Rule 56(f) Request Should Be Denied

Lucent's Fed. R. Civ. P. 56(f) motion is without merit and should be denied. In making a Rule 56(f) motion, a party opposing summary judgment "must show (1) that [it has] set forth in an affidavit form the specific facts that [it] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought after facts are 'essential' to resist the summary judgment motion." *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). The party seeking a continuance bears the burden to show what specific facts it hopes to discover that will raise an issue of material fact. *Hall v. State of Hawaii*, 791 F.2d 759, 761 (9th Cir. 1986). Failure to comply with these Rule 56(f) requirements is proper grounds for denying discovery and proceeding to summary judgment. *Campbell* at 779. Lucent fails to meet its burden in several ways.

Lucent fails to set forth the specific facts it hopes to elicit from discovery. Lucent's supporting affidavit contains a list of *subjects* on which Lucent alleges discovery is needed. *See* Mercer Decl. ISO Discovery. However, Lucent does not specify a single *fact* that it hopes to elicit from such discovery. For example, Lucent seeks discovery into the technical

1  functionality of SanDisk's players, such as the source code. Opp. at 18. However, Lucent does

2  not claim that such discovery would elicit evidence of a relevant *fact*, such as the fact that

3  SanDisk players encode. Because Lucent fails to specify the facts it hopes to obtain through

4  discovery, it fails to meet the requirements of Fed. R. Civ. P. 56(f).[2]

5           Lucent also fails to show that the sought-after discovery is "essential" to resist

6  SanDisk's Motion. The essential facts necessary to decide SanDisk's Motion and will not

7  change even if Lucent is granted its requested discovery:

- SanDisk's players decode and store audio files, but do not encode;

- there are multiple music formats (WMA, etc.) that do not practice the patents-in-suit;

- there exists music encoding software (such as WMP) that does not infringe the patents-in-suit;

- SanDisk suggests that its customers use a variety of music formats;

- SanDisk suggests that its customers use a variety of encoding programs; and

- SanDisk has a license to the Fraunhofer MP3 patents, which includes the '080 patent.

    Moreover, Lucent's expressed need for discovery to determine whether SanDisk infringes the '080 patent is undermined by the fact that, under Fed. R. Civ. P. 11, Lucent must have had sufficient facts to demonstrate infringement before it filed its counterclaim.

    Because Lucent failed to meet its burden of specifying particular, "essential," discoverable facts that would defeat SanDisk's Motion, Lucent's request for discovery under Fed. R. Civ. P. 56(f) should be denied.

**III.   CONCLUSION**

    For the reasons set forth above, SanDisk respectfully requests that this Court grant

---

[2] Furthermore, much of Lucent's sought-after discovery, such as SanDisk's marketing materials and instructions to customers, have always been publicly available to Lucent. If Lucent truly believed such information would defeat summary judgment, it could have obtained and presented this information in opposition to SanDisk's motion.

summary judgment in favor of SanDisk for non-infringement of the '457 and '080 patents, and for a declaration that SanDisk is licensed to practice the '080 patent.

DATED: November 16, 2007

          Bingham McCutchen LLP

By:    /s/ Gregory L. Lippetz
Gregory L. Lippetz
Attorneys for Defendant
Attorneys for Plaintiff/Counter-Defendant
SanDisk Corporation