Bingham McCutchen LLP
GREGORY LIPPETZ (SBN 154228)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
gregory.lippetz@bingham.com

Bingham McCutchen LLP
RICHARD S. TAFFET *Pro Hac Vice*
(NY SBN 1721182)
399 Park Avenue
New York, NY 10022-4689
Telephone: (212) 705-7000
Facsimile: (212) 752-5378
richard.taffet@bingham.com

Bingham McCutchen LLP
ROBERT C. BERTIN *Pro Hac Vice*
(VA Bar No. 42,478)
2020 K Street, NW
Washington, DC 20006
Telephone: (202) 427-4126
Facsimile (202) 373-6413
r.bertin@bingham.com

Attorneys for Plaintiff/Counter-Defendant
SANDISK CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDISK CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>LUCENT TECHNOLOGIES INC. and ALCATEL-LUCENT, S.A.,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIM | No. C 07-03618 JF<br><br>REPLY BRIEF IN SUPPORT OF SANDISK'S MOTION TO DISMISS<br><br>Date:     November 30, 2007<br>Time:     9:00 a.m.<br>Location: Courtroom 3 |

## I. INTRODUCTION

Lucent fails to present a single legitimate argument for denial of SanDisk's motion to dismiss Lucent's counterclaim for infringement of the '080 patent. As discussed at length in SanDisk's Reply In Support of Motion for Summary Judgment ("MSJ Reply"), there exist no material issues of fact that preclude this Court from granting summary judgment for SanDisk of non-infringement. As a result, SanDisk is entitled to dismissal of Lucent's counterclaim pursuant to Fed. R. Civ. P. 12(b)(6).

Lucent also concedes that it currently lacks a legally protected interest in the '080 patent, thus mandating dismissal of its claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Lucent's primary argument to the contrary is that, pursuant to its motion to stay, which is not presently before the Court, and which has not even been fully briefed, the Court should stay the case and thus deny SanDisk's motion. Lucent's argument for a stay can and should be addressed at the December 21 hearing on Lucent's motion, not in response to SanDisk's motion to dismiss.

## II. FACTUAL BACKGROUND AND ISSUES TO BE DECIDED

The factual background of the parties, the patent and the procedural history are set forth in detail in SanDisk's Motion for Summary Judgment (the "MSJ") at Section V. The issues to be decided by this Court are set forth in SanDisk's Motion to Dismiss at page 2. To avoid repetition, SanDisk refers the Court to and incorporates those facts by reference as if fully set forth herein.

## III. ARGUMENT

### A. The Undisputed Evidence Shows that SanDisk Does Not Infringe the Patent

#### 1. SanDisk Does Not Directly Infringe The '080 Patent

As more fully set forth SanDisk's MSJ Reply and incorporated herein by reference, Lucent has failed to demonstrate the existence of a genuine issue regarding SanDisk's assertion that it does not directly infringe the '080 patent. *See* MSJ Reply at Section II(B)(1).

1  Every claim of the '080 patent requires that the accused device encode music files. MSJ at
2  Sections V(B), VI(C)(1); MSJ Reply at Section II(B)(1). Lucent concedes that none of
3  SanDisk's media players encode music files. MSJ Reply at Section II(B)(1). Accordingly,
4  dismissal of the counterclaim on the issue of direct infringement by SanDisk is warranted.

### 2. SanDisk Does Not Indirectly Infringe The '080 Patent

Likewise, no genuine issue of material fact exists regarding SanDisk's lack of indirect infringement of the '080 patent. *See* MSJ Reply at Section II(B)(3). First, Lucent fails to meet its burden of presenting evidence to create an issue of material fact as to the existence of any direct infringement. *Id*. Second, Lucent concedes that SanDisk players play music encoded in music file formats (such as WMA) and encoded by MP3 file encoders (such as Windows Media Player) that do not infringe the patent. *Id*. Therefore, SanDisk players have substantial non-infringing uses. Third, because Lucent presents no evidence of the existence of any encoder that practices the patents, SanDisk cannot have intended for its customers to use an infringing encoder. *Id*. As such, and as a matter of law, SanDisk cannot have had the requisite intent for inducement. In these circumstances, SanDisk is entitled to judgment as a matter of law on the issue of indirect infringement.

### 3. Lucent's Counterclaim Should Be Dismissed Because SanDisk Is Licensed To The Patent

Again, Lucent does not dispute - and it cannot - that, under the *Microsoft* Judgment, SanDisk is licensed to practice the '080 patent. *See* MSJ Reply at Section II(B)(2). Lucent is collaterally estopped from arguing to the contrary. *See* MSJ Reply at Section II(C). Therefore, the Court should find, as an alternative ground, that Lucent's Counterclaim be dismissed because SanDisk is licensed to the '080 patent.

### B. There is No Subject Matter Jurisdiction Over Lucent's Counterclaim Because Lucent Lacks Standing

Lucent's opposition is further infirm because it concedes - as it must - that the *Microsoft* Judgment is binding upon it, and that, pursuant to that Judgment, Lucent is not the sole owner of the '080 patent. *See* MSJ Reply at Section II(B)(2). As a result, it lacks standing to

1  assert the counterclaim, and this Court lacks subject matter jurisdiction over it.  *See* SanDisk's
2  Motion to Dismiss at Section III(B).
3      Contrary to Lucent's argument (Opp. at 3), dismissal of Lucent's counterclaim
4  does not require, or even support, dismissal of SanDisk's claim for declaratory relief.  A case and
5  controversy remains regarding Lucent's assertion of the patent and SanDisk is entitled to
6  adjudication of that controversy.  *See* MSJ Reply at Section II(A).  Indeed, dismissal of the
7  counterclaim, if anything, supports summary judgment in favor of SanDisk on its declaratory
8  judgment claim related to the '080 patent because Lucent's allegation of infringement fails as a
9  matter of law.

10 **C.   Lucent's Procedural Arguments Are Without Merit**
11     Lucent's arguments against application of collateral estoppel are addressed in
12 SanDisk's MSJ Reply at Section II(C), and incorporated here by reference.  Lucent's primary
13 argument, that the Court should deny SanDisk's motion in favor of a stay of the case, are also
14 discussed in SanDisk's MSJ Reply at Section II(C), and will be addressed more fully by SanDisk
15 when SanDisk opposes Defendants' Motion to Dismiss or Stay, scheduled to be heard on
16 December 21, 2007.  No stay is warranted.  To the contrary, SanDisk is entitled to a resolution of
17 its rights now, especially as it continues to suffer prejudice from the cloud over its entire digital
18 music player product line caused by Lucent's assertion of its patents.

19 **IV.   CONCLUSION**
20     For the foregoing reasons, SanDisk respectfully requests that this Court dismiss
21 Lucent's Counterclaim with prejudice.
22 DATED:  November 16, 2007
23                                  Bingham McCutchen LLP
24
25                              By:      /s/ Gregory L. Lippetz
                                         Gregory L. Lippetz
26                              Attorneys for Plaintiff/Counter-Defendant
                                         SanDisk Corporation
27
28

A/72317122.2/3002631-0000326417        3                    C 07-03618 JF

REPLY BRIEF IN SUPPORT OF SANDISK'S MOTION TO DISMISS