1    Bingham McCutchen LLP
     GREGORY LIPPETZ (SBN 154228)
2    Three Embarcadero Center
     San Francisco, CA  94111-4067
3    Telephone:  (415) 393-2000
     Facsimile:  (415) 393-2286
4    gregory.lippetz@bingham.com
     r.bertin@bingham.com
5
     Attorneys for Plaintiff/Counterdefendant
6    SANDISK CORPORATION

7    Jenny N. Lee (Bar No. 247684)
     KIRKLAND & ELLIS LLP
8    555 California Street
     San Francisco, California 94104-1501
9    Telephone: (415) 439-1400
     Facsimile: (415) 439-1500
10
     Attorneys for Defendant/Counterclaimant
11   LUCENT TECHNOLOGIES INC. AND ALCATEL-
     LUCENT, S.A.
12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                   SAN JOSE DIVISION

16

17   SANDISK CORPORATION,                  Case No.:  C 07 03618 JF

18                  Plaintiff,             **JOINT CASE MANAGEMENT
                                           STATEMENT PURSUANT TO
19   vs.                                   FEDERAL RULE OF CIVIL
                                           PROCEDURE 26(f).**
20   LUCENT TECHNOLOGIES INC. and
     ALCATEL-LUCENT, S.A.,
21
                    Defendants.
22

23   AND RELATED COUNTERCLAIM

24

25          Plaintiff and Counterdefendant SanDisk Corporation ("SanDisk") and Defendant

26   and Counterclaimants Lucent Technologies Inc. ("Lucent") and Alcatel-Lucent, S.A.

27   (collectively, "Alcatel-Lucent" or "Defendants") hereby submit this Case Management

28
                                                              C 07 03618 JF

ACTIVE/72326511.3

1    Statement pursuant to Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9 in

2    preparation for the November 30, 2007, Initial Case Management Conference.

3    **1.    <u>Jurisdiction and Service.</u>**    All parties have been properly served and no issues exist

4    regarding personal jurisdiction.  Alcatel-Lucent contends that this Court lacks subject-matter

5    jurisdiction over this case and SanDisk disagrees.

6    **a.    SanDisk's Statement.**    This Court has jurisdiction over the subject matter of this action

7    pursuant to U.S.C.A. Const. Art. 3 § 1 et seq. and 28 U.S.C.A. § 2201(a).  This action was

8    initiated in response to Lucent's assertion of two patents, U.S. Patent No. 5,341,457 ("the '457

9    patent") and U.S. Patent No. RE39,080 ("the '080 patent"), against virtually all of SanDisk's

10   digital musical players currently on the market.  SanDisk disputed the need for a license, thus

11   creating a controversy sufficient to enable this Court to issue a declaratory judgment regarding

12   the parties' legal rights as they pertain to the two patents.  *See MedImmune, Inc. v. Genentech,*

13   *Inc.*, 127 S. Ct. 764, 771 (2007); *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372,

14   1381 (Fed. Cir. 2007).  *See also* SanDisk's Reply In Support of Motion for Summary Judgment

15   at Section II(A).  Lucent also agreed in writing that subject matter jurisdiction exists, and agreed

16   not to challenge subject matter jurisdiction in this matter.  *See* Second Declaration of Gregory

17   Lippetz, Exhibit A, filed in connection with SanDisk's Reply In Support of Motion for Summary

18   Judgment.

19   **b.    Alcatel-Lucent's Statement.**    Alcatel-Lucent disagrees with SanDisk's assertion that this

20   Court has subject-matter jurisdiction over this litigation.  First, the brief communications

21   between SanDisk and Alcatel-Lucent in May and June 2007 were not sufficient to create a real

22   and immediate controversy between the parties sufficient to support declaratory adjudication by

23   this Court.  *See MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007); *SanDisk Corp.*

24   *v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007).  *See also* Defendant's

25   Opposition To SanDisk's Motion for Summary Judgment at Section A.1.  Second, events

26   subsequent to the filing of SanDisk's complaint, including a judgment in another case involving

27   the patents-in-suit, a pending appeal of that judgment, Defendants' offer not to assert the patents

28   pending resolution of that appeal, and the issues identified in SanDisk's motion to dismiss,

**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO RULE 26(f)**

1    demonstrate that SanDisk's declaratory-judgment claims now lack the reality and immediacy

2    necessary to support subject-matter jurisdiction.  See *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495

3    F.3d 1340, 1343 (Fed. Cir. 2007).

4              Alcatel-Lucent also contests whether the non-disclosure agreement cited by

5    SanDisk has any impact on this Court's evaluation of whether it has subject-matter jurisdiction

6    over SanDisk's claim.  The Supreme Court has repeatedly held that parties can not, by

7    agreement, create jurisdiction where no facts supporting jurisdiction exist.  *See Sosna v. Iowa***,**

8    419 U.S. 393, 398 (1975) (parties agreement regarding subject matter jurisdiction insufficient to

9    "invoke the judicial power of the United States in litigation which does not present an actual

10   'case or controversy'"); *Ins. Corp. Of Ireland, Ltd. v. Compagnie Des Bauxites De Guinee*, 456

11   U.S. 694, 702 (1982) ("no action of the parties can confer subject-matter jurisdiction upon a

12   federal court").  Moreover, this Court must examine whether it has subject-matter jurisdiction

13   over SanDisk's claims even if Alcatel-Lucent had not raised an objection to subject-matter

14   jurisdiction.  *See, e.g.*,  *Wachovia Bank, N. A., v. Schmidt,* 546 U.S. 303, 316 (2006) (subject-

15   matter jurisdiction relates to the "court's competence to adjudicate a particular category of cases"

16   and "must be considered by the court on its own motion, even if no party raises an objection");

17   Fed. Rule Civ. Proc. 12(h)(3).

18   **2.**    **<u>Facts of the Case.</u>**  This case relates to alleged patent infringement of patents owned by

19   Lucent.

20   **a.**     **SanDisk's Statement.**  SanDisk manufactures, markets and sells digital music players as

21   part of its ongoing business.  SanDisk's digital music players can store music that has been

22   encoded into a digital format, and can play or decode such music files.  However, SanDisk's

23   digital music players cannot encode digital music files.  SanDisk's digital music players are

24   compatible with various file formats, including compressed music file formats commonly

25   referred to as "MP3" and "WMA."  SanDisk's digital music players are also compatible with

26   files that have been encoded by numerous manufacturers' encoding software, including Real

27   Networks' Rhapsody!, Apple's iTunes and Microsoft's Windows Media Player.

28

**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO RULE 26(f)**

ACTIVE/72326511.3

1    Lucent asserted two patents against SanDisk's digital music players, the '457

2  patent and the '080 patent.  The patents in suit were previously litigated in a suit involving,

3  Dolby Laboratories, Inc. and Dolby Laboratories Licensing. *Dolby Labs. v. Lucent Tech., Inc*.,

4  Case No. 5:01-cv-20709 (N.D. Cal.) (the "*Dolby* case").  On April 22, 2005, this Court granted

5  the Dolby parties summary judgment of non-infringement with respect to both the '457 and '938

6  patents.  On October 10, 2006, the Court of Appeals for the Federal Circuit affirmed the District

7  Court's judgment.  *Dolby Labs. v. Lucent Tech., Inc*., 202 Fed. Appx. 459, 2006 WL 3026384

8  (Fed. Cir. Oct. 10, 2006).

9    The patents in suit were also litigated in a lawsuit against Microsoft and its

10  personal computer manufacturer customers. *Lucent Tech., Inc. v. Gateway, Inc.*, Case No. 3:02-

11  cv-02060 (S.D. Cal.) (the "*Microsoft* case").  A jury verdict in that case was issued on February

12  22, 2007, finding that certain versions of Microsoft's Windows Media Player product infringed

13  certain claims of the '457 patent and '080 patents.

14    On May 11, 2007, Lucent asserted the '457 and '080 patents against SanDisk.

15  Faced with the choice of continuing to sell products accused of infringement or discontinuing its

16  entire digital music player product line, SanDisk filed the Complaint in this action, seeking a

17  declaration that its players did not infringe the patents, a declaration that it was licensed to the

18  '080 patent and a declaration that the patents were invalid.

19    On August 6, 2007, the *Microsoft* court granted Microsoft's motion for judgment

20  as a matter of law, and issued a final judgment reversing the jury's verdict (the "*Microsoft*

21  Judgment").  In the *Microsoft* Judgment, the court specifically held that: 1) another party,

22  Fraunhofer, was a joint owner of the '080 patent, 2) because Lucent was only a joint owner, it

23  lacked standing to bring suit for infringement of the '080 patent, 3) as a joint owner, Fraunhofer

24  was entitled to license the '080 patent, 5) Microsoft was licensed to the '080 patent, and 5)

25  Microsoft's Windows Media Player did not infringe the '457 patent.   Lucent is in the process of

26  appealing the *Microsoft* Judgment to the United States Court of Appeals for the Federal Circuit.

27  **b.    Alcatel-Lucent's Statement.**  On July 13, 2007, SanDisk filed its declaratory judgment

28  complaint following three brief communications from Alcatel-Lucent.  The first, a May 11,

**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO RULE 26(f)**

1    2007, Alcatel-Lucent letter to SanDisk, offered SanDisk "a non-exclusive patent license to

2    Alcatel-Lucent's patents for MP3 technology" and informed SanDisk that Alcatel-Lucent had

3    available for license "a number of patents relating to MP3 technology, including U.S. Patent No.

4    5,341,457 and U.S. Reissue Patent No. Re 39,080." *See* Defendant's Opposition To SanDisk's

5    Motion for Summary Judgment.  Alcatel-Lucent told SanDisk that it "believe[d] that SanDisk

6    should consider acquiring a license for its digital multimedia players with MP3 capabilities such

7    as those listed in [an] attached table" but the letter made no allegation that any of these players,

8    or any SanDisk activity, infringed either the '457 or '080 patent.  *Id.*

9        The second was a follow-up e-mail sent several weeks later, in which Alcatel-

10   Lucent requested information regarding the "person in charge of inbound licensing."  *Id.*  The

11   third was a response to SanDisk's litigation counsel, in which Alcatel-Lucent "reiterate[ed]

12   [Alcatel-Lucent's] offer to initiate a business discussion."  Although in response to a request

13   from SanDisk, Alcatel-Lucent pointed out that "these patents were involved in a litigation

14   against Microsoft" and identified the "specific claims [that] were found valid and infringed" in

15   that litigation,  Alcatel-Lucent did not assert in that e-mail that SanDisk infringed either the '080

16   or '457 patent or suggest that the Microsoft litigation result impacted SanDisk's products or

17   activities.  *Id.*  Even though SanDisk accepted Alcatel-Lucent's offer to meet, SanDisk filed its

18   complaint some two weeks before the scheduled meeting.  *Id.*

19       Lucent litigated an action against Microsoft in the United States District Court for

20   the Southern District of California for infringement of the '457 and '080 patents.  In February

21   2007, a jury returned a verdict that both patents were valid and infringed by Microsoft's MP3

22   audio-compression technology.  *Id.*  Just weeks after SanDisk filed its declaratory-judgment

23   complaint here, the district court in the *Microsoft* action issued an amended final judgment in

24   which the court held the '457 patent valid and enforceable, but not infringed.  *Id.*  The *Microsoft*

25   court held the '080 patent valid, enforceable, and infringed, but entered judgment in favor of

26   Microsoft on the grounds that a third party, Fraunhofer, co-owns the patent, depriving Lucent of

27   standing and providing Microsoft a license under a pre-existing agreement with Fraunhofer.  *Id.*

28   Both parties to the *Microsoft* action subsequently filed notices of appeal.  *Id.*

**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO RULE 26(f)**

ACTIVE/72326511.3

1        Defendants contacted SanDisk soon after the San Diego court issued its amended

2    judgment to propose a voluntary dismissal of this action without prejudice pending resolution of

3    the *Microsoft* appeal.  Lucent additionally agreed not to bring suit against SanDisk or its

4    customers on the '457 or '080 patents in the interim, and to afford SanDisk an opportunity —

5    upon the Federal Circuit's decision — to file a new declaratory-judgment action before Lucent,

6    if it chose, brought any action for infringement of the '457 or '080 patent.  SanDisk, however,

7    rejected this proposal, and instead demanded that Defendants stipulate to entry of judgment in

8    SanDisk's favor based upon the district court's judgment in the *Microsoft* litigation.  Defendants

9    subsequently filed a motion to dismiss this action without prejudice or, in the alternative, stay

10   this action pending resolution of the *Microsoft* appeal.  *See* Defendants' Motion To Dismiss

11   Without Prejudice Or Stay Pending Resolution Of Appeal In Related Case.  Defendants also

12   served and filed a responsive pleading in which Lucent interposed a compulsory counterclaim

13   for infringement of the '080 patent to avoid a later allegation that it had waived such a claim

14   should it prevail in the *Microsoft* appeal.  *See* Answer And Counterclaim Of Lucent

15   Technologies Inc. And Alcatel-Lucent, S.A.

16   **3.**    <u>**Legal Issues.**</u>  Many of the key legal issues are also set forth in detail in SanDisk's

17   Motion for Summary Judgment, SanDisk's Motion to Dismiss and Defendants Motion to

18   Dismiss or Stay.

19   **a.**    **SanDisk's Statement.**  SanDisk contends that it is not liable to Lucent for infringement

20   of the patents.  Both of the patents in suit relate to specific methods of encoding digital audio

21   signals as part of a compression system.  SanDisk's digital music players do not encode audio

22   signals and, as a result, do not directly infringe either patent.  Additionally, SanDisk's digital

23   music players are compatible with numerous file formats, such as WMA, encoded by many

24   manufacturers' encoding software, which are not alleged to involve use of the patents.  As a

25   result, SanDisk's digital music players have substantial non-infringing uses, relieving SanDisk of

26   liability for contributory infringement.  Furthermore, because SanDisk does not intend for its

27   customers to use Lucent's patented compression system, SanDisk is not liable for inducing

28

C 07 03618 JF

**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO RULE 26(f)**

ACTIVE/72326511.3

1   infringement.  Finally, SanDisk contends that it is licensed to the '080 patent because it has a

2   license to the Fraunhofer MP3 patents, including the '080 patent.

3   **b.    Alcatel-Lucent's Statement.**  Alcatel-Lucent contends that the brief interactions

4   between Alcatel-Lucent and SanDisk were not sufficient to create subject-matter jurisdiction

5   over SanDisk's claims.  *See* Defendant's Opposition To SanDisk's Motion for Summary

6   Judgment.  Moreover, Alcatel-Lucent contends that events subsequent to the filing of SanDisk's

7   complaint confirm that no subject-matter jurisdiction exists.  *Id.*  SanDisk is, therefore, not

8   entitled to any of the relief that it seeks.

9       Alcatel-Lucent disputes SanDisk's characterization of the '080 and '457 patents

10  as solely "relat[ing] to specific methods of encoding digital audio signals as part of a

11  compression system."  *See* ¶ 3a.  While both the '080 and '457 patents describe and claim

12  methods of encoding audio signals, the '080 patent includes a claim to a decoder capable

13  decoding signals encoded according to the patented method and the '457 patent includes a claim

14  directed to a storage medium that stores audio that has been encoded according to the patented

15  method.  *See* Defendant's Opposition To SanDisk's Motion for Summary Judgment.

16      Should this Court find that subject-matter jurisdiction does exist, Lucent contends

17  that SanDisk infringes, contributes to the infringement of, and induces infringement of at least

18  one claim of the '080 patent by virtue of its making, importing, using, offering for sale, or selling

19  its MP3 players.  Moreover, Lucent contends that SanDisk has not demonstrated that it is entitled

20  to a declaration of noninfringement on either patent-in-suit and that Lucent is entitled to

21  discovery on that issue.

22  **4.    Motions.**  On November 30, 2007, the Court is scheduled to hear argument on SanDisk's

23  Motion for Summary Judgment and SanDisk's Motion to Dismiss Lucent's Counterclaim.

24  SanDisk's Motion for Summary Judgment alleges that SanDisk is entitled to a judgment of non-

25  infringement because SanDisk does not indirectly or directly infringe either patent, and for a

26  judgment that SanDisk is licensed to the '080 patent.  SanDisk's Motion to Dismiss alleges that

27  Lucent's Counterclaim for infringement of the '080 patent should be dismissed because: 1)

28  SanDisk does not infringe the patent, as set forth in its Motion for Summary Judgment, 2)

**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO RULE 26(f)**

1    SanDisk is licensed to the '080 patent, and 3) Lucent lacks a legally protected interest in the '080

2    patent because it lacks standing to assert the patent.

3            On December 21, 2007, the Court is scheduled to hear argument on Defendants'

4    Motion to Dismiss or Stay SanDisk's Complaint.  Lucent's Motion To Dismiss or Stay alleges

5    that, as a result of Lucent's appeal of the *Microsoft* Judgment, and the potential impact of the

6    appeal on the issues to be decided in this case, the Court should exercise its discretion to either

7    dismiss SanDisk's Complaint or stay the entire action until the appeal is decided.

8            The parties do not anticipate filing any other motions at this time.

9    **5.    Amended Pleadings.**  To date, there have been no amendments to the pleadings in this

10   matter.   The parties agree that the Court should set a deadline to amend pleadings ninety (90)

11   days after the Court rules on the three pending motions.

12   **6.    Evidence Preservation.**  The parties have taken affirmative steps to preserve

13   discoverable evidence in this matter.  The parties have circulated litigation hold notices to the

14   employees likely to have discoverable evidence, and have suspended document destruction

15   policies that were likely to destroy discoverable evidence.

16   **7.    Disclosures.**  The parties conducted a conference under Fed. R. Civ. Proc. 26(f) on

17   Friday, November 9, 2007.

18   **a.    Fed. R. Civ. Proc. 26(a)(1) Disclosures.**  The Parties agree, and request that the Court

19   order, that service of Rule 26(a)(1) disclosures should occur thirty (30) days after the Court rules

20   on the last to be decided of the pending Motions.

21   **b.    Patent Local Rule 3-1 to 3-6 Disclosures.**  The parties disagree on the applicability and

22   timing for the Patent Local Rule 3-1 to 3-6 disclosures.

23   **(1)    SanDisk's Statement.**  SanDisk's position is that Lucent is obligated to provide its

24   Patent L.R. 3-1 and 3-2 disclosures on December 10, 2007, ten days after the Initial Case

25   Management Conference, and that SanDisk's Patent L.R. 3-3 and 3-4 disclosures should be due

26   on January 24, 2008, 45 days later.  Patent L.R. 3-5(a) provides that, in all declaratory judgment

27   cases, Patent L.R. 3-1 and 3-2 shall not apply "unless and until a claim for patent infringement is

28   made by a party."  Lucent made "a claim for patent infringement" when it filed its counterclaim

**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO RULE 26(f)**

1   for infringement of one of the two patents-in-suit.  Therefore, Patent L.R. 3-1 and 3-2 apply, and

2   Lucent must provide its disclosures as to the '080 patent by December 10, 2007.  Lucent's

3   compliance with Patent L.R. 3-1 and 3-2 will then obligate SanDisk to comply with Patent L.R.

4   3-3 and 3-4 as to the '080 patent 45 days later.

5          Although Patent L.R. 3-5(a) applies only to the '080 patent, for purposes of

6   efficiency and case management Lucent should provide disclosures regarding the '457 patent at

7   the same time.  Lucent will suffer no prejudice from doing so since it has already fully litigated

8   the '457 patent (as well as the '080 patent) in two separate cases, the *Dolby* case and the

9   *Microsoft* case.   Therefore, Lucent should make its disclosures in connection with the '080 and

10  '457 patent pursuant to Patent L.R. 3-1 and 3-2 by December 10, 2007, and SanDisk should

11  make its Patent L.R. 3-3 and 3-4 disclosures for both patents 45 days thereafter, or by January

12  24, 2008.

13  **(2)      Alcatel-Lucent's Statement.**  Alcatel-Lucent's position is that the submission of

14  preliminary infringement and invalidity disclosures under the Patent Local Rules should be

15  stayed until thirty (30) days after the Court rules on the last to be decided of the pending

16  Motions.  Alcatel-Lucent's position is consistent with the parties' positions regarding (1) Initial

17  Disclosures under Fed. R. Civ. P. 26(a) and (2) the initiation of discovery other than that needed

18  to respond to SanDisk's summary judgment motion.  *See* ¶¶ 7a, 8.  Because the pending Motions

19  may dispose of all issues raised in this matter or stay the case pending resolution of the *Microsoft*

20  appeal, Alcatel-Lucent believes that delaying the submission of infringement and invalidity

21  disclosures will not prejudice either party or delay the litigation.

22          Should the Court find that submission of preliminary infringement and invalidity

23  contentions is necessary, Alcatel-Lucent's position is that SanDisk should submit its preliminary

24  invalidity contentions regarding the '457 patent at the same time that Alcatel-Lucent submits its

25  preliminary infringement contentions regarding the '080 patent.  SanDisk would then submit its

26  preliminary invalidity contentions regarding the '080 patent 45 days later.  This procedure is

27  consistent with the Patent Local Rules and reflects the positions of the parties.  As SanDisk

28  points out above, Patent Local Rule 3-5(a) provides that a declaratory judgment defendant is not

**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO RULE 26(f)**

1   required to submit preliminary infringement contentions "unless and until a claim for patent

2   infringement is made." Lucent has made no claim for infringement of the '457 patent and is,

3   therefore, not required to submit infringement contentions. SanDisk seeks a declaration of

4   noninfringement on the '457 patent and, in the absence of any claim for infringement, has the

5   burden to demonstrate that it is entitled to such a declaration. SanDisk's argument that Lucent is

6   not prejudiced because it has previously litigated the '457 patent ignores that SanDisk's products

7   were not accused and not at issue in those earlier litigations.

8   **8.    Discovery.**

9   **a.    SanDisk's Statement.** SanDisk's position is that no discovery should occur until after

10  the Court rules on the three pending motions and that, if necessary, the parties should negotiate a

11  discovery plan after the Court rules on the pending motions.

12  **b.    Alcatel-Lucent's Statement.** Alcatel-Lucent's position is that discovery regarding the

13  issues presented in SanDisk's summary-judgment motion is required to provide a complete

14  record upon which Alcatel-Lucent can base its opposition to SanDisk's motion. *See* Defendants'

15  Opposition To SanDisk's Motion For Summary Judgment. Alcatel-Lucent agrees that no

16  discovery, other than that identified in Defendants' Opposition, should occur until after the Court

17  rules on the three pending motions and that, if necessary, the parties should negotiate a discovery

18  plan after the Court rules on the pending motions

19  **9.    Class Actions.** This is not a class action.

20  **10.    Related Cases.** There are two cases in which the patents-in-suit have previously been

21  litigated, the Dolby and Microsoft cases, discussed in the Facts of the Case section.

22  **11.    Relief.**

23  **a.    SanDisk's Statement.** SanDisk seeks a declaration that SanDisk has not infringed,

24  induced others to infringe or contributed to infringement of the '457 or '080 patents; that the '457

25  and '080 patents are invalid, in whole or in part; and that SanDisk is licensed to practice the '080

26  patent. SanDisk also seeks an injunction prohibiting Lucent from charging infringement of, or

27  instituting any action for alleged infringement of the '457 or '080 patents against SanDisk

28

C 07 03618 JF

**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO RULE 26(f)**

ACTIVE/72326511.3

1  whether direct or indirect, reasonable attorneys' fees and costs of suit, and for such other and

2  further relief as the Court deems just and equitable.

3  **b.    Alcatel-Lucent's Statement.**  Alcatel-Lucent denies that SanDisk is entitled to any of

4  the relief that it seeks.  Should this Court conclude it has subject-matter jurisdiction and

5  determines in its discretion to exercise that jurisdiction, Lucent seeks (1) a judgment that

6  SanDisk has infringed the '080 patent; (2) a permanent injunction enjoining SanDisk from

7  infringement, inducement of infringement, and contributory infringement of the '080 patent, (3)

8  damages adequate to compensate it for SanDisk's infringement of the '080 patent, including, if

9  proper, treble damages and prejudgment interest; (4) its attorney fees, costs, and expenses

10  incurred in prosecuting this action; (5) a order that SanDisk shall take no relief on any of its

11  declaratory-judgment claims; and (6) such other and further relief as this Court deems just and

12  proper.

13  **12.    Settlement and ADR.**  The parties agree that settlement discussions are premature and

14  will not be productive at this time.  The parties disagree as to the timing of future settlement

15  discussions and ADR processes.

16  **a.    SanDisk's Statement.**  SanDisk's position is that the parties should postpone any

17  discussion of ADR procedures under the Local ADR Rules until after the Court rules on its

18  pending Motion for Summary Judgment and Motion to Dismiss.

19  **b.    Alcatel-Lucent's Statement.**  Alcatel-Lucent's position is that the parties should conduct

20  a mediation after the Federal Circuit resolves the pending appeal of the *Microsoft* judgment and

21  notes that SanDisk agreed with that position in the Stipulation and Order Selecting ADR Process,

22  which has been signed by this Court.

23  **13.    Consent to a Magistrate Judge.**  The parties do not consent to the assignment of this

24  matter to a magistrate judge.

25  **14.    Other References.**  The parties have determined that this case is not suitable for

26  reference to binding arbitration or Special Master.

27  **15.    Narrowing of Issues.**  Other than the pending Motion for Summary Judgment and

28  Motions to Dismiss and issues raised therein, the parties are currently not aware of any issues

C 07 03618 JF

**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO RULE 26(f)**

ACTIVE/72326511.3

1    that can be narrowed by agreement or by motion, nor have they agreed on means to expedite the

2    presentation of evidence at trial.

3    **16.    Expedited Schedule.**  The parties have not determined whether this case can be handled

4    on an expedited basis.

5    **17.    Scheduling.**  The parties agree that they should discuss the proposed schedule for the

6    case after the Court rules on the three pending motions.

7    **18.    Trial.**  The parties agree that they should discuss the proposed date for and length of trial

8    after the Court rules on the three pending motions.

9    **19.    Disclosure of Non-Party Interested Entities or Persons.**  As of this date, other than the

10   named parties, there is no such interest to report.

11

12   DATED:  November 11, 2007                  BINGHAM MCCUTCHEN LLP

13

14                                             By:_____/S/  Gregory Lippetz_____
                                                           Gregory Lippetz
15
                                                     Attorneys for Plaintiff
16                                               SANDISK CORPORATION

17   DATED:  November 11, 2007                  KIRKLAND & ELLIS LLP

18

19                                             By:_____/S/ Jenny N. Lee_____
                                                           Jenny N. Lee
20
                                             Attorneys for Defendant/Counterclaimant
21                                           LUCENT TECHNOLOGIES INC. AND ALCATEL-
                                                          LUCENT, S.A.
22

23

24

25

26

27

28

C 07 03618 JF

**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO RULE 26(f)**

ACTIVE/72326511.3