Bingham McCutchen LLP
GREGORY LIPPETZ (SBN 154228)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
gregory.lippetz@bingham.com

Bingham McCutchen LLP
RICHARD S. TAFFET *Pro Hac Vice*
(NY SBN 1721182)
399 Park Avenue
New York, NY 10022-4689
Telephone: (212) 705-7000
Facsimile: (212) 752-5378
richard.taffet@bingham.com

Bingham McCutchen LLP
ROBERT C. BERTIN *Pro Hac Vice*
(VA Bar No. 42,478)
2020 K Street, NW
Washington, DC 20006
Telephone: (202) 427-4126
Facsimile (202) 373-6413
r.bertin@bingham.com

Attorneys for Plaintiff/Counter-Defendant
SANDISK CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SANDISK CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>LUCENT TECHNOLOGIES INC. and ALCATEL-LUCENT, S.A.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | No. C 07-03618 JF<br><br>**SANDISK CORPORATION'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE OR STAY PENDING RESOLUTION OF APPEAL IN RELATED CASE**<br><br>Date:     December 21, 2007<br>Time:     9:00 a.m.<br>Location: Courtroom 3<br>Judge:    Hon. Jeremy Fogel |

A/72321556.7/3002631-0000326417

## I. INTRODUCTION

Defendants Lucent Technologies Inc. and Alcatel-Lucent, S.A. (collectively "Lucent") move to dismiss, or in the alternative stay, this declaratory judgment action pending the appeal of another case involving Lucent and Microsoft[1] - to which plaintiff SanDisk Corporation ("SanDisk") is not a party. Lucent's sole ground for seeking this relief is that it purportedly will reduce or eliminate the issues to be litigated in this case. Defs. Motion at 1 and 2.[2] This ground is neither procedurally, factually or legally sound, and would deprive SanDisk of the ability to have its claims adjudicated now based on the undisputed record before the Court, specifically as set forth in SanDisk's motions for summary judgment and to dismiss Lucent's counterclaim for patent infringement. Adjudication of these motions, and judgment in favor of SanDisk, is not dependent on the result of the Lucent/Microsoft appeal, and will provide full and prompt relief to SanDisk in connection with the issues in this case.

In these circumstances, Lucent's motion to dismiss or stay should be denied, and Lucent should not be permitted to avoid a judgment in favor of SanDisk based upon the undisputed facts specific to this case, which will not be affected by the Federal Circuit's decision on the *Microsoft* appeal. Otherwise, SanDisk stands to suffer prejudice by having the cloud and uncertainty of alleged patent infringement hanging over its head for an indeterminate amount of time.

## II. ISSUES TO BE DECIDED

Should this case be dismissed or stayed pending the decision by the Federal Circuit in the *Microsoft* case based on Lucent's argument that such a decision may narrow or dispose of the issues in this case, notwithstanding that the undisputed record before the Court on SanDisk's pending motions for summary judgment and to dismiss Lucent's counterclaim of

---

[1] *Lucent Technologies Inc. v. Gateway, Inc. et al.*, Case No. 02CV2060, LEXIS U.S. Dist. LEXIS 57135 (S.D. Cal. Aug. 6, 2007) (the "*Microsoft* case").

[2] For purposes of this motion Lucent assumes that this Court has subject matter jurisdiction over the dispute between the parties (Defs. Mot. at 2), and that the ground argued as the basis for this motion is not contemplated by Fed. R. Civ. P. 12. *Id.* at 5 n.3.

patent infringement will resolve this case irrespective of the Federal Circuit's decision?

## III. FACTUAL BACKGROUND[3]

Lucent concedes that this is the third case involving its assertion of the same two patents - U.S. Patent No. 5,341,457 ("the '457 patent") and U.S. Patent No. RE39,080 ("the '080 patent"). Defs. Mot. at 2; *see also* SanDisk MSJ at 2. In both the *Dolby* case,[4] heard by this Court, and the *Microsoft* case, Lucent was unsuccessful in its efforts. By this motion, Lucent seeks to avoid the same fate in this case.

This case arises from Lucent's assertion of the '457 and '080 patents following the jury verdict in the *Microsoft* case in favor of Lucent. At that time, Lucent claimed SanDisk infringed both patents by virtue of SanDisk's sale of its complete line of digital audio MP3 players. SanDisk MSJ at 10. SanDisk disputed Lucent's position, and filed its Complaint for declaratory relief in this action on July 18, 2007.

As Lucent recounts, after SanDisk commenced this action, the district court in *Microsoft* reversed the jury verdict, and issued a final judgment finding, *inter alia*, non-infringement by Microsoft of the '457 patent and that Lucent is only a co-owner of the '080 patent, leading to the conclusion that Lucent lacks standing to assert it against alleged infringers, and that the other co-owner had licensed the '080 patent to Microsoft. Defs. Mot. at 3; *see also* SanDisk MSJ at 9.

Lucent advises that both parties to the *Microsoft* case have filed notices of appeal, with Lucent asking the Federal Circuit to consider, among others, the issues of co-ownership of the '080 patent, and whether Microsoft infringed the '457 patent. Defs. Mot. at 3.

On October 12, 2007, Lucent filed the instant motion, together with its answer to SanDisk's Complaint and a counterclaim alleging infringement by SanDisk of the '080 patent.

---

[3] Reference is made to SanDisk's Motion for Summary Judgment ("MSJ") for a full discussion of the factual and procedural history of this case. The discussion here seeks to focus on matters specific to this motion.

[4] *Dolby Laboratories, Inc. v. Lucent Technologies Inc.*, Case No. C 01-20709 JF (RS) (N.D. Cal. 2005).

1  No counterclaim was asserted concerning SanDisk's infringement of the '457 patent.  Moreover,

2  Lucent concedes that it lacks standing to assert its counterclaim in connection with the '080 in

3  light of the district court's holding in *Microsoft*, as respects which it simply avers that it

4  disagrees.  Defs. Answer and Counterclaim at ¶ 8.[5]  Lucent does not, however, dispute - nor can

5  it - that the *Microsoft* judgment has a final and binding effect pending appeal.  SanDisk MSJ at

6  12-13.  In the instant motion, as previously noted, Lucent assumes that subject matter

7  jurisdiction is proper and concedes that it is not moving to dismiss under any of the grounds

8  enumerated in Fed. R. Civ. P. 12.  Lucent also does not challenge the sufficiency of SanDisk's

9  pleading.  Rather, Lucent argues solely that this Court should exercise its discretion and refuse

10  to preside over SanDisk's well-pled declaratory judgment complaint, and by implication the

11  pending motions that require judgment in SanDisk's favor.  Lucent argues that such an exercise

12  of discretion is warranted because "any case or controversy between the parties will be

13  substantially narrowed - and perhaps resolved entirely - by an appeal currently pending before

14  the Federal Circuit involving the same patents and the same audio-compression technology."

15  Defs. Mot. at 3.  Lucent goes on to say that if the district court's decision in *Microsoft* remains

16  undisturbed, Lucent will lack prudential standing to even pursue claims of infringement in

17  connection with the '080 patent.  *Id.*

18           What Lucent fails to mention, however, is that the outcome of this case is not

19  dependent on the issues to be heard in the *Microsoft* appeal.  As set out in SanDisk's motions for

20  summary judgment and to dismiss Lucent's counterclaim, the undisputed record establishes that

21  SanDisk does not directly or indirectly infringe either the '457 or '080 patent.  SanDisk MSJ at

22  13-17; SanDisk Motion to Dismiss Counterclaim at 5-6.  Thus, while a decision by the Federal

---

[5] Lucent's counterclaim concerning the '080 patent is presently the subject of SanDisk's motion to dismiss to be heard on November 30, 2007.  One ground asserted by SanDisk in support of its motion is Lucent's lack of standing.  This, however, is not the only ground asserted.  Most significantly for purposes of this motion, SanDisk also shows, as it did in connection with its motion for summary judgment, that the undisputed record establishes that SanDisk does not infringe the '080 patent because its audio players do not encode.  SanDisk Motion to Dismiss Counterclaim at 5-6; SanDisk MSJ at 18.

1  Circuit in the *Microsoft* case might provide additional reasons why judgment in SanDisk's favor
2  is appropriate, there are presently before this Court issues that are totally independent of the
3  issues to be addressed on appeal in *Microsoft*. These issues relate to SanDisk's products and
4  SanDisk's conduct, and based on the undisputed record, judgment in favor of SanDisk should be
5  entered because SanDisk does not infringe the patents in suit.

## IV.    ARGUMENT

### A.    SanDisk's Complaint Should Not Be Dismissed

As commented, Lucent's entire motion to dismiss is based on the ground that it would be more efficient if this Court exercised its discretion and allowed the Federal Circuit to decide the *Microsoft* appeal before considering SanDisk's dispositive motions or otherwise letting this case proceed. By so doing, Lucent argues, the Court would "avoid a foreseeable and potentially vast waste of judicial resources." Defs. Mot. at 5. Lucent's argument, however, overstates the legal authorities cited, and avoids the fact, as discussed above, that a dismissal will substantially prejudice SanDisk's ability to have its rights adjudicated now on the undisputed record that it does not infringe Lucent's patents. It would also cause SanDisk a high degree of uncertainty for an indefinite period of time because almost its entire line of audio players will be subject to allegations of patent infringement while Lucent wages its battles with Microsoft.

In these circumstances, denial of Lucent's motion to dismiss is warranted, even though it is correct that a district court retains discretion to decline to accept an action seeking declaratory relief. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 290 (1995). Contrary to Lucent's suggestion, such discretion is not unbounded, and "is not plenary." *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345 (Fed. Cir. 2005). "There must be well-founded reasons for declining to entertain a declaratory judgment action." *Capo, Inc. v. Dioptics Med. Prods.*, 387 F.3d 1352, 1355 (Fed. Cir. 2004). The Federal Circuit in *Capo* explained:

> The district court retains appropriate discretion to decline to accept a declaratory action, to be exercised "in accordance with the purposes of the Declaratory Judgment Act and the principles of sound judicial administration." The court must

> determine whether hearing the case would "serve the objectives for which the Declaratory Judgment Act was created." However, when these objectives are served, dismissal is *rarely proper*.

387 F.3d at 1355 (emphasis added) (internal citations omitted). In vacating and remanding the district court's dismissal of appellant's declaratory judgment action, the Federal Circuit in *Capo* addressed the limited extent of a district court's discretion in the context of the *EMC* case[6] (relied upon by Lucent) and the decision in *BP Chem. Ltd. v. Union Carbide Corp.*, 4 F.3d 975 (Fed. Cir. 1993). In each of those cases, the Federal Circuit commented, dismissal was a proper exercise of discretion because "[i]n *EMC* the court found that the declaratory action was brought in order to gain an advantage in licensing negotiations, and deemed that an improper purpose. In *BP Chemicals* the court observed that dismissal of a declaratory judgment action was supported by the lack of joinder of necessary parties." *Capo*, 387 F.3d at 1355 (internal citations omitted).[7]

Neither such circumstance exists in this case. To the contrary, Lucent raises no issue that SanDisk's filing of a declaratory judgment case was to gain any advantage in licensing negotiations, nor is there any reason this Court cannot fully adjudicate SanDisk's non-infringement of the patents in suit whether because of a non-joined party or otherwise. Absent such well-founded reasons for declining to entertain SanDisk's declaratory judgment action, precedent establishes that a party such as SanDisk, faced with an accusation that it infringes Lucent's patent, "has the right to resolve the dispute." *Id*.[8]

---

[6] *EMC Corp. v. Norand Corp.*, 89 F.3d 807 (Fed. Cir. 1996).

[7] The other cases sought to be relied upon by Lucent are equally inapposite. In *Serco Serv. Co., L.P. v. Kelley, Co., Inc.*, 51 F.3d 1037 (Fed. Cir. 1995), the declaratory judgment suit was dismissed because three days later the declaratory judgment defendant filed an affirmative infringement claims against the declaratory judgment plaintiff. The question therefore, was not whether to dismiss, but rather which case should be dismissed. Such is not the case here. *L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527 (Fed. Cir. 1995), addressed issues wholly unrelated to those involved in this case. There, dismissal was granted in light of an appeal of the PTO's rejection of all claims in connection with a reissue patent.

[8] Citing *Telectronics Pacing Sys., Inc. v. Ventritex, Inc.*, 982 F.2d 1520, 1526 (Fed. Cir. 1992)
(Footnote Continued on Next Page.)

1   Dismissing SanDisk's declaratory judgment action would also be an

2  inappropriate exercise of the Court's discretion because of the uncertainty that will be caused to

3  SanDisk. The Federal Circuit, in *Electronics for Imaging,* explained the nature of uncertainty

4  that must be considered in the context of a declaratory judgment claim:

> The proper inquiry should not have been whether a party is "certain" that its legal position and defense theories are sound, because litigation is rarely "certain," even if one is confident of one's position. When a party is threatened as [plaintiff] has been, there are other uncertainties, including whether there will be legal proceedings at all, not just whether one will prevail. There is the uncertainty whether one will have to incur the expense and inconvenience of litigation, and how it will affect the threatened party's customers, suppliers, and shareholders. Reservation of funds for potential damages may be necessary. If "certainty" in one's position were to preclude invocation of the [Declaratory Judgment] Act, then the Act would fail to achieve its purpose of promoting resolution of disputes, as parties threatened with unjustified litigation, even if they are "certain" that they will prevail, must incur other uncertainties. When threatened, they are therefore entitled to sue to bring an end to the threat, despite their confidence in their position.

14  394 F.3d at 1346-47.

15  Here, the uncertainties that would be faced by SanDisk if the relief sought by

16  Lucent were granted are manifest. Lucent aggressively asserted the '457 and '080 patents

17  against almost SanDisk's entire line of audio MP3 players. In so doing, Lucent created exactly

18  the uncertainty recognized by the Federal Circuit, especially in connection with how SanDisk

19  will be able to conduct its business in marketing those products. Delaying a determination of

20  SanDisk's rights, as sought by Lucent, will only exacerbate SanDisk's uncertainty. Will there

21  be litigation in the future? What steps should SanDisk take now while Lucent and Microsoft

22  continue their battle? How should SanDisk, as a public company, disclose the infringement

23  claims by Lucent during the pendency of the Lucent/Microsoft dispute?

24  For these reasons, Lucent has failed to make the requisite showing that would

---

(Footnote Continued from Previous Page.)

(declaratory judgment actions evidencing a conflict of sufficient immediacy and reality should be allowed to proceed).

1  support this Court's exercise of discretion to not hear SanDisk's declaratory judgment action.

2  As such, Lucent's motion should be denied.

3      **B.**    **A Stay Is Unwarranted**

4      Lucent argues that the "same efficiencies that support dismissal . . . support a

5  stay." Defs. Mot. at 6. The argument is equally inappropriate in this context.

6      "[T]he power to stay proceedings is incidental to the power inherent in every

7  court to control the disposition of the causes on its docket with economy of time and effort for

8  itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

9  When determining whether a discretionary stay is appropriate, however, courts "must weigh

10 competing interests" and the party moving for the stay "must make out a clear case of hardship

11 or inequity." *Id.* at 254-55. A court must therefore weigh "the possible damages which may

12 result from the granting of a stay, the hardship or inequity which a party may suffer in being

13 required to go forward, and the orderly course of justice measured in terms of the simplifying or

14 complicating of issues, proof, and questions of law which could be expected to result from a

15 stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (internal citations omitted).

16 Furthermore, "if there is even a fair possibility that the stay . . . will work damage to someone

17 else, the party seeking the stay must make out a clear case of hardship or inequity." *Id.* at 1112

18 (internal citations omitted). Thus, "[o]nly in rare circumstances will a litigant in one case be

19 compelled to stand aside while a litigant in another settles the rule of law that will define the

20 rights of both." *Landis*, 299 U.S. at 255.

21     Here, Lucent has failed entirely to even come close to making the requisite

22 showing that would support a stay. Simply stating that efficiencies will arise because some - but

23 clearly not all - issues may be resolved by the *Microsoft* appeal, falls far short of any showing of

24 hardship or inequity. This is particularly the case given Lucent's aggressive assertion of the

25 patents in suit against SanDisk after the jury verdict in *Microsoft*, but even before the final

26 judgment in that case was entered. The fact that Lucent may have overstepped or acted

27 prematurely is of no moment; it still has placed SanDisk in the position of being accused of

28 patent infringement, and SanDisk has presented unrebutted proof that it does not infringe. As

1  previously commented, if SanDisk is prevented the opportunity to have its rights adjudicated, it
2  will face significant uncertainty.  For these reasons alone, Lucent's request for a stay should be
3  denied.

4  Lucent's request for a stay also cannot be supported in light of established
5  precedent denying stays in one case while an appeal is pending in another that might resolve
6  some issues faced in the first case.  *Convergence Corp. v. Cezar Int'l, Ltd.*, 539 F. Supp. 760
7  (N.D. Cal. 1981), is instructive.

8  In *Convergence*, the plaintiff filed a patent infringement action against defendants
9  in this Court and defendants counterclaimed based on plaintiff's alleged violations of the
10 Sherman Act.  *Id*. at 761.  Approximately nine months thereafter, the Central District of
11 California entered judgment in another case on the same patents, but involving different
12 defendants, holding that the patents were invalid.  *Id*.  Defendants in the Northern District action
13 then filed for summary judgment to dismiss plaintiff's infringement claims based on the
14 collateral effect of the Central District Court's judgment.  Plaintiff appealed the Central
15 District's judgment to the Ninth Circuit and sought a stay from this Court pending the outcome
16 of the appeal.  *Id* .at 762.  This Court denied the request.

17 In so doing, this Court first observed that "[i]t is a well-established general rule . . .
18 that pendency of an appeal does not suspend the operation of an otherwise final judgment as
19 res judicata or collateral estoppel." *Id.*  The Court then concluded that the plaintiff had failed to
20 demonstrate any special grounds that would render the general rule inapplicable.  "While plaintiff
21 must proceed to trial and mount a defense to the counterclaims in these actions, plaintiff opened
22 itself to this possibility in initiating these actions." *Id.*  Further, the Court noted, that the patent-
23 owning plaintiff would suffer no undue prejudice from entry of summary judgment in favor of
24 defendants.  "If plaintiff wishes to appeal this Court's ruling, it may file a statement of related case
25 with the Ninth Circuit pursuant to Rule 13(j)(4) of the Rules of the United States Court of Appeals
26 for the Ninth Circuit.  Even if plaintiff does not appeal these judgments, it may move this Court
27 for relief from these judgments under *Federal Rule of Civil Procedure 60(b)(5)* in the event that
28

the Ninth Circuit should reverse Judge Pfaelzer's determination of invalidity." *Id*. at 762 n.1 (italics in original).[9]

Likewise, there is no question that the district court judgment in *Microsoft* has collateral estoppel and res judicata effect against Lucent. For this reason alone, and separate from SanDisk's showing that it does not infringe either patent in suit, SanDisk is entitled to summary judgment, and Lucent's counterclaim in connection with the '080 patent must be dismissed. Lucent concedes that it does not have standing to assert the counterclaim. Opp. To MSJ at 4; *see also* Defs. Mot. At 5. In addition, just as in *Convergence*, Lucent cannot show prejudice from entry of summary judgment in favor of SanDisk and dismissal of its counterclaim. It, too, can seek to have an appeal of this case heard by the Federal Circuit as related to the *Microsoft* appeal, or move this Court to vacate the judgment in favor of SanDisk if the Federal Circuit reverses the *Microsoft* district court judgment.[10]

In all events, Lucent has failed to make the requisite showing that would support a stay of this case.[11]

---

[9] *See also Joint Apprenticeship & Training Comm. of the Plumbing and Pipefitting Indus. of San Mateo v. Div. of Apprenticeship Standards*, Case No. C 95-4122 MMC, 1996 U.S. Dist. LEXIS 12212, *6 (N.D. Cal. August 1, 1996) (denying stay in one case pending appeal of another case even in view of argument that "the resolution of the issues in [the other case] will significantly affect this case, and therefore the interest of judicial economy would be served by staying this action").

[10] Indeed, SanDisk offered to avoid further litigation at this time by proposing to Lucent that it stipulate to entry of a judgment of non-infringement and license. Lucent rejected this offer

[11] Lucent's citation to *Leyva v. Certified Grocers of California*, 593 F.2d 857, 863 (9th Cir. 1979) and *Wing Shing Prods. (BVI) LTD. v. Simatelex Manufacturing Co., Ltd.*, Case No. 01 Civ. 1044 (RJH)(HBP), 2005 U.S. Dist. LEXIS 6780, *6-7 (S.D.N.Y. Apr. 18, 2005), does not compel a contrary conclusion. In *Leyva*, the Court of Appeals remanded the case to the district court to consider whether specific circumstances, absent here, existed that warranted a stay pending arbitration. In *Wing Shing,* the stay pending appeal in another case was sought by the accused infringer, leading the court there to conclude that the patent owner would not be prejudiced because any harm suffered by it would be monetary in nature. In contrast, here the prejudice to SanDisk as an accused infringer arises from the uncertainty it faces by being unable to have its rights adjudicated promptly. Such prejudice compels denial of Lucent's request for a stay, especially since Lucent has not shown, and cannot show, any prejudice from this Court's entry of judgment in favor of SanDisk.

**V.   CONCLUSION**

For the foregoing reasons, SanDisk respectfully requests that this Court deny Lucent's Motion to Dismiss or Stay Pending Resolution of Appeal in a Related Case.

DATED:  November 29, 2007

Bingham McCutchen LLP


By:     /s/ Gregory L. Lippetz
          Gregory L. Lippetz
Attorneys for Plaintiff/Counter-Defendant
          SanDisk Corporation