1  Bingham McCutchen LLP
   GREGORY LIPPETZ (SBN 154228)
2  Three Embarcadero Center
   San Francisco, CA  94111-4067
3  Telephone:  (415) 393-2000
   Facsimile:  (415) 393-2286
4  gregory.lippetz@bingham.com

5  Bingham McCutchen LLP
   RICHARD S. TAFFET *Pro Hac Vice*
6  (NY SBN 1721182)
   399 Park Avenue
7  New York, NY  10022-4689
   Telephone:  (212) 705-7000
8  Facsimile:  (212) 752-5378
   richard.taffet@bingham.com
9
   Bingham McCutchen LLP
10 ROBERT C. BERTIN *Pro Hac Vice*
   (VA Bar No. 42,478)
11 2020 K Street, NW
   Washington, DC 20006
12 Telephone: (202) 427-4126
   Facsimile (202) 373-6413
13 r.bertin@bingham.com

14 Attorneys for Plaintiff/Counter-Defendant
   SANDISK CORPORATION

15

UNITED STATES DISTRICT COURT

16

NORTHERN DISTRICT OF CALIFORNIA

17

SAN JOSE DIVISION

18

19

| SANDISK CORPORATION, | No. C 07-03618 JF |
|---|---|
| Plaintiff, | SANDISK CORPORATION'S REPORT FOLLOWING NOVEMBER 30, 2007 HEARING |
| vs. | |
| LUCENT TECHNOLOGIES INC. and ALCATEL-LUCENT, S.A., | |
| Defendants. | |
| AND RELATED COUNTERCLAIM | |

A/72342673.4/3002631-0000326417

SANDISK CORPORATION'S REPORT C 07-03618 JF

1       On November 30, 2007, SanDisk Corporation ("SanDisk") and Lucent Technologies and Alcatel-Lucent, S.A. (collectively "Lucent") appeared for hearings on SanDisk's Motion for Summary Judgment and SanDisk's Motion to Dismiss Lucent's Counterclaim.  The Court heard argument and took these motions, and Lucent's Motion to Dismiss or Stay, under submission.  The Court further requested that the parties meet and confer regarding whether they could agree on the terms of a consensual stay of this case pending the appeal of *Lucent Technologies Inc. v. Gateway, Inc. et al.*, Case No. 02CV2060, LEXIS U.S. Dist. LEXIS 57135 (S.D. Cal. Aug. 6, 2007) (the "*Microsoft* case"), that is currently before the Federal Circuit.

        The parties have met and conferred, but are unable to reach an agreement.  Lucent proposed that, in exchange for SanDisk's consent to a stay, Lucent would agree to a limited covenant not to seek infringement damages from SanDisk under the patents in suit for SanDisk's past and future activities, but only through the date of the Federal Circuit's ruling in *Microsoft*.  In response, SanDisk explained to Lucent, as it argued to the Court, that absent a complete covenant not to assert the patents in suit against SanDisk or its customers for past or future infringement damages relating to SanDisk's accused products and future products that perform in substantially the same manner, SanDisk would continue to face prejudicial uncertainty, and the Court should rule on SanDisk's pending motions for summary judgment and to dismiss Lucent's counterclaim for infringement.

        As argued to the Court, and as set forth in SanDisk's Opposition to Defendant's Motion to Dismiss or Stay, anything less than the covenant requested by SanDisk will expose SanDisk to the continuing uncertainty for which the Declaratory Judgment Act is meant to provide relief.  *See Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1346 (Fed. Cir. 2005); *see also* SanDisk's Opposition to Defendants' Motion to Dismiss or Stay ("SanDisk Opp.") at 6.  In particular, under Lucent's proposal, SanDisk will continue to suffer uncertainty regarding:  (1) whether there will be future litigation; (2) what expenses SanDisk might incur from such litigation; (3) how the possibility of future litigation might impact SanDisk's customers and

suppliers; and (4) how disclosure of the potential for such litigation in SanDisk's public filings might impact SanDisk's shareholders. *Electronics for Imaging,* 394 F.3d at 1346-47.

In these circumstances, unless a covenant of the type requested by SanDisk is agreed upon by Lucent, this Court's subject matter jurisdiction over this dispute cannot be questioned.[1] As a result, the Court should address SanDisk's motions, and find that SanDisk is entitled to the relief sought in its motions on the undisputed record before the Court that establishes the absence of infringement of either of the patents in suit.

A stay in this case is also entirely unjustified in light of the prejudice that SanDisk will face under the approach proposed by Lucent because "if there is even a fair possibility that the stay . . . will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); SanDisk Opp. at 7-9. Lucent has not and cannot (and certainly did not during the meet and confer discussions) explain any clear case of hardship or inequity. Indeed, as explained in *Convergence Corp. v. Cezar Int'l, Ltd.*, 539 F. Supp. 760 (N.D. Cal. 1981), a grant of summary

---

[1] *Compare Crossbow Tech., Inc. v. YH Tech.*, Case No. C 03-4360 SI, 2007 WL 2408879 (N.D. Cal. Aug. 21, 2007) (finding defendant's written covenant not to sue, combined with a motion to dismiss with prejudice, unequivocally established that defendant would not pursue claims for infringement of the patent in suit against plaintiff); *MMJK, Inc. v. Ultimate Blackjack Tour LLC*, Case No. C07-3236 BZ, 2007 U.S. Dist. LEXIS 85502, *1-2 (N.D. Cal. Nov. 7, 2007) (granting motion to dismiss "in view of plaintiff's unconditional covenant not to sue"); *Innovative Eng'g Solutions, Inc. v. Misonix, Inc.*, Case No. 05-1592-PK, 2007 U.S. Dist. LEXIS 32964, *3 (May 3, 2007) (finding that the "covenant not to sue provides that plaintiff will not bring an infringement action against [defendant] 'arising from the past, present or future . . .' of any product sold or manufactured" prior a certain date); *Benitec Aust., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1347-48 (Fed. Cir. 2007) (stating that "a statement of intent not to sue during negotiations is not the same as a covenant not to sue in the future for infringement"); *with Monolithic Power Systs., Inc. v. 02 Micro Int'l Ltd.*, Case No. C 07-2363 CW, 2007 U.S. Dist. LEXIS 61961 (N.D. Cal. Aug. 13, 2007) (finding that plaintiff deserved the right to resolution of issues included in its claim for declaratory judgment where plaintiff's new products were not included in defendant's covenant not to sue); *Lear Auto. Dearborn, Inc. v. Johnson Controls, Inc.*, Case No. 04-73461, 2007 U.S. Dist. LEXIS 81479 (Nov. 2, 2007) (finding covenant not to sue on only one of thirteen patent claims insufficient to divest court of jurisdiction); *FieldTurf USA, Inc. et al. v. Sports Constr. Group, LLC, et al.*, 507 F. Supp. 2d 801 (N.D. Ohio 2007) (finding narrow promise not to sue left open possibility of additional suits); *WS Packaging Group, Inc. v. Global Commerce Group, LLC*, 505 F. Supp. 2d 561, 564 (E.D. Wis. 2007) (noting that defendant's "reservation of the right to sue [plaintiff's] customers not having an indemnification agreement with [plaintiff]" indicated possibility of further suits).

A/72342673.4/3002631-0000326417                2

SANDISK CORPORATION'S REPORT C 07-03618 JF

1  judgment in favor of SanDisk and dismissal of Lucent's counterclaim will cause Lucent no

2  prejudice.  *See* SanDisk Opp. at 8.

3

4  DATED:  December 7, 2007

5                                          Bingham McCutchen LLP

6

7

8                                          By:        /s/ Gregory L. Lippetz
                                                      Gregory L. Lippetz
                                            Attorneys for Plaintiff/Counter-Defendant
9                                                     SanDisk Corporation