1  Jenny N. Lee (Bar No. 247684)
   KIRKLAND & ELLIS LLP
2  555 California Street
   San Francisco, California 94104-1501
3  Telephone: (415) 439-1400
   Facsimile: (415) 439-1500
4

5  *Attorney for Defendants*
   *Lucent Technologies Inc.*
6  *and Alcatel-Lucent, S.A.*

7
                    **UNITED STATES DISTRICT COURT**
8                   **NORTHERN DISTRICT OF CALIFORNIA**
                         **SAN JOSE DIVISION**
9

10 SANDISK CORPORATION,                    ) Case No. C 07-03618 JF
                                           )
11         Plaintiff,                      )
                                           )
12     vs.                                 ) **DEFENDANTS' REPLY IN SUPPORT**
                                           ) **OF MOTION TO DISMISS WITHOUT**
13 LUCENT TECHNOLOGIES INC. and            ) **PREJUDICE OR STAY PENDING**
   ALCATEL-LUCENT, S.A.,                   ) **RESOLUTION OF APPEAL IN**
14                                         ) **RELATED CASE**
           Defendants.                     )
15                                         )
                                           ) Date:      December 21, 2007
16                                         ) Time:      9:00 a.m.
                                           ) Courtroom: Courtroom 3, 5th Floor
17                                         ) Judge:     Hon. Jeremy Fogel

18

19

20

21

22

23

24

25

26

27

28

Reply Brief in Support of Defendants' Motion to                    Case No. C 07-03618 JF
Dismiss Without Prejudice or Stay Pending
Resolution of Appeal in Related Case

## INTRODUCTION

SanDisk's arguments in opposition to Defendants' Motion To Dismiss Without Prejudice or Stay Pending Resolution of Appeal in Related Case ("Defendants' Motion") are legally and factually without merit. Until the *Microsoft* appeal is decided, this case does not meet the objectives of the Declaratory Judgment Act. This Court should therefore at a minimum stay this action during the pendency of the *Microsoft* appeal. A stay will reduce the potential for wasted effort by this Court and the parties in litigating issues now that may be decided or mooted by the Federal Circuit in the near future. Further, Defendants' offer to waive damages — both past damages and damages accruing during the stay — demonstrate that SanDisk will not be prejudiced in any way by a stay.

## CASE MANAGEMENT UPDATE

On November 30, 2007, this Court heard oral argument on SanDisk's Motion to Dismiss and Motion for Summary Judgment of Noninfringement. (Declaration Of Robert A. Appleby In Support Of Defendants' Reply In Support Of Motion To Dismiss Or Stay ("Appleby Decl."), ¶ 2.) During that argument the Court requested whether Lucent might consider forgoing damages for infringement of the patents-in-suit accruing during a stay, if the Court chose to stay the action. (*Id.*, ¶ 3.) The Court also asked the parties to meet and confer regarding the possibility of stipulating to a stay pending resolution of the *Microsoft* appeal. (*Id.*, ¶ 4.) On December 4, 2007, and again on December 5, 2007, counsel for the parties met and conferred as the Court requested. (*Id.*, ¶ 5.) During those conversations, Lucent offered to forgo past damages and any damages accruing during a stay in return for SanDisk's stipulation to a stay pending the *Microsoft* appeal. (*Id.*, ¶ 6.) SanDisk refused that offer, but instead demanded that Lucent covenant not to sue SanDisk or its customers for all past and future damages for SanDisk's current digital music player products, or their natural evolutions. (*Id.*, ¶ 7.)

Such a covenant would constitute a full covenant not to sue, which would deprive this Court of subject-matter jurisdiction and obviate any need for a stay. *See Amana Refrigeration, Inc. v. Quadlux, Inc.,* 172 F.3d 852, 855 (Fed.Cir.1999) (citing *Super Sack Mfg. Corp. v. Chase Packaging Corp.,* 57 F.3d 1054, 1060 (Fed.Cir.1995)). Moreover, such a covenant does not require approval by

| Reply Brief in Support of Defendants' Motion to Dismiss Without Prejudice or Stay Pending Resolution of Appeal in Related Case | -1- | Case No. C 07-03618 JF |

SanDisk. *Id.* Lucent's offer regarding waiver of damages stands, but in light of the parties' failure to reach agreement, Lucent files this reply in support of its motion to dismiss or stay. Lucent has, however, included its offer to waive damages in its reply as that offer directly impacts SanDisk's arguments regarding the prejudice it alleges from a stay.

## ARGUMENT

Either a stay pending resolution of the *Microsoft* appeal, or alternatively, a dismissal without prejudice is warranted because considerations of judicial economy outweigh any possible prejudice to SanDisk. SanDisk has failed to demonstrate otherwise.

### A.  A Stay Of This Action Is Proper In Light Of The *Microsoft* Appeal And Lucent's Offer To Forgo Damages

As discussed in Defendants' opening brief, this case should be stayed pending resolution of the *Microsoft* appeal. SanDisk argues that a stay is inappropriate for two reasons. First, SanDisk asserts that Defendants have failed to "make out a clear case of hardship or inequity" necessary to support a stay under Ninth Circuit precedent. *See* SanDisk Opp. at 7 (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005)). Second, SanDisk asserts that established precedent cautions against granting stays during the pendency of an appeal that might resolve issues in the first case. *See* i*d.* at 8 (citing *Convergence Corp. v. Cezar Int'l Ltd.,* 539 F.Supp. 760 (N.D. Cal.. 1981)).

#### 1.  The Discretion Of District Courts To Dismiss Or Stay Declaratory Judgment Actions Is Uniquely Broad

Neither of the cases cited by SanDisk analyze whether a stay is appropriate in the context of a declaratory judgment action and are, therefore, inapposite because the Supreme Court has cautioned against applying non-declaratory judgment analyses of discretion to declaratory judgment actions. *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 286-7 (1995) ("The statute's textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distinguish the declaratory judgment context from other areas of the law in which concepts of discretion surface."). The Declaratory Judgment Act "confers discretion on the courts rather than an absolute right on the litigant." *Id.* at 287. Thus, the "normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial

Reply Brief in Support of Defendants' Motion to    -2-    Case No. C 07-03618 JF
Dismiss Without Prejudice or Stay Pending
Resolution of Appeal in Related Case

administration." *Id.* at 288.  For this reason alone, SanDisk's *Lockyer* and *Convergence*-based arguments should be rejected.

### 2. The *Lockyer* Analysis Supports Application Of A Stay

But even if the *Lockyer* analysis were proper here, the application of that analysis demonstrates that this Court's exercise of discretion would be appropriate.  In *Lockyer*, the issue was whether a district court could stay a proceeding between the California Attorney General and the defendant, who sought a stay pending resolution of a bankruptcy proceeding.  398 F.3d at 1100-01.  In deciding whether a stay was appropriate, the Ninth Circuit looked to "the balance of hardships between the parties" and "the prospect of narrowing the factual and legal issues in the other proceeding."  *Id.* at 1112.  The Ninth Circuit found a stay inappropriate because (1) there was "more than just a 'fair possibility' of harm to the Attorney General," and (2) it was "highly doubtful that the bankruptcy court in Texas will provide a legal resolution to the Attorney General's Clayton Act claim."  *Id.*

Here, however, Lucent's offer to waive past damages and damages accruing during the pendency of any stay relieves SanDisk of any uncertainty, insecurity, or controversy related to infringement of the '080 or '457 patents.  SanDisk is not presently "'helpless and immobile so long as the patent owner refuse[d] to grasp the nettle and sue.'"  *Capo, Inc. v. Dioptics Med. Prods., Inc.*, 387 F.3d 1352, 1358 (Fed. Cir. 2004.) (quoting *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 735 (Fed. Cir. 1988)).  SanDisk's assertion that it currently faces manifest uncertainty in the conduct of its business and the marketing of its products does not withstand scrutiny.

To the extent that SanDisk currently faces any uncertainty, it is uncertainty of its own making, and is not the uncertainty Congress intended to relieve with passage of the Declaratory Judgment Act.  *Electronics for Imaging v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) ("'In promulgating the Declaratory Judgment Act, Congress intended to prevent avoidable damages from being incurred by a person uncertain of his rights and threatened with damage by delayed adjudication'") (quoting *Minn. Mining & Mfg Co. v. Norton Co.,* 929 F.2d 670, 673 (Fed. Cir. 1991).

Reply Brief in Support of Defendants' Motion to Dismiss Without Prejudice or Stay Pending Resolution of Appeal in Related Case    -3-    Case No. C 07-03618 JF

Based on Lucent's covenant to waive past damages and damages accruing during a stay, SanDisk will suffer no avoidable damages.

Moreover, waiting until the Federal Circuit clarifies issues related to ownership of the '080 patent, claim construction, and infringement of the '457 patent will allow this Court to "clarify and settle the [parties'] legal relations" with the Federal Circuit's guidance in mind and will likely prevent this Court from addressing such issues multiple times.  Lucent's offer to waive past and stay-period damages relieves any prejudice SanDisk might suffer regarding its business conduct in the stay period.  This Court should, therefore, stay this action.

### 3.     *Convergence* Provides No Analysis Of Discretion

SanDisk also argues, without merit, that a stay is inappropriate in light of *Convergence Corp. v. Cezar Int'l, Ltd.*, 539 F. Supp. 760 (N.D. Cal. 1981).  According to SanDisk, *Convergence* stands for a rule "denying stays in one case while an appeal is pending in another."  SanDisk Opp. at 8.  But *Convergence* is factually inapposite.  In *Convergence*, the patentee sued for patent infringement while an earlier suit involving the same patent was pending. *Convergence*, 539 F. Supp. at 761.  Following a finding of patent invalidity in the first case, the *Convergence* defendant, invoking defensive collateral estoppel, sought summary judgment. *Id.*  The district court, in refusing to grant a stay pending appeal of the invalidity finding, reasoned that Convergence, by initiating the second lawsuit, "opened itself to this possibility [res judicata effects] in initiating these actions." *Id.* at 762.

This is, however, a declaratory judgment action initiated by SanDisk.  Defendants did not choose to initiate this action.  For this reason alone, the present action is different than *Convergence*.  Moreover, there is no suggestion in *Convergence* that the district court is following, much less establishing, a general rule that stays should always be denied during the pendency of an appeal.  Nor could it, particularly with respect to declaratory judgment actions.  The Declaratory Judgment Act states that courts "may" grant relief.  28 U.S.C. § 2201(a).  "[I]f a district court's decision is consistent with the purposes of the Declaratory Judgment Act and considerations of wise judicial administration, it may exercise its discretion to dismiss (or stay) the case" in light of a co-pending action. *Wilton*, 515 U.S. at 288.  SanDisk's reliance on *Convergence* should be rejected.  As

Reply Brief in Support of Defendants' Motion to                -4-                Case No. C 07-03618 JF
Dismiss Without Prejudice or Stay Pending
Resolution of Appeal in Related Case

discussed, here it would be "wise judicial administration" to stay this action pending a decision in the *Microsoft* appeal.

### B. In The Alternative, This Court Should Dismiss This Action Without Prejudice.

SanDisk's dismissal opposition boils down to two arguments. First, SanDisk alleges that this Court cannot exercise its discretion because dismissal of declaratory judgment actions is limited to cases where the action was brought to secure advantage in licensing negotiations and cases where necessary parties were not joined. Second, SanDisk alleges that this Court cannot exercise its discretion because SanDisk faces manifest uncertainties. The first argument misstates the law and the second misstates the facts. Both should be rejected and Defendants' motion to dismiss without prejudice granted.

The Federal Circuit did not limit the situations where a district court may properly exercise its discretion to those where some advantage in licensing negotiations is sought or proper parties are not joined. *Capo,* 387 F.3d at 1355. Rather, the Federal Circuit pointed to licensing and joinder as examples of "circumstances where dismissal of a declaratory judgment action was sustained" notwithstanding that the objectives of the Declaratory Judgment Act were met. *Id.* There is no need for this Court to engage in such analysis because where, as here, the objectives of the Declaratory Judgment Act are not met, district courts should exercise their discretion to dismiss claims. *Id.*

The objectives of the Declaratory Judgment Act are met only "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, *and* (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* at 1357 (quoting Edwin Borchard, *Declaratory Judgments* 299 (2d. ed. 1941)). Here both parties recognize that the pendency of the *Microsoft* appeal likely means that a judgment here may not clarify and settle the legal relations in issue. *See, e.g.*, SanDisk Corporation's Opposition To Defendant's Motion To Dismiss at 9 ("[Defendants] can seek to have an appeal of this case heard as related to the *Microsoft* appeal, or move this Court to vacate the judgment in favor of SanDisk if the Federal Circuit reverses the *Microsoft* district court judgment.") Because the first

1  Declaratory Judgment objective is not met, this Court should exercise its discretion and dismiss
2  SanDisk's declaratory-judgment claim.
3       Moreover, Lucent's offer to waive past damages and damages during the pendency of the
4  *Microsoft* appeal relieves SanDisk of any uncertainty, insecurity, or controversy related to
5  infringement of the '080 or '457 patents. SanDisk is not presently "'helpless and immobile so long
6  as the patent owner refuse[d] to grasp the nettle and sue.'" *Id.* at 1358 (quoting *Arrowhead Indus.*
7  *Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 735 (Fed. Cir. 1988)). As discussed above, SanDisk's
8  assertion that it currently faces manifest uncertainty in the conduct of its business and the marketing
9  of its products does not withstand scrutiny. Because the second Declaratory Judgment objective is
10 also not met, this Court should exercise its discretion and dismiss SanDisk's claim.

## CONCLUSION

For all of the foregoing reasons, the Defendants respectfully request an Order staying this action pending resolution of the *Microsoft* appeal by the Federal Circuit or, in the alternative, dismissing this action without prejudice.

DATED: December 7, 2007

                                                   By:       /s/

Jenny N. Lee (Bar No. 247684)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104-1501
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Attorney for Defendants*
*Lucent Technologies Inc.*
*and Alcatel-Lucent, S.A.*

Reply Brief in Support of Defendants' Motion to     -6-    Case No. C 07-03618 JF
Dismiss Without Prejudice or Stay Pending
Resolution of Appeal in Related Case