Jenny N. Lee (SBN 247684)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94101-1501
Telephone: (212) 705-7000
Facsimile: (212) 752-5378

Attorneys for Defendant/Counterclaimant
LUCENT TECHNOLOGIES INC. AND ALCATEL-LUCENT, S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDISK CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>LUCENT TECHNOLOGIES INC. and ALCATEL-LUCENT, S.A.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No.: C 07 03618 JF<br><br>**SUPPLEMENTAL CASE MANAGEMENT STATEMENT**<br><br>Date:   January 25, 2008<br>Time:   10:30 a.m.<br>Courtroom: Courtroom 3, 5th Floor<br>Judge:   Hon. Jeremy Fogel |

C 07 03618 JF

**DEFENDANTS' AMENDED CASE MANAGEMENT STATEMENT**

1    Defendant and Counterclaimants Lucent Technologies Inc. ("Lucent") and
2 Alcatel-Lucent, S.A. (collectively, "Alcatel-Lucent" or "Defendants") hereby submit this
3 Supplemental Case Management Statement in preparation for the January 25, 2008 Continued
4 Case Management Conference.
5    On November 30, 2007, this Court heard oral argument on SanDisk's Motion to Dismiss
6 and Motion for Summary Judgment of Noninfringement. During that argument the Court
7 requested whether Lucent might consider forgoing damages for infringement of the patents-in-
8 suit accruing during a stay, if the Court chose to stay the action. The Court also asked the parties
9 to meet and confer regarding the possibility of stipulating to a stay pending resolution of the
10 *Microsoft* appeal. On December 4, 2007, and again on December 5, 2007, counsel for the parties
11 met and conferred as the Court requested. During those conversations, Lucent offered to forgo
12 past damages and any damages accruing during a stay in return for SanDisk's stipulation to a
13 stay pending the *Microsoft* appeal. SanDisk refused that offer, but instead demanded that Lucent
14 accede to the relief that it seeks in this case by requesting that Lucent covenant not to sue
15 SanDisk or its customers for all past and future damages for SanDisk's current digital music
16 player products, or their natural evolutions.
17    Such a covenant is, in effect, a full covenant not to sue, which would deprive this Court
18 of subject-matter jurisdiction and obviate the need for a stay. *Amana Refrigeration, Inc. v.*
19 *Quadlux, Inc.,* 172 F.3d 852, 855 (Fed.Cir.1999) (citing *Super Sack Mfg. Corp. v. Chase*
20 *Packaging Corp.,* 57 F.3d 1054, 1060 (Fed.Cir.1995)). Moreover, such a covenant would not
21 require approval by SanDisk. *Id.* Lucent's offer regarding waiver of damages stands: should the
22 Court stay this action, Lucent agrees to forgo past damages and any damages accruing during the
23 pendency of the stay.
24
25
26
27
28

**DEFENDANTS' AMENDED CASE MANAGEMENT STATEMENT**

1
2
3  DATED: December 7, 2007          KIRKLAND & ELLIS LLP
4
5                                   By: /s/ Jenny N. Lee
6
7                                   Attorneys for Defendant/Counterclaimant
                                    LUCENT TECHNOLOGIES INC. AND ALCATEL-
                                    LUCENT, S.A.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANTS' AMENDED CASE MANAGEMENT STATEMENT**