Jenny N. Lee (SBN 247684)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94101-1501
Telephone: (212) 705-7000
Facsimile: (212) 752-5378

Attorneys for Defendant/Counterclaimant
LUCENT TECHNOLOGIES INC. AND ALCATEL-LUCENT, S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDISK CORPORATION,<br><br>          Plaintiff,<br><br>vs.<br><br>LUCENT TECHNOLOGIES INC. and ALCATEL-LUCENT, S.A.,<br><br>          Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No.: C 07 03618 JF<br><br>**SECOND SUPPLEMENTAL CASE MANAGEMENT STATEMENT**<br><br>Date:       March 7, 2008<br>Time:<br>Courtroom: Courtroom 3, 5th Floor<br>Judge:      Hon. Jeremy Fogel |

C 07 03618 JF

**DEFENDANTS' SECOND SUPPLEMENTAL CASE MANAGEMENT STATEMENT**

1  Defendants and Counterclaimants Lucent Technologies Inc. ("Lucent") and
2  Alcatel-Lucent, S.A. (collectively, "Alcatel-Lucent" or "Defendants") hereby submit this
3  Supplemental Case Management Statement to update the Court on the status of the parties'
4  attempts to reach a stipulated stay in this matter.
5  On February 15, 2008, this Court heard oral argument on Defendant's Motion to Dismiss
6  Without Prejudice or Stay Pending Resolution Of Appeal in Related Case ("Motion to Dismiss").
7  During that argument the Court asked the parties to once again meet and confer regarding the
8  possibility of stipulating to a stay pending resolution of the *Microsoft* appeal.
9  The parties have met and conferred regarding the possibility of staying this litigation
10  pending the Federal Circuit's resolution of the issues on appeal on multiple occasions. Lucent
11  first proposed that this action be voluntarily dismissed without prejudice pending resolution of
12  the appeal, agreed not to sue SanDisk or its customers for infringement in the interim, and agreed
13  to afford SanDisk the opportunity to re-file a declaratory judgment action following the Federal
14  Circuit's decision. (Motion to Dismiss at 3-4.) SanDisk rejected Lucent's offer; demanding
15  instead that Lucent stipulate to entry of judgment based on the District Court's decision in the
16  *Microsoft* matter. (*Id.* at 4.)
17  The parties also met and conferred at the request of the Court following the November
18  30, 2007 hearing on SanDisk's Motion for Summary Judgment and Motion to Dismiss Lucent's
19  Counterclaim. During a series of meet and confers, Lucent offered to forgo past damages and
20  any damages accruing during a stay in return for SanDisk's stipulation to a stay pending the
21  *Microsoft* appeal. SanDisk refused that offer, but instead demanded that Lucent accede to the
22  relief that it seeks in this case by requesting that Lucent covenant not to sue SanDisk or its
23  customers for all past and future damages for SanDisk's current digital music player products, or
24  their natural evolutions. (Defendants' Supplemental Case Management Statement, December 7,
25  2007.)
26  The parties again met and conferred at the request of the Court. Although Lucent has
27  only requested a stay through the pendency of the present appeal in the *Microsoft* matter, on
28  February 22, 2008, counsel for SanDisk provided counsel for Lucent with a draft stipulation in

1  which SanDisk proposed, among other things, staying this case for an indefinite time into the
2  future: 12 months after the "exhaustion of all appeals, re-trials or proceedings of any kind"
3  related to the *Microsoft* matter. Thus, SanDisk proposed:
4      (1) a "Termination Date" defined as the date on which the *Microsoft* appeal is "fully and
5  finally resolved, including exhaustion of all appeals, re-trials, or other proceedings of any kind"
6  (the "Termination Date");
7      (2) that SanDisk Media Players be defined as "all past and current digital media players,
8  and all natural evolutions, derivatives or updates to such players, manufactured, sold or offered
9  for sale by SanDisk capable of storing or playing digital music files recorded in accordance with
10  the MP3 standard";
11      (3) that Lucent release SanDisk and SanDisk's direct and indirect suppliers, distributors,
12  resellers, direct and indirect customers and any other person who sells, offers for sale or uses any
13  SanDisk Media Player (the "SanDisk Parties") "from all claims for damages, including claims
14  for enhanced damages for willful infringement, for direct or indirect infringement of the Lucent
15  Patents by the SanDisk Media Players from the earliest date of issuance" of any of the patents-in-
16  suit until twelve months after the Termination Date;
17      (4) that Lucent covenant not to sue the SanDisk Parties for direct or indirect infringement
18  of the patents-in-suit until twelve months after the Termination Date;
19      (5) that Lucent forever waive "its right to seek injunctive relief against the SanDisk
20  Parties based on direct or indirect infringement" of the patents-in-suit by SanDisk Media Players;
21  and
22      (6) in consideration of which SanDisk would agree to a stay until twelve months after the
23  Termination Date.
24      Lucent sent a revised stipulation to SanDisk on February 29, 2008 in which Lucent
25  agreed to some terms proposed by SanDisk but, consistent with its previous position, proposed
26  that the Termination Date be defined as the date on which the Court of Appeals for the Federal
27  Circuit issued its mandate in the *Microsoft* appeal. Lucent additionally proposed that the stay be
28  limited to six months after the Termination Date.

**DEFENDANTS' SECOND SUPPLEMENTAL CASE MANAGEMENT STATEMENT**

1    Lucent's proposal was not acceptable to SanDisk.  Counsel met and conferred on
2 February 29, 2008 and, while not reaching agreement, agreed to continue the meet and confer
3 process.
4    SanDisk provided a revised stipulation in which it modified (1) the definition of its
5 previously proposed Termination Date to exclude damages issues, (2) modified the waiver of
6 damages language slightly, and (3) proposed that the stay be in place for nine months after the
7 Termination Date.  Lucent responded with a stipulation that accepted the waiver of damages
8 language but reiterated that the Termination Date should be issuance of the Federal Circuit's
9 mandate and that the stay should not last longer than six months after the Termination Date.
10 Counsel met and conferred again on March 7, 2008 but were not able to reach agreement.
11    SanDisk's proposals, whether styled as a stipulated entry of judgment, a full covenant not
12 to sue, or a stay for nine months after the "exhaustion of all appeals, re-trials, or other
13 proceedings of any kind" in the *Microsoft* matter — a stay that could potentially consume much
14 of the remaining life of the patents — amount to the same thing:  Lucent's unilateral surrender of
15 its right to protect its intellectual property.  Lucent does not need SanDisk's approval to do so
16 and a stay should not be so conditioned.
17    Lucent's remains willing to forgo past damages and any damages accruing during the
18 pendency of the stay so long as the stay extends no longer than six months from the time the
19 Court of Appeals for the Federal Circuit issues its mandate in the present *Microsoft* appeal.
20 Lucent respectfully requests that the Court enter such a stay.

**DEFENDANTS' SECOND SUPPLEMENTAL CASE MANAGEMENT STATEMENT**

DATED: March 7, 2008

KIRKLAND & ELLIS LLP

By: /s/ Jenny N. Lee

Attorneys for Defendant/Counterclaimant
LUCENT TECHNOLOGIES INC. AND ALCATEL-LUCENT, S.A.

**DEFENDANTS' SECOND SUPPLEMENTAL CASE MANAGEMENT STATEMENT**